| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP | FROST BROWN TODD LLC |
| Alexander J. Holtzman (SBN 311813) | Aaron M. Bernay, *pro hac vice forthcoming* |
| 44 Montgomery Street, 41st Floor | 3300 Great American Tower |
| San Francisco, CA 94104 | 301 East Fourth Street |
| Tel: (415) 293-6800 | Cincinnati, OH 45202 |
| Fax: (415) 293-6899 | Tel: (513) 651-6800 |
| AHoltzman@bsfllp.com | Fax: (513) 651-6981 |
| | ABernay@fbtlaw.com |

*Attorneys for Defendant*
*Eisenmann Corporation*

TESLA, INC.
Aaron D. Langberg (SBN 284975)
901 Page Avenue
Fremont, CA 94538
Tel: (510) 828-8959
alangberg@tesla.com

*Attorneys for Defendant*
*Tesla, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASA MASLIC, individually and on behalf of putative class, IVAN DRZAIC, ROBERT HERNAUS, LEOPOLD HUBEK, LEON HUDOLDETNJAK, ELVIS KOSCAK, TOMICA PANIC, STJEPAN PAPES, ZELJKO PULJKO, DARKO SINCEK, DAVID STANTE, NEDELJKO ZIVANI, GOGO REBIC, and MITJA POGOREVC,<br><br>Plaintiffs,<br><br>v.<br><br>ISM VUZEM D.O.O., ISM VUZEM USA, INC., VUZEM USA, INC., HRID-MONT D.O.O., IVAN VUZEM, ROBERT VUZEM, EISENMANN CORPORATION, TESLA, INC., and DOES 1 THROUGH 50,<br><br>Defendants. | Case No. 3:21-cv-2556<br><br>**DEFENDANTS EISENMANN CORPORATION AND TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, 1446 and 1453 [FEDERAL QUESTION AND CLASS ACTION FAIRNESS ACT]** |

1

DEFENDANTS EISENMANN CORPORATION AND TESLA INC,'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, 1446 & 1453

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and 1453, Defendants Eisenmann Corporation and Tesla, Inc. ("Defendants") hereby remove this action captioned *Maslic, et al. v. ISM Vuzem, d.o.o., et al.*, Case No. HG20072866 (the "Underlying Action") from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California on the following grounds.[1]

## STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331 as Plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. § 206, and Plaintiff Sasa Maslic brings claims under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595. Removal is therefore proper under 28 U.S.C. § 1441(a).

This Court also has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs). 28 U.S.C. § 1332(d)(2). These jurisdictional requirements are satisfied in this action.[2]

## BACKGROUND INFORMATION

1. On or about August 27, 2020, Plaintiffs Sasa Maslic**,** Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Zeljko Puljko,

---

[1] Defendants reserve the right to amend this Notice of Removal. In addition, if Plaintiffs contest or the Court questions whether the allegations in this Notice of Removal suffice to invoke federal jurisdiction, Defendants reserve the right to submit evidence and argument to the Court establishing that the jurisdictional requirements are met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).

[2] By filing this notice of removal, Defendants do not intend to waive, and hereby reserve, any objection as to the legal sufficiency of the claims alleged in this action and all other defenses. Defendants do not agree that Plaintiffs' purported class can or should be certified or that Plaintiffs' claims are subject to class treatment in any form, and Defendants reserve all objections to and arguments against such certification and/or treatment and will present such objections and arguments at the appropriate juncture in this matter.

Darko Sincek, David Stante, Nedeljko Zivani, Gogo Rebic, and Mitja Pogorevc ("Plaintiffs") filed a complaint entitled *Sasa Maslic, et al. v. ISM Vuzem, d.o.o., et al.* in the Superior Court of California, County of Alameda.

2.  On or about October 29, 2020, Plaintiffs filed a First Amended Complaint ("FAC") in the same forum. A copy of the FAC served upon Eisenmann Corporation is attached hereto as part of Exhibit A.

3.  Plaintiffs allege causes of action for minimum wages and overtime pay under the Fair Labor Standards Act, various California state labor law claims, and Plaintiff Sasa Maslic alleges human trafficking claims under the Trafficking Victims Protection Reauthorization Act and the California Trafficking Victims Protection Act. *Id.* Plaintiffs also state a wage and hour class action under California law as against Defendants and the Vuzem defendants. (*See* FAC at Eighth Cause of Action, ¶¶ 85–106.)

