1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SASA MASLIC, et al.,

          Plaintiffs,

     v.

ISM VUZEM D.O.O., et al.,

          Defendants.

Case No. 21-CV-02556-LHK

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Re: Dkt. No. 21

On April 8, 2021, Defendants Eisenmann Corporation and Tesla, Inc. removed this putative class action from the Superior Court for the County of Alameda asserting federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1453. *See* ECF No. 1 ("Notice of Removal"). ECF No. 8. The plaintiffs in this matter—Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Štante, Nedeljko Živani, Gogo Rebic, and Mitja Pogorevc (collectively, "Plaintiffs")—are fourteen employees of ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-MONT d.o.o., Ivan Vuzem, and Robert Vuzem (collectively, the "Vuzem Defendants").

1

1          Before the Court is Plaintiffs' Motion to Remand and Motion for Extension of Time to File

2     a Supplemental Motion to Remand.  ECF Nos. 17, 20.  Having reviewed the parties' submissions,

3     the record, and the relevant law, the Court finds that Plaintiffs' Supplemental Motion to Remand

4     was untimely and DENIES Plaintiffs' Motion for Extension of Time to File a Supplemental

5     Motion to Remand.  The Court also concludes that it has subject matter jurisdiction to review nine

6     of Plaintiffs' ten claims, and therefore DENIES Plaintiffs' Motion to Remand IN PART.  The

7     Court GRANTS Plaintiffs' Motion to Remand with respect to Plaintiffs' tenth claim.  The tenth

8     claim is therefore REMANDED to the California Superior Court for the County of Alameda.

9     **I.      BACKGROUND**

10         **A.  Instant Litigation**

11         This dispute arises out of employees' dissatisfaction with how they were paid and treated

12    by their employers.  On August 27, 2020, Plaintiffs, who are all residents of Bosnia and

13    Herzegovinia, Slovenia, or Croatia, filed a complaint in the Superior Court for the County of

14    Alameda.  On October 29, 2020, Plaintiffs filed an Amended Complaint against Eisenmann, Tesla,

15    and the following defendants to whom the Court collectively refers as the "Vuzem Defendants":

16    ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-MONT d.o.o., Ivan Vuzem,

17    and Robert Vuzem.

18         Plaintiffs asserted ten claims in their Amended Complaint:

19    1.  failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 *et*

20         *seq*., against the Vuzem Defendants, ECF No. 1-1 at ¶¶ 24–35 ("Amended Complaint");

21    2.  failure to pay overtime in violation of the Fair Labor Standards Act against the Vuzem

22         Defendants, *id.* ¶¶ 36–44;

23    3.  failure to pay minimum wage under California law against all defendants, *id.* ¶¶ 45–59;

24    4.  failure to pay overtime wages under California law against all defendants, *id.* ¶¶ 60–63;

25    5.  failure to provide adequate rest periods under California law against all defendants, *id.* ¶¶ 64–

26         67;

27

28    Case No. 21-CV-02556-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

2

6. failure to provide Plaintiffs with accurate wage statements under California law against the Vuzem Defendants, *id.* ¶¶ 68–76;

7. failure to pay "waiting time penalties" under California law against all defendants, *id.* ¶¶ 77–84;

8. failure to adhere to California labor laws for a class of 177 employees against only the Vuzem Defendants, *id.* ¶¶85–106;

9. violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 *et seq.*, and the California Trafficking Victims Protection Act against ISM Vuzem d.o.o., *id.* ¶¶ 107–39; and

10. violation of California's workers' compensation laws under California Labor Code § 3706 against ISM Vuzem d.o.o., *id.* ¶¶140–46.

Though Plaintiffs filed their Amended Complaint in October 2020, Eisenmann and Tesla were not served with the Amended Complaint until March 9, 2021.  Notice of Removal at 5.

Eisenmann and Tesla, who allegedly contracted with the Vuzem Defendants to engage Plaintiffs to do work at Tesla's Fremont, California plant, removed this action to this Court on April 8, 2021.  *See* Notice of Removal.  Plaintiffs filed their Motion to Remand on May 5, 2021. ECF No. 17.  Additionally, Plaintiffs filed a Motion for Extension of Time to File a Supplemental Motion to Remand on May 17, 2021.  ECF No. 20.  On May 19, 2021, Eisenmann and Tesla filed an Opposition to Plaintiffs' Motion to Remand, and on May 21, 2021, Eisenmann and Tesla filed an Opposition to Plaintiff's Motion for Extension of Time.  ECF Nos. 24, 25.  Plaintiffs filed a reply brief in support of its Motion to Remand on May 26, 2021, and a reply brief in support of its Motion for Extension of Time on June 2, 2021.  ECF No. 26, 29.