**THIS COURT HAS FEDERAL QUESTION AND CAFA JURISDICTION OVER THIS PROCEEDING**

4.  The FAC sets forth claims under the Fair Labor Standards Act, 29 U.S.C. § 206 (FAC ¶¶ 24–44) and, as to Plaintiff Sasa Maslic, claims under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 (FAC ¶¶ 107–139). This Court has original jurisdiction over both claims.

5.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims asserted in Counts 3 through 10 of the FAC because those claims are so related to the federal claims in Counts 1, 2, and 9 of the FAC that they form part of the same case or controversy. Plaintiffs' state wage and hour and human trafficking claims are rooted in the same nucleus of facts and, in some cases, are identical to Plaintiffs' federal claims.

6.  This Court also has original jurisdiction under CAFA. To be sure, Defendants deny that Plaintiffs have any viable claims, have properly asserted any causes of action, or that Plaintiffs can maintain any claim on behalf of the referenced class. Nevertheless, Plaintiffs allege that the proposed class consists of 177 members. (FAC ¶ 88.) Defendants are entitled to rely on this estimate. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *Cain v.*

*Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint")). Accordingly, CAFA's requirement of at least 100 putative class members is satisfied.

7. Minimal diversity exists as between Plaintiffs and Defendants. For purposes of removal, citizenship of a corporation is based on the state under whose laws the entity was organized or where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Plaintiffs are citizens of one of three foreign states – Bosnia and Herzogovenia, Slovenia, or Croatia. (FAC ¶ 1.) Defendant Tesla, Inc. is a citizen of California (FAC ¶ 17); Defendant Eisenmann Corporation is a citizen of Delaware and Illinois (FAC ¶ 18). The requirement of minimal diversity under CAFA is therefore satisfied. 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant.").

8. In order to establish subject matter jurisdiction under CAFA, "the matter in controversy" needs to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). And, pursuant to 28 U.S.C. § 1332(d)(6), "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

9. Here, the FAC does not state a specific demand for class damages. However, this is not the first time that certain Plaintiffs have brought a class action under the FLSA and California wage and hour law. In *U.S. ex rel. Lesnik, et al. v. Eisenmann SE, et al.*, N.D. Cal. Case No. 5:16-cv-01120-LHK, plaintiff Stjepan Papes (who is also a named plaintiff in this proceeding) served as the sole class representative on class wage and hour claims that are identical to those brought in this proceeding. Papes moved for an entry of default judgment on those claims as against ISM Vuzem, d.o.o., Robert Vuzem, and Ivan Vuzem, all defendants in this action. (*See* Memorandum of Points and Authorities in Support of Plaintiff Stjepan Papes's Motion for Entry of Default Judgment on Class Wage and Hour Claims ("Papes Memo"), *Lesnik* Dkt. No. 488,

attached hereto as <u>Exhibit B</u>.) On behalf of himself and a putative class, Papes calculated damages related to overtime and double time wages ($2,318,659.70), related liquidated damages ($1,508,063.85), meal and rest period premiums ($266,151), itemized wage paystub penalties ($25,850), and waiting time penalties ($754,020) for a total of $4,872,744.55. Papes also sought attorney's fees in the amount of $385,000. (Papes Memo at 16–22.) Exclusive of interest and costs, Papes sought damages of $5,257,744.55 on behalf of himself and the same putative 177-member class. Papes's calculation methodology is detailed in the declaration of Katherine Fiester in support of the Papes Memo (*Lesnik* Dkt. No. 488-1, attached hereto as <u>Exhibit C</u>).

10. The Court denied Papes's motion for entry of default without prejudice on June 26, 2020, citing concerns over subject matter and personal jurisdiction related to the non-appearing defendants. (*Lesnik* Dkt. No. 498.) The Court permitted Papes to file a renewed motion within 60 days. (*Lesnik* Dkt. 498 at 3.) In response, Papes dismissed without prejudice his class wage and hours claims on August 25, 2020. (*Lesnik* Dkt. No. 512.) Papes's counsel then refiled the same claims two days later as part of this action.