**B. Prior Litigation**

Before bringing the instant case, the same plaintiffs' counsel, on behalf of some of the same plaintiffs in the instant case, sued the same defendants in the instant case in federal court in March 2016.  *See* Complaint, *Lesnik v. Eisenmann SE*, No. 16-cv-01120 (March 7, 2016), ECF

3

1    No. 1.  Like the instant case, all the plaintiffs in the 2016 case were foreign citizens.  *See* Third

2    Amended Complaint ¶¶ 1–2, *Lesnik v. Eisenmann SE*, No. 16-cv-01120 (October 31, 2018), ECF

3    No. 269.  The plaintiffs in the 2016 case also alleged nearly identical claims under the Fair Labor

4    Standards Act, the Trafficking Victims Protection Reauthorization Act, and California wage laws

5    in October 2018.  *See id.*  Only after receiving adverse rulings in federal court did plaintiffs in the

6    2016 case dismiss the class claims and file the instant case in state court.  *See* Notices of

7    Voluntary Dismissal Without Prejudice, *Lesnik v. Eisenmann SE*, No. 16-cv-01120 (December 17,

8    2018), ECF Nos. 304–13.

9    **II.    LEGAL STANDARD**

10        A suit may be removed from state court to federal court only if the federal court would

11   have had subject matter jurisdiction over the case had the case bene filed in federal court in the

12   first instance.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)

13   ("Only state-court actions that originally could have been filed in federal court may be removed to

14   federal court by the defendant.").  "In civil cases, subject matter jurisdiction is generally conferred

15   upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal

16   question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th

17   Cir. 2005).  Here, Eisenmann and Tesla assert that the court has both federal question jurisdiction

18   and a modified "diversity jurisdiction" under CAFA.

19        Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the

20   'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

21   question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482

22   U.S. at 392.  Even when only some of a plaintiff's claims present a federal question, federal courts

23   may exercise "supplemental jurisdiction" over state law claims when those claims are "so related

24   to claims in the action within such original jurisdiction that they form part of the same case or

25   controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.  "A state law

26   claim is part of the same case or controversy when it shares a 'common nucleus of operative fact'

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

4

1    with the federal claims" such that "the state and federal claims would normally be tried together."

2    *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. &*

3    *Laborers Health & Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th

4    Cir. 2003)).

5         CAFA expands the federal courts' typical diversity jurisdiction in putative class actions.

6    In putative class actions, the federal courts have jurisdiction if at least one defendant is diverse

7    from at least one plaintiff, the putative class has more than 100 members, and the amount in

8    controversy exceeds $5 million.  28 U.S.C. § 1332(d).  Therefore, "under CAFA, complete

9    diversity is not required; 'minimal diversity' suffices."  *Serrano v. 180 Connect, Inc.*, 478 F.3d

10   1018, 1021 (9th Cir. 2007).

11   **III.    DISCUSSION**

12        Plaintiffs are fourteen employees of defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc.,

13   Vuzem USA, Inc., HRID-MONT d.o.o., Ivan Vuzem, and Robert Vuzem (collectively, the

14   "Vuzem Defendants").  In their Amended Complaint, Plaintiffs assert the following ten claims

15   against defendants Eisenmann, Tesla, and the Vuzem Defendants: (1) failure to pay minimum

16   wage in violation of the Fair Labor Standards Act against the Vuzem Defendants, Amended

17   Complaint at ¶¶ 24–35; (2) failure to pay overtime in violation of the Fair Labor Standards Act

18   against the Vuzem Defendants, *id.* ¶¶ 36–44; (3) failure to pay minimum wage under California

19   law against all defendants, *id.* ¶¶ 45–59; (4) failure to pay overtime wages under California law

20   against all defendants, *id.* ¶¶ 60–63; (5) failure to provide adequate rest periods under California

21   law against all defendants; *id.* ¶¶ 64–67; (6) failure to provide Plaintiffs with accurate wage

22   statements under California law against the Vuzem Defendants, *id.* ¶¶ 68–76; (7) failure to pay

23   "waiting time penalties" under California law against all defendants, *id. ¶¶* 77–84; (8) failure to

24   adhere to California labor laws for a class of 177 employees against only the Vuzem Defendants,

25   *id.* ¶¶85–106; (9) violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C.

26   § 1595 *et seq.*, and the California Trafficking Victims Protection Act against ISM Vuzem d.o.o.,

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    *id.* ¶¶ 107–39; and (10) violation of California's Labor Law § 3706 against ISM Vuzem d.o.o., *id.*

2    ¶¶140–46.

3              Eisenmann and Tesla assert that this Court has jurisdiction over all ten claims.  First,

4    Eisenmann and Tesla argue that removal was proper because this Court has original federal

5    question jurisdiction over three of the Plaintiffs' claims, and that the Court should exercise

6    supplemental jurisdiction over the Plaintiffs' remaining claims.  Opp. at 4–10.  Second,

7    Eisenmann and Tesla argue that the Court also has jurisdiction over the case under CAFA.  Opp.

8    at 10–13.

9              Plaintiffs contest this Court's jurisdiction on numerous grounds.  First, Plaintiffs argue that

10   all state court claims should be remanded because the federal courts do not have original federal

11   jurisdiction over these claims.  Mot. at 9–10.  Second, Plaintiffs argue that their tenth claim cannot

12   be removed to federal court because it arises under California's workers' compensation laws.