11. Accordingly, given that Plaintiffs' class wage and hour claims are identical (or nearly identical) to those briefed on default judgment in *Lesnik*, and the calculated damages amounted to $5,257,744.55 in *Lesnik*, CAFA's amount in controversy requirement has been met even without consideration of the amount in controversy on the other claims pled in this action. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (future attorney's fees recoverable by statute must be included in the amount in controversy calculation under CAFA.)

## TIMELINESS OF REMOVAL

12. Plaintiffs filed their Complaint on August 27, 2020 in the Superior Court of the State of California, County of Alameda but did not effectuate service of the Complaint on Defendants. Nor did Plaintiffs file returns of service for any other defendant.

13. Plaintiffs filed their First Amended Complaint on October 29, 2020. Eisenmann Corporation received service of the FAC on March 9, 2021. Tesla received service of the FAC on March 9, 2021.

14. Per the Alameda County docket, Plaintiffs have not filed returns of service related to the FAC as to any defendant, including Eisenmann Corporation and Tesla, Inc. Plaintiffs' Case Management Statement, filed March 30, 2021 and attached hereto as <u>Exhibit D</u>, notes that only Eisenmann Corporation and Tesla, Inc. have been served to date with the FAC.

15. Defendants have not answered or otherwise pled in response to the FAC.

16. Under 28 U.S.C. § 1446(b), this Removal is timely because it was filed within thirty days of service of service of the FAC on Defendants.

## DEFENDANTS' CONSENT TO REMOVAL

17. Eisenmann Corporation and Tesla, Inc. are the only defendants served to date in this matter and both consent to removal. (*See supra* ¶ 14.) Consent of unserved defendants is not required to satisfy the unanimity of consent to removal requirement for removal under 28 U.S.C. § 1446(a). *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). And unanimity of consent to removal is not required, in any event, for removal under CAFA. *See Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir. 2011).

## PROPRIETY OF REMOVING TO THE NORTHERN DISTRICT

18. Plaintiffs filed the Underlying Action in the Superior Court of California, County of Alameda, and it is thus properly removed to the jurisdiction of the United States District Court for the Northern District of California, which "embrace[s] Alameda County, the "place where [this] action is pending." 22 U.S.C. § 1441(a).

## STATE COURT DOCUMENTS

19. The exhibit attached to this Notice as <u>Exhibit A</u> is a true and complete copy of all process, pleadings, and orders served upon Eisenmann and Tesla.

20. Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof, and a copy of this Notice of Removal is being promptly filed with the Superior Court of California, County of Alameda as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Eisenmann Corporation and Tesla, Inc. hereby remove the Underlying Action to this honorable Court.

Dated: April 8, 2021                    Respectfully Submitted,

                                        By:   */s/ Alexander J. Holtzman*
                                        Aaron M. Bernay, *pro hac vice forthcoming*
                                        FROST BROWN TODD LLC
                                        3300 Great American Tower
                                        301 East Fourth Street
                                        Cincinnati, OH 45202
                                        Telephone: (513) 651-6800
                                        Facsimile:  (513) 651-6981
                                        ABernay@fbtlaw.com

                                        Alexander J. Holtzman (SBN 311813)
                                        BOIES SCHILLER FLEXNER LLP
                                        44 Montgomery Street, 41st Floor
                                        San Francisco, CA 94104
                                        Telephone: (415) 293-6800
                                        Facsimile:  (415) 293-6899
                                        AHoltzman@bsfllp.com

                                        *Attorneys for Defendant*
                                        *Eisenmann Corporation*


                                        By:   */s/ Aaron D. Langberg*
                                        Aaron D. Langberg (SBN 284975)
                                        TESLA, INC.
                                        901 Page Avenue
                                        Fremont, CA 94538
                                        Telephone: (510) 828-8959
                                        alangberg@tesla.com

                                        *Attorneys for Defendant Tesla, Inc.*


**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Alexander J. Holtzman, hereby attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: April 8, 2021            */s/ Alexander J. Holtzman*
                                Alexander J. Holtzman
                                Counsel for Defendant Eisenmann Corporation