13   Mot. at 10–11; *see also* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the

14   workmen's compensation laws of such state may not be removed to any district court of the

15   United States.").  Third, Plaintiffs argue that this Court cannot have supplemental jurisdiction over

16   this action.  Mot. 9–17.

17             For the reasons below, the Court concludes that it has subject matter jurisdiction over

18   Plaintiffs' first nine claims based on federal question and supplemental jurisdiction, and thus need

19   not reach the parties' arguments regarding jurisdiction under CAFA.  However, the Court also

20   concludes that Plaintiffs' tenth claim regarding workers' compensation is nonremovable and

21   therefore must be severed from the case and remanded to state court.

22   **A. The Court Has Federal Question and Supplemental Jurisdiction over Plaintiffs First**
        **Nine Claims**
23
         The Court decides that it has jurisdiction over the first nine of Plaintiffs' ten claims for
24
     three reasons.  First, the Court has federal question jurisdiction over Plaintiffs' first, second, and
25
     ninth claims because these claims "arise under" federal law.  Second, the Court has supplemental
26
     jurisdiction over Plaintiffs' third, fourth, fifth, sixth, seventh, and eighth claims because these
27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1   claims are part of the same "case or controversy" as the three federal law claims.  Finally, section

2   1367(c)'s exceptions to supplemental jurisdiction do not apply.  The Court addresses each in turn.

3       **1.  This Court Has Federal Question Jurisdiction Over Plaintiffs' Three Federal Law
            Claims**

4

5       Because three of Plaintiffs' claims clearly arise out of federal law, the Court has

6   jurisdiction over these three claims.  Specifically, Plaintiffs' first and second claims are asserted

7   against the Vuzem Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et

    seq*. ("FLSA").  *See* Amended Complaint ¶¶ 24–44.  Additionally, Plaintiffs' ninth claim is

8   asserted against all defendants under the Trafficking Victims Protection Reauthorization Act, 18

9   U.S.C. § 1595 *et seq.* ("TVPRA").  *See* Amended Complaint ¶¶ 107–39.

10      The Court clearly has federal question jurisdiction over Plaintiffs' first, second, and ninth

11  claims because federal law is the basis for each.  It is well settled under both United States

12  Supreme Court and Ninth Circuit case law that cases "'arise under' federal law  . . . where federal

13  law creates the cause of action."  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089–90

14  (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 8–

15  9 (1983)); *accord Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569

16  (2016) ("Most directly, and most often, federal jurisdiction attaches when federal law creates the

17  cause of action asserted."); *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (similar).  When claims are

18  squarely based on federal law, federal question jurisdiction for the purposes of removal is created

19  under 28 U.S.C. § 1441.

20      **2.  Six State Law Claims Arise Out of the Same Case or Controversy as the Three
            Federal Law Claims**

21

22      Section 1367 provides that "in any civil action of which the district courts have original

23  jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so

24  related to claims in the action within such original jurisdiction that they form part of the same case

25  or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The

26  United States Supreme Court has held that Section 1367 "applies with equal force to cases

27

7

28  Case No. 21-CV-02556-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
    DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1   removed to federal court as to cases initially filed there." *City of Chicago v. Int'l College of*

2   *Surgeons*, 522 U.S. 156, 165 (1997).  Therefore, the Court may exercise supplemental jurisdiction

3   over Plaintiffs' accompanying state law claims so long as they are a part of the "same case or

4   controversy" as Plaintiffs' federal law claims.  Claims are part of the "same case or controversy" if

5   they "derive from a common nucleus of operative fact." *Id.*; *accord Mine Workers v. Gibbs*, 383

6   U.S. 715, 725 (1966) (holding supplemental jurisdiction may be exercised when federal and state

7   claims have a "common nucleus of operative fact" and would "ordinarily be expected to [be tried]

8   all in one judicial proceeding").

9   Here, the claims clearly have a common nucleus of operative facts: namely, Eisenmann,

10  Tesla, and the Vuzem Defendants' alleged failure to provide fair wages and accurate wage

11  statements for Plaintiffs.  Plaintiffs are employees of the Vuzem Defendants, who contracted with

12  Tesla and Eisenmann to provide labor at Tesla's Fremont, California site.  Plaintiffs' three federal

13  claims allege that the Vuzem Defendants failed to pay Plaintiffs adequate wages and overtime,

14  Amended Complaint ¶¶ 24–44, and that all of the defendants coerced Maslic to perform labor and

15  services for all defendants, *id. ¶¶* 107–39.

16  Two of Plaintiffs' federal law claims under the Fair Labor Standards Act charge the

17  Vuzem Defendants with failure to pay the Plaintiffs minimum wage and overtime wages.

18  Amended Complaint ¶¶ 24–44.  Six of Plaintiffs' state law claims arise out of a common nucleus

19  of operative facts as these federal claims, namely, all defendants' alleged failure to pay Plaintiffs

20  the wages Plaintiffs are owed.  Indeed, Plaintiffs' third and fourth claims allege failure to pay the

21  Plaintiffs minimum wage and overtime wages.  *See id.* ¶¶ 45–63.  The operative facts of these two

22  sets of claims could not be more similar.  The Court will need to resolve whether the defendants

23  actually failed to pay Plaintiffs minimum wage and overtime wages.

24  Plaintiffs' fifth claim alleges that all of the defendants failed to compensate Plaintiffs for

25  workdays on which the Plaintiffs were not provided with adequate rest, *id.* ¶¶ 64–67.  Plaintiffs'

26  sixth claim alleges that the Vuzem Defendants failed to provide Plaintiffs with accurate wage

27

28  Case No. 21-CV-02556-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
    DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    statements, *id.* ¶¶ 68–76.  Plaintiffs' seventh claim alleges that all of the defendants failed to pay

2    Plaintiffs waiting time penalties under California Labor Code § 201, *id.* ¶¶ 77–84.  These claims

3    also share a "common nucleus of operative fact" with the Fair Labor Standards Act claims.

4            Finally, Plaintiffs' eighth claim alleges "class action wage claims" against Vuzem

5    Defendants on behalf of a putative class of 177 Vuzem employees.  *Id.* ¶¶ 86, 88.  Plaintiffs'

6    "class action wage claims" are the exact same claims they raised as individual claims on behalf of

7    the fourteen individual Plaintiffs, simply reformulated as claims on behalf of a putative class of

8    177 employees.  Specifically, the Plaintiffs allege (1) failure to pay minimum wage to the putative

9    class, (2) failure to pay overtime wages to the putative class, (3) failure to provide adequate rest

10   periods to the putative class, (4) failure to provide accurate wage statements to the putative class,

11   and (5) failure to pay waiting time penalties to the putative class.  *Id.* ¶¶ 100–05.  The Plaintiffs'

12   class claims also share a common nucleus of operative facts with the Fair Labor Standards Act

13   claims that Plaintiffs brought as individual claims on behalf of the fourteen individual Plaintiffs.

14           Because six of Plaintiffs' state law claims share a common nucleus of operative fact with

15   Plaintiffs' federal law claims, the state claims and the federal claims are part of the same case or

16   controversy.  *See Int'l College of Surgeons*, 522 U.S. at 165.  The Court therefore has

17   supplemental jurisdiction over Plaintiffs' third, fourth, fifth, sixth, seventh, and eighth claims.

18           **3.  Section 1367(c) Exceptions to Supplemental Jurisdiction Do Not Apply**

19           Plaintiffs argue that the Court should exercise its discretion to remand all the claims in this

20   case under 28 U.S.C. § 1367(c).  Although Plaintiffs are correct that district courts may decline to

21   exercise supplemental jurisdiction, in the Ninth Circuit, a court's discretion to remand may only

22   be exercised if that court invokes a section 1367(c) statutory category.  *Exec. Software N. Am., Inc.*

23   *v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545, 1556 (9th Cir. 1994) ("[U]nless a court

24   properly invokes a section 1367(c) category in exercising its discretion to decline to entertain

25   pendent claims, supplemental jurisdiction must be asserted.").  Therefore, section 1367(c) gives

26   courts discretion to remand only when "(1) the claim raises a novel or complex issue of State law,

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    (2) the claim substantially predominates over the claim or claims over which the district court has

2    original jurisdiction, (3) the district court has dismissed all claims over which it has original

3    jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining

4    jurisdiction." 28 U.S.C. § 1367(c)(1)–(4).

5         Here, the Court must exercise supplemental jurisdiction because none of the statutory

6    subcategories are satisfied.  Plaintiffs do not argue that their wage claims are novel or complex

7    issues of state law, the Court has not dismissed all claims over which it has original jurisdiction,

8    and no party has argued that exceptional circumstances are at issue here.  Instead, Plaintiffs argue

9    that the state court issues in this case predominate.  Specifically, Plaintiffs state that "causes of

10   action Three through Eight and Ten are brought only under state law" and that, therefore, "[t]hese

11   are indisputably claims for which state law predominates."  Mot. at 11; *see also* Reply at 12 ("For

12   [these] claims which are based solely on state law, state law claims predominate.").  Essentially,

13   Plaintiffs argue that because causes of action three through ten are state law causes of action, a

14   federal court may not exercise supplemental jurisdiction over these claims.

15        Plaintiffs' argument rests on a misunderstanding of supplemental jurisdiction.  If a claim

16   presents a federal question or is a dispute between diverse plaintiffs, parties do not need to rely on

17   supplemental jurisdiction because the claim can be brought in federal court pursuant to federal

18   question or diversity jurisdiction.  The relevant question is not whether a cause of action is brought

19   under state law, but whether the state court issues predominate the case as a whole.  Pursuant to 28

20   U.S.C. § 1367(c)(2), "[t]he district courts may decline to exercise supplemental jurisdiction over a

21   claim . . . if . . . the claim substantially predominates over the claim or claims over which the

22   district court has original jurisdiction."

23        Here, state issues do not predominate.  The underlying conduct in the federal claims has a

24   common nucleus of operative fact with the state claims, such that the state claims and the federal

25   claims form one case or controversy.  Both the federal claims and the state claims will likely

26   involve similar sources of proof.  *See United Mine Workers*, 383 U.S. at 626–727 ("[I]f it appears

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    that the state issues substantially predominate, whether in terms of proof, of the scope of the issues

2    raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed

3    without prejudice and left for resolution to state tribunals."). Therefore, because the state law

4    claims do not predominate the federal law claims, the Court cannot decline to exercise

5    supplemental jurisdiction over the Plaintiffs' state law claims.

6         Plaintiffs contend that this Court cannot have jurisdiction over the case because "[t]here is

7    no standing to bring suit in federal court for a claim between foreign Citizens or Subjects and

8    other foreign Citizens or Subjects which do not arise under the laws of the United States." Mot. at

9    10. Plaintiffs' argument is derived from the United States Constitution, which Plaintiffs rightly

10   point out does not explicitly state that citizens of foreign states may bring actions against each

11   other. *See* Mot. at 9–10 (quoting U.S. Const. art. III, § 2, cl. 1). But this is a misunderstanding of

12   supplemental jurisdiction. The Constitution explicitly states that the judicial power extends to "all

13   Cases, in Law and Equity, arising under . . . the Laws of the United States. U.S. Const. art. III,

14   § 2, cl. 1. Plaintiffs brought three causes of action in their Amended Complaint that do arise under

15   the "Laws of the United States"—two under the Fair Labor Standards Act and one under the

16   Trafficking Victims Protection Reauthorization Act. Amended Complaint ¶¶ 24–44, 107–39.

17        Moreover, the United States Supreme Court has consistently upheld the propriety of

18   supplemental jurisdiction, which grants the federal courts jurisdiction over state court claims that

19   "form part of the same case or controversy under Article III of the United States Constitution." 28

20   U.S.C. § 1367(a). Therefore, Plaintiffs' position, that federal courts may not exercise

21   supplemental jurisdiction because the Constitution does not explicitly state that claims may be

22   brought between foreign citizens or subjects, would undermine longstanding precedent. For

23   example, under Plaintiffs' reading, federal courts could not exercise supplemental jurisdiction over

24   state claims between two parties of the same state because the Constitution does not explicitly

25   state that the federal judicial power extends to state court claims of citizens of the same state:

26        The judicial Power shall extend to . . . Controversies to which the
          United States shall be a party;– Controversies between two or more

27                                                        11

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1
2

> States;– between a State and Citizens of another State;– between Citizens of different States;– between citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

3    *See* U.S. Const. Art. III, § 2, cl. 1.  However, the Ninth Circuit has exercised supplemental

4    jurisdiction over state court claims in cases where the parties come from the same state.  *See*

5    *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1172 (9th Cir. 2002) (holding, in a federal question

6    jurisdiction case, that exercise of supplemental jurisdiction over state law claims was proper

7    against nondiverse parties added as defendants only to the state law claims).  As long as the state

8    law claims arise out of the same common nucleus of operative facts as the federal question claims,

9    this Court may exercise supplemental jurisdiction, even when the relevant parties are all foreign.

10          Furthermore, Plaintiffs' argument that a federal court cannot hear state law claims brought

11   between two foreign parties is undermined by the fact that Plaintiffs' counsel brought these very

12   same claims against the very same defendants in federal court.  *See* Third Amended Complaint

13   ¶¶ 230–358, 370–80, *Lesnik v. Eisenmann SE*, No. 16-cv-01120 (October 31, 2018), ECF No. 269.

14   In *Lesnik,* the plaintiffs alleged that "[t]he Court has subject matter jurisdiction to entertain this

15   action under . . . 28 U.S.C. §§ 1331 (original jurisdiction over federal question), [and] 1367 (over

16   'all other claims that are so related . . . that they form part of the same case or controversy.)" *Id.*

17   ¶ 50.  The *Lesnik* plaintiffs only dismissed the class claims after they received adverse rulings.

18   Thereafter, Plaintiffs' counsel filed the instant case in state court.

19          Because claims one through nine are all a part of the same case and controversy, and

20   because the Court is not empowered under section 1367(c) to remand the case through its

21   discretion, Plaintiffs' Motion to Remand regarding those claims is DENIED.

22       **B.  Plaintiffs' Tenth Claim**

23          In their Amended Complaint, Plaintiffs' tenth claim alleges that defendant ISM Vuzem

24   d.o.o. "had not complied with the requirements of California's Workmen's Compensation Act of

25   securing compensation insurance."  Amended Complaint ¶ 143.  Plaintiffs therefore sued ISM

26   Vuzem d.o.o. under California Labor Code section 3706.  Section 3706 is a section within

27

28
Case No. 21-CV-02556-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    California's workers' compensation statute.  The Court must decide whether this claim can be

2    removed to federal court, and, if the claim cannot be removed, what should be done with the rest

3    of the case.  The Court addresses each issue in turn.

4              **1.  Plaintiffs' Tenth Claim Is Nonremovable**

5              Generally, "a civil action in any State court arising under the workmen's compensation

6    laws of such State may not be removed to any district of the United States."  28 U.S.C. § 1445(c).

7    Plaintiffs argue, therefore, that their tenth claim, which was brought under section 3706 of the

8    California workers' compensation statute, is nonremovable and should be remanded to state court.

9    Defendants disagree.  However, Defendants argue that Plaintiffs' tenth claim "is more akin to a

10   personal injury claim than it is to a claim for workers' compensation" and is therefore

11   nonremovable.  Opp. at 15–16.

12             California Labor Code section 3706 indisputably is situated within California's worker's

13   compensation laws, but it performs a unique function.  Section 3706 states that "[i]f any employer

14   fails to secure the payment of compensation, any injured employee or his dependents may bring an

15   action at law against such employer for damages, *as if this division did not apply*."  Cal. Lab. Code

16   § 3706 (emphasis added).  The word "division" here refers to the division of the California Labor

17   Code in which section 3706 is situated: specifically, Division 4, regarding Workers'

18   Compensation and Insurance.  Defendants contend that because section 3706 enables Plaintiffs to

19   receive damages from civil suits as if California's workers' compensation laws do not apply,

20   Plaintiffs' tenth claim does not actually "arise under" California's workers' compensation laws for

21   the purposes of removal jurisdiction.  Opp. at 15.

22             To determine whether an action under section 3706 "arises under" the workers'

23   compensation laws of California, we first must determine what "arising under" means in 28

24   U.S.C. § 1445(c) ("A civil action in any State court *arising under* the workmen's compensation

25   laws of such State may not be removed to any district court of the United States." (emphasis

26   added)).  Though the Ninth Circuit has not expressly addressed the question of how to construe the

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    phrase "arising under" in section 1445(c), at least five other circuit courts have given the phrase

2    "arising under" in section 1445(c) the same meaning "arising under" is given in 28 U.S.C. § 1331,

3    given the close statutory relationship between the two jurisdictional sections. *See Harper v.*

4    *AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004) (equating "arising under" in 28 U.S.C.

5    § 1331 to "arising under" in 28 U.S.C. § 1445(c)); *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th

6    Cir. 2000) (same); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) (same);

7    *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994) (same); *Jones v. Roadway*

8    *Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (same).  This Court agrees with the analysis of

9    these circuit courts.

10          In the Ninth Circuit, a claim "arises under" federal law if it involves a determination

11   "respecting the validity, construction, or effect of such a law" and if the outcome depends on the

12   result of that determination. *See Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir.

13   2000) (holding that case does not arise under federal law unless it involves a controversy

14   "respecting the validity, construction or effect" of a federal law).  Therefore, we conclude that a

15   plaintiff's claim only arises out of California's workers' compensation statute if the claim involves

16   a determination respecting the validity, construction, or effect" of California's workers'

17   compensation laws.

18          The Court finds that Plaintiffs' tenth claim does arise under California's workers'

19   compensation laws because adjudicating Plaintiffs' tenth claim will "involve a determination . . .

20   of the effect" of California's workers' compensation laws. *See Virgin*, 201 F.3d at 1143.  Section

21   3706 has multiple "effects" on a lawsuit, and a determination of those effects may be outcome

22   determinative.  First and foremost, section 3706 gives a plaintiff a presumption of employer

23   negligence that must be rebutted by the employer.  Cal. Lab. Code § 3708; *see also Le Parc*

24   *Cmnty. Ass'n v. Workers' Comp. Appeals Bd.*, 2 Cal. Rptr. 3d 408, 417 n.9 (Cal. Ct. App. 2003);

25   *Valdez v. Himmelfarb*, 51 Cal. Rptr. 3d 195, 200 (Cal. Ct. App. 2006).  Second, the kinds of

26   defenses that are available to defendants in suits brought under section 3706 are more limited than

27
                                                    14
28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

1    those in an everyday personal injury suit.  *Valdez*, 51 Cal. Rptr. 3d at 200 ("The employer may not

2    defend upon the ground that the employee was contributorily negligent or assumed the risk of the

3    hazards attending his employment, or that he was injured through the negligence of a fellow

4    servant.").  Third, section 3706 provides an additional requirement to bring an action against an

5    employer: employees must show that the employer failed to secure unemployment insurance.  Cal.

6    Lab. Code § 3706.

7           These substantive differences led the California Supreme Court and the Ninth Circuit to

8    distinguish between suits brought under section 3706 and common law tort suits.  The California

9    Supreme Court concluded that the predecessor law of section 3706 "provided a statutory claim for

10   personal injuries *quite different* from that of the common law."  *Rideaux v. Togrimson*, 86 P.2d

11   826, 827 (Cal. 1939) (interpreting section 29b of the Workmen's Compensation Insurance and

12   Safety Act of 1917) (emphasis added).  Additionally, the Ninth Circuit agreed that a very similar

13   Oregon workers' compensation law was a law where liability was "created by statute," rather than

14   an "ordinary negligence action."  *Hall v. Copco Pac., Ltd.*, 224 F.2d 884, 885–86 (citing *Rideaux*,

15   86 P.2d at 827).  Both courts, therefore, drew a dividing line between normal tort lawsuits and

16   lawsuits brought under laws like section 3706.

17          We therefore disagree with Eisenmann and Tesla's argument that Plaintiffs' tenth claim "is

18   more akin to a personal injury claim than it is to a claim for workers' compensation."  Opp. at 14–

19   15.  Although section 3706 allows a plaintiff to "bring an action at law against [his] employer for

20   damages" as if the exclusive damages provision of the workers' compensation statute does not

21   apply, the workers' compensation statute itself will still affect the outcome of Plaintiff's lawsuit.

22   A lawsuit brought under section 3706 is instead quite different than a simple personal injury

23   claim, as Eisenmann and Tesla contend.  A lawsuit brought under section 3706 affords a plaintiff

24   advantages that he would not otherwise have, including a presumption of the defendants'

25   negligence.  Given that the outcome of a lawsuit under section 3706 involves a determination of

26   the effect of California's workers' compensation laws, the Court holds that an action brought

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

15

1    under California Labor Code section 3706 does "arise under" California's workers' compensation

2    laws. *See Humphrey*, 58 F.3d at 1246 (holding statute "arose under" workers' compensation laws

3    because the law established "an essential element of Plaintiff's claim" and plaintiff's success

4    depended on how the law was construed).  Therefore, the claim cannot be removed to a federal

5    district court.

6         Eisenmann and Tesla vigorously contest this conclusion.  They cite primarily to a case

7    from the Southern District of California that reached the opposite conclusion than the Court

8    reaches today. *See Cassell*, 2008 WL 11336732 at *3 (holding that a claim brought under section

9    3706 could be removed to federal court).  The Court respectfully disagrees with the Southern

10   District of California's ultimate conclusion in *Cassell*.  The *Cassell* court relied heavily on the fact

11   that section 3706 explicitly says that an employee may "bring an action at law against such

12   employer for damages, as if this division did not apply."  Cal. Lab. Code. § 3706.  But the key

13   distinction is that section 3706 is not an exception from the California workers' compensation

14   statute writ large, but rather from the statute's exclusive damages provision. *See Le Parc Cmty.*

15   *Ass'n*, 2 Cal. Rptr. at 415 ("[S]ection 3706 . . . 'is one of the principal exceptions to the Act's

16   *exclusive remedy rule* . . . . (internal quotation marks omitted) (emphasis added)).  Despite the fact

17   that section 3706 excepts a plaintiff from the exclusive remedy rule, section 3706 still provides a

18   plaintiff with a presumption of the defendant's negligence and prevents defendants from defending

19   themselves by alleging that plaintiffs were contributorily negligent.  Therefore, a section 3706

20   lawsuit is not a normal tort suit, as Eisenmann and Tesla assert.  A section 3706 lawsuit is simply

21   a workers' compensation action where tort remedies may be recovered.  Here, just because normal

22   damages are allowed does not mean that Plaintiffs' claim does not "arise under" California's

23   workers' compensation laws. *See Valdez*, 51 Cal. Rptr. 3d at 200 ("[A]n action brought under

24   Labor Code section 3706 differs markedly from a common law negligence action.").

25        Given the differences between a claim brought under California Labor Code section 3706

26   and a normal personal injury action, the Court finds that section 3706 creates a separate statutory

27

28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

16

1    claim.  We therefore find that Plaintiffs' claim "arises under" California's workers' compensation

2    laws.  Therefore, Plaintiffs' tenth claim is nonremovable.  Plaintiffs' Motion to Remand is

3    therefore GRANTED as to Plaintiffs' tenth claim.

### 2.  Only Plaintiffs' Tenth Claim Should Be Remanded

5    Because Plaintiffs' tenth claim must be remanded to the state court, the Court now address

6    severance.  When a civil action includes claims "arising under the Constitution, laws, or treaties of

7    the United States," the United States Code directs courts to sever any claim over which the court

8    has no original or supplemental jurisdiction and "remand the severed claims to the State court

9    from which the action was removed."  28 U.S.C. § 1441(c)(1)–(2); *Indep. Living Ctr. of S. Cal. v.*

10   *Kent.*, 909 F.3d 272, 287 ("[A]ny claims for which the district court lacks jurisdiction must

11   subsequently be remanded.") (Christen, J., concurring).

12   Here, the Court must sever and remand Plaintiffs' tenth claim, but the Court declines to

13   remand the six state law claims over which the Court has supplemental jurisdiction.  As discussed

14   above, the six state law claims over which the Court has supplemental jurisdiction have the same

15   set of operative facts as the three federal claims brought by Plaintiffs.  To force Plaintiffs in this

16   case to litigate two sets of wage claims—one in federal court and one in state court—would not

17   "promote judicial economy, convenience, fairness or comity."  *See Int'l Coll. of Surgeons*, 522

18   U.S. at 173 (outlining these considerations as important when deciding whether to exercise

19   supplemental jurisdiction).  Therefore, the Court declines to remand Plaintiffs' third, fourth, fifth,

20   sixth, seventh, and eighth claims.

### C.  Plaintiffs' Supplemental Motion to Remand

22   Plaintiffs also filed a Motion for Extension of Time to File a Supplemental Motion to

23   Remand, along with a Supplemental Motion to Remand.  ECF Nos. 20, 21.  In Plaintiffs' motion,

24   Plaintiffs argue that they had "good cause" to extend the time to move to remand because there

25   was "excusable neglect."  *Id.* at 2.  Plaintiffs filed their Supplemental Motion to Remand on May

26   17, 2021, 39 days after Eisenmann and Tesla removed the case to federal court.

27

28   Case No. 21-CV-02556-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1      This Court is barred from reviewing Plaintiffs' Supplemental Motion to Remand. 28

2   U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than

3   subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."

4   The Ninth Circuit has held that this bar on late supplemental motions to remand applies even when

5   a prior timely motion to remand was made.  Specifically, in *Northern Cal. Dist. Council of*

6   *Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995), the Ninth Circuit

7   held that section 1447(c) "prohibits a defect in removal procedure from being raised later than 30

8   days after the filing of the notice of removal, regardless of whether a [previous] timely remand

9   motion has been filed."  Also, the Ninth Circuit illustrated that a district court properly denied a

10  motion to remand to state court despite a possible jurisdictional objection when the motion was

11  made more than 30 days after the filing of a notice of removal.  *Beck v. Nationstar Mortg., LLC*,

12  700 Fed. App'x 691, 692 (9th Cir. 2017) (mem.).  Though *Beck* is unpublished, and therefore not

13  binding precedent, its example is still informative.  *See* Fed. R. App. P. 32.1(a) (stating that courts

14  "may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other

15  written dispositions" that are unpublished and published after January 1, 2007).

16      Plaintiffs contest that we have discretion to extend the time to supplement a motion to

17  remand because the filing deadline is not jurisdictional.  For this proposition, Plaintiffs cite *Curtis*

18  *v. Shriners Hosps. for Children*, No. 18-cv-10572-ODW, 2019 WL 2522675 (C.D. Cal. June 19,

19  2019).  *Curtis* does not support Plaintiffs' position.  To the contrary, the *Curtis* court paid close

20  attention to the 30-day deadline to make remand arguments.  Indeed, the *Curtis* court denied the

21  defendant's motion to remand because it was "based on purely procedural defects and filed more

22  than thirty days after . . . removal."  *Curtis*, 2019 WL 2522675 at *2.  Similarly, in the instant

23  case, the Plaintiffs attempted to raise procedural defects in their supplemental motion to remand

24  nine days after the deadline had passed.  Rather than supporting Plaintiffs' argument that they are

25  entitled to flexibility, *Curtis* stands for the opposite conclusion:  the 30-day motion to remand

26  deadline is "mandatory" and should be "strictly construed."  *Id.*

27
                                                    18

28  Case No. 21-CV-02556-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
    DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California

1    Because the statute and the relevant case law require that any procedural argument on

2    motion to remand be made within thirty days of the notice of removal, Plaintiffs' Motion for

3    Extension of Time to File a Supplemental Motion to Remand is DENIED.

4    **IV.   CONCLUSION**

5    For the foregoing reasons, Plaintiffs' Motion for Extension of Time to File a Supplemental

6    Motion to Remand is DENIED.  Plaintiffs' Motion to Remand is DENIED with respect to the

7    following claims:

8    1.   failure to pay minimum wage in violation of the Fair Labor Standards Act against the Vuzem

9         Defendants;

10   2.   failure to pay overtime in violation of the Fair Labor Standards Act by against the Vuzem

11        Defendants;

12   3.   failure to pay minimum wage under California law against all defendants;

13   4.   failure to pay overtime wages under California law against all defendants;

14   5.   failure to provide adequate rest periods under California law against all defendants;

15   6.   failure to provide Plaintiffs with accurate wage statements under California law against the

16        Vuzem Defendants;

17   7.   failure to pay "waiting time penalties" under California law against all defendants;

18   8.   failure to adhere to California labor laws for a class of 177 employees against only the Vuzem

19        Defendants; and

20   9.   violation of the Trafficking Victims Protection Reauthorization Act and the California

21        Trafficking Victims Protection Act against ISM Vuzem d.o.o.

22   The Plaintiffs' Motion to Remand is GRANTED with respect to their tenth claim, that ISM

23   Vuzem d.o.o. violated California Labor Code § 3706.  Plaintiffs' tenth claim is severed and

24   REMANDED to the California Superior Court for the County of Alameda.

25   **IT IS SO ORDERED.**

26

27

28

United States District Court
Northern District of California

19

Case No. 21-CV-02556-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

1   Dated: October 26, 2021

2                                           _Lucy H. Koh_____
                                            LUCY H. KOH
3                                           United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                            20
28   Case No. 21-CV-02556-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND
     DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

United States District Court
Northern District of California