William C. Dresser, 104375
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, California 95113
Tel:  408/279-7529
Fax:  408/298-3306

Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitja Pogorevc, | Action No. HG20072866<br><br>CLASS ACTION. |
| Plaintiffs, | |
| vs. | First Amended Complaint for damages and declaratory and injunctive relief |
| ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive, | |
| Defendants. | |

Comes now Plaintiffs Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitja Pogorevc, and allege:

1.      Plaintiffs and each of them are, and at all times mentioned herein have been, residents of Bosnia and Herzogovenia, aka Bosna i Herzogovena, the Republic of Slovenia, aka Slovenije, or Croatia, aka Hrvataska.

2.    Plaintiffs are informed and believe and thereon allege that defendant ISM Vuzem d.o.o., aka ISM VUZEM inženiring, storitve, montaža d.o.o., is a Slovenian business entity with its principal place of business at Goricak 4, 2283 Zavrc, Slovenija.

3.    Plaintiffs are informed and believe and thereon allege that Robert Vuzem is a resident of Slovenia.  Plaintiffs are informed and believe and thereon allege that all actions taken by ISM Vuzem, d.o.o. were made under the direction of or consent of Robert Vuzem as a former Direktor, and currently Head of Installation, of ISM Vuzem, d.o.o. Robert Vuzem also acted in an individual capacity with respect to his direct actions, and in his directions to others to act, as alleged in this Complaint.

4.    Plaintiffs are informed and believe and thereon allege that Ivan Vuzem is a resident of Slovenia.  Plaintiffs are informed and believe and thereon allege that all actions taken by ISM Vuzem, d.o.o. were made under the direction of or consent of Ivan Vuzem as a Direktor of ISM Vuzem, d.o.o.  Ivan Vuzem also acted in an individual capacity with respect to his direct actions, and in his directions to others to act, as alleged in this Complaint.

5.    Plaintiffs are informed and believe and thereon allege that defendant ISM Vuzem USA, Inc. is a business entity holding itself out to be a South Carolina corporation with its last principal place of business at 1600 Azalea Hill Drive, Unit 304 Greenville, SC 29607.  Plaintiffs are informed and believe and thereon allege that defendant ISM Vuzem USA, Inc. was at all relevant times on or before June of 2015 a wholly owned domestic subsidiary of ISM Vuzem, d.o.o.  Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA Inc. was at various times during the

actions alleged herein dissolved involuntarily for failure to comply with requirements for corporations under South Carolina law.

6.      Plaintiffs are informed and believe and thereon allege that defendant Vuzem USA, Inc. is a business entity of unknown type holding itself out to be a California corporation with its last principal place of business at 965 West 11th St. #2, San Pedro, CA 90731.  Plaintiffs are informed and believe and thereon allege that defendant Vuzem USA Inc. is and at all relevant times mentioned herein has held itself out to be a wholly owned domestic subsidiary of ISM Vuzem, d.o.o. Plaintiffs are informed and believe and thereon allege that Defendant Vuzem USA, Inc. was set up to be fictitiously represented to be an exclusive service and materials supplier in South Carolina and other states for ISM Vuzem, d.o.o.  Plaintiffs are informed and believe and thereon allege that Defendant Vuzem USA, Inc. was also set up to be fictitiously represented to be the exclusive service and materials supplier in California for ISM Vuzem, d.o.o.

7.      Plaintiffs are informed and believe and thereon allege that Defendant HRID-MONT d.o.o. is a Slovenian corporation, formed in September of 2016 to be owned in the name of Helena Ogrizek, the wife of Robert Vuzem, with the same principal place of business as ISM Vuzem, d.o.o., to wit, Goricak 4, 2283 Zavrc, Slovenija, performing business activities including employment activities in connection with construction projects which ISM Vuzem, d.o.o. contracted to provide services for, either in its name, or under the names of ISM Vuzem USA, Inc. or Vuzem USA, Inc.

8.      Plaintiffs are informed and believe and thereon allege that Ivan Vuzem and Robert Vuzem were and are the owners of Defendant ISM Vuzem d.o.o. and in turn

---

of each of ISM Vuzem USA, Inc. and of Vuzem USA, Inc. and were and are indirectly owners of HRID-Mont, d.o.o. with ownership purportedly in the name of Helena Ogrizek, who is the wife of Robert Vuzem.

9.    Plaintiffs are informed and believe and thereon allege that between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o. there is such a unity of interest and ownership between the entities and their equitable owners that the separate personalities of the entities and the owners do not in reality exist.  Further, an inequitable result will be reached for the wrongful acts alleged herein if they are treated as those of the entities alone.  Plaintiffs are informed and believe and thereon allege that each of Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID- Mont, d.o.o. have commingled funds and other assets, each of the entities has held itself out to be liable for the debts of the others, there is identical equitable ownership in all of the entities, the entities use the same offices and employees, and the individuals and entities each use each other as mere shells or conduits for the affairs of each other.  Further, ISM Vuzem USA, Inc. has been inadequately capitalized, each entity has been without necessary insurance to cover liabilities of each, there has been a disregard of corporate formalities, there has been a lack of segregation of corporate records, there has been a lack of segregation of corporate contracts and agreements, and they have identical directors and officers. Adherence to the fiction of the separate existence of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-Mont, d.o.o. (hereinafter collectively "Vuzem entities") as entities distinct from Defendants Robert Vuzem and Ivan Vuzem

(hereinafter "Vuzems", and with Vuzem entities collectively "Vuzem persons") and other entities they control would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

10.     Defendant Tesla, Inc. is and at all times mentioned herein was a Delaware corporation with its principal place of business at 3500 Deer Creek Road, Palo, Alto, California.

11.     Defendant Eisenmann Corporation, also known as Eisenmann Corporation USA, holds itself out to be a Delaware corporation with its principal place of business at 150 E Dartmoor Drive, Crystal Lake, IL 60014.

12.     The true names and capacities of Does 5 through 50 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff prays leave to amend this Complaint to show the true names and capacities of said Does when the same have been ascertained.

13.     Plaintiff is informed and believes, and so allege, that each of said Does are responsible for Plaintiff's damages as hereinafter alleged and described.

14.     Plaintiffs are informed and believe, and so alleges, that Defendants, and each of them, were at all times herein mentioned, and now are, the agents, servants, employees, and representatives of their co-defendants, were acting within the scope, purpose, and authority of such agency, service, employment, and representation, made such actions - and withheld from taking actions - with the permission, knowledge, and consent of their co-defendants.

15.     Defendants and each of them are individuals and entities who physically appeared at the Tesla site in Fremont, California.  This includes Robert Vuzem and Ivan

Vuzem who are owners and officers including Direktor of ISM Vuzem, d.o.o., Branko Tomas who is an officer and registered against of ISM Vuzem USA, Inc. and of Vuzem USA, Inc., supervisors of ISM Vuzem, d.o.o. including Davorin Hull, Primoz Planovsek, and Krunoslav Premusic, supervisors and management of Eisenmann Corporation, and supervisors and management of Tesla, Inc.

16.     Defendants ISM Vuzem, d.o.o., Vuzem USA, Inc., and Eisenmann Corporation signed and entered into contracts in California, with Tesla, Inc. which is a Palo Alto, California based company, for performance in Fremont, California.  For example, one purchase order is with South Carolina corporation ISM Vuzem USA, Inc. Signatories on the Minutes of Meeting included ISM Vuzem USA, Inc., Tesla, Inc., and Eisenmann Corporation.  The contact person is Branko Tomas, officer and former agent for service of California corporation Vuzem USA, Inc.  The work itself was performed by individuals who were employees of ISM Vuzem, d.o.o., and later of HRID-Mont, d.o.o. Plaintiffs are informed and believe that the Vuzem entity which was paid was ISM Vuzem, d.o.o.  The Vuzem Defendants and Eisenmann Corporation earned millions of dollars from the contracts.

17.     Plaintiffs and each of them provided labor services both within the United States and in Alameda County in the State of California.  These occurred for months in a row, over several years.  The labor services at Tesla's Fremont, California site were provided between November of 2014 and June of 2016.

18.     Defendants including Citizens of the States of South Carolina, Delaware, and Illinois conducted business in Alameda County in the State of California in this judicial district.

19.     The business contacts of defendants and each of them were continuous and systematic.

20.     Their business activity and contacts of defendants and each of them were significant and related to the claims stated in this complaint for this court to also exercise specific jurisdiction over defendants and each of them.

21.     At all times relevant to this Complaint, Defendants regularly conducted substantial business, maintained employees, and/or made significant sales in this District.  In addition, statutory violations and wrongful actions as alleged in this Complaint, occurred in Alameda County in the State of California.

22.     All wages claims by all Plaintiffs, and by all employees of ISM Vuzem, d.o.o., ISM Vuzem USA, Inc., and Vuzem USA, Inc., were tolled as against Defendants, and each of them, during the pendency of Superior Court actionHG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al" from not less than September 25, 2015 through July 18, 2016.

23.     Defendants Robert Vuzem and Ivan Vuzem, individually and on behalf of ISM Vuzem, d.o.o., acknowledged repeatedly in writing, by letters, e-mails and proposed releases, their debts to Plaintiffs, and each of them, for unpaid wages obligations.  All wages claims by Plaintiffs, and by all employees of ISM Vuzem, d.o.o., ISM Vuzem USA, Inc., and Vuzem USA, Inc., were tolled as against the Vuzem persons, and each of them, through at least September of 2016.

### FIRST CAUSE OF ACTION

### FLSA minimum wages claims against Vuzem persons

---

24.     Plaintiffs incorporate the allegations of paragraphs 1 through 23 of this Complaint.

25.     All wages claims by all Plaintiffs, and by all employees of ISM Vuzem, d.o.o., ISM Vuzem USA, Inc., and Vuzem USA, Inc., were tolled as against Defendants, and each of them, during the pendency of Superior Court action HG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al" from not less than September 25, 2015 through July 18, 2016.  In this action Plaintiffs and each of them were direct employees of ISM Vuzem, d.o.o.

26.     Plaintiffs and each of them routinely worked in excess of forty (40) hours in a workweek without receiving either minimum wages or overtime compensation for services and labor provided in the United States, including in Alameda County in the State of California, and in South Carolina, Alabama, Tennessee, Michigan and other States.  This occurred between 2013 and 2016.

27.     The FLSA, 29 U.S.C. § 206, requires each employer to pay minimum wages of $7.25 per hour.

28.     At all relevant times, the gross annual sales made or business done by defendants Vuzem entities, Eisenmann, and Tesla and each of them has been in excess of $500,000.

29.     At all relevant times, Defendants ISM Vuzem, d.o.o. has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

30.     Plaintiffs and each of them are not exempt from the minimum wage requirements of the FLSA. See 29 U.S.C. § 213.

31.     The actions, policies, and practices of Defendant ISM Vuzem, d.o.o. as described throughout this Complaint violate the FLSA's minimum wages requirements by regularly and repeatedly failing to compensate Plaintiffs and each of them the required minimum wage rate.  Defendant ISM Vuzem, d.o.o. willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its Full Time Employees, including Plaintiffs, minimum wages.  Defendant ISM Vuzem, d.o.o. had actual or constructive knowledge of that work and of these practices.  Defendant ISM Vuzem, d.o.o. knew or showed reckless disregard for the fact that its compensation practices were in violation of the FLSA.  Defendant ISM Vuzem, d.o.o.'s conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

32.     Defendant ISM Vuzem, d.o.o. is liable under the FLSA for failing to properly compensate Plaintiffs for FLSA minimum wages

33.     Defendants Robert Vuzem and Ivan Vuzem, and each of them exercised "control over the nature and structure of the employment relationship" or "economic control" over the relationship, such that they should be held to be an "employer" within the meaning of the FLSA and subject to individual liability.  Among other things, Robert and Ivan Vuzem signed checks, signed Certificates of Employment, controlled time records, changed the direct employers, changed special assignment employers, decided who to pay – and not pay, and controlled every aspect of the employment relationship.

34.     Failure to disregard the corporate identity of ISM Vuzem, d.o.o. would result in an inequitable result, and its shareholders should be treated as partners and held jointly and severally liable for its debts.

35.     Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. should be held jointly and severally liable for the violations of FLSA wages and the FLSA minimum wage payment obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### FLSA OVERTIME wages claims against Vuzem persons

36.     Plaintiffs incorporate the allegations of paragraphs 1 through 35 of this Complaint.

37.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

38.     Defendant ISM Vuzem, d.o.o. suffered and permitted Plaintiffs to routinely work more than forty (40) hours a workweek while paying them less than minimum wages and without overtime compensation.

39.     Plaintiffs are not exempt from the overtime requirements of the FLSA. See 29 U.S.C. § 213.

40.     Defendant ISM Vuzem, d.o.o. is liable under the FLSA for failing to properly compensate Plaintiffs for overtime compensation.

41.     Defendant ISM Vuzem, d.o.o. is also liable for liquidated damages.

42.     Plaintiffs further request an award of reasonable attorney's fees.

43.     Defendants Robert Vuzem and Ivan Vuzem, and each of them exercised "control over the nature and structure of the employment relationship" or "economic

control" over the relationship, such that they should be held to be an "employer" within the meaning of the FLSA and subject to individual liability.

44.     Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. on an alter ego basis should be held jointly and severally liable for the violations of FLSA overtime wage payment obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### California Wages - Failure to Pay Minimum Wages Against all defendants

45.     Plaintiffs incorporate the allegations of paragraphs 1 through 44 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc. - other than Stjepan Papes who separately settled claims against Eisenmann Corporation and Tesla, Inc.  All plaintiffs including Mr. Papes bring this cause of action against the Vuzem persons.

46.     Plaintiffs and each of them between November of 2014 and June of 2016 provided in Alameda County in the State of California services which required a license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code.

47.     Defendant ISM Vuzem, d.o.o. did not during any part of November of 2014 through June of 2016 hold a license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code

48.     Defendant ISM Vuzem, d.o.o. was a subcontractor to general contractor Eisenmann Corporation for all construction services provided by Plaintiffs, and each of them, in California.

49.     Defendant Eisenmann Corporation d.o.o. did not during any part of November of 2014 through June of 2016 hold a license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code

50.     Defendant Eisenmann Corporation was the general contractor to property owner Tesla, Inc. for the projects for the site(s) at which Plaintiffs provided services in the State of California.

51.     Eisenmann Corporation and Tesla, Inc. are deemed to be "employer(s)" under California Labor Code section 2750.5, and as interpreted by the courts in Sanders Construction Co. Inc. v. Cerda (2009) 175 Cal.App.4th 430 and State Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (1985) 40 Cal.3d 5, in that neither the workers, nor ISM Vuzem, d.o.o., nor Eisenmann Corporation, held any contractor's license and the work performed required a contractor's license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code   Recovery of wages is thus sought against Eisenmann Corporation and against Tesla, Inc. as employers.

52.     ISM Vuzem, d.o.o. supervisors instructed Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, that they had to take Vuzem vans to and from their company-provided apartments and the Tesla plant located in Fremont, California.  Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, did not take any other transportation to or from the Tesla plant and did not drive alone.  This commute process took Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, at least thirty minutes to and from the Tesla plant.  Vuzem did not compensate Plaintiffs, nor other ISM Vuzem, d.o.o.

employees similarly situated to Plaintiffs who worked at Tesla's Fremont site, for the time it required them to commute to and from the Tesla plant in a Vuzem van.

53.    The Plaintiffs and all ISM Vuzem, d.o.o. workers were picked up prior to 6:30 a.m. every day Monday through Saturday, left by van for return to their assigned housing units at 6:15 or 7:15 pm Monday through Friday - and sometimes later - and at 4:15 or 5:15 on Saturdays. The workers were picked up on Sundays or at least every other Sunday at 6:30 a.m. and returned by van to their assigned housing units at 4:15 pm.

54.    Vuzem paid Plaintiffs, and all non-exempt ISM Vuzem, d.o.o. employees, a flat rate per month.

55.    Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, performed construction work and were not exempt from California's minimum wage, overtime, and meal and break laws.  Plaintiffs,  and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, are non-exempt employees entitled to the protections of California Labor Code sections 1182.12, 1194, and 1194.2. 271.

56.    Starting on July 1, 2014, the minimum wage in California was $9.00 per hour.  Starting January 1, 2016, the minimum wage in California was $10.00 per hour. Starting January 1, 2017, the minimum wage in California was $11.00 per hour.

57.    Neither ISM Vuzem, d.o.o., nor defendants Eisenmann Corporation or Tesla, Inc., paid or caused to be paid Plaintiffs minimum wages for the labor services provided by Plaintiffs for work at the Tesla site in Fremont, California.

58.     Plaintiffs therefore are entitled to recover their underpaid wages at minimum wage, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

59.     Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code minimum wage obligations to Plaintiffs. WHEREFORE Plaintiffs request relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### California Wages - Failure to Pay Overtime Wages

### Against all defendants

60.     Plaintiffs reallege the allegations contained in paragraphs 1 through 59 of this Complaint.  This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc. - other than Stjepan Papes who separately settled claims against Eisenmann Corporation and Tesla, Inc.  All plaintiffs including Mr. Papes bring this cause of action against the Vuzem persons.

61.     For labor services provided at the Tesla site in Fremont, California, ISM Vuzem, d.o.o. did not pay Plaintiffs time and a half for hours worked over eight hours in a day, over 40 hours in a week, or for the first eight hours on the seventh consecutive day worked and did not pay Plaintiffs double time for hours worked over twelve in day or after eight hours on the seventh consecutive day worked.

62.     Plaintiffs are entitled to recover their overtime wages, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

63.     Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code overtime wage obligations to Plaintiffs. WHEREFORE Plaintiffs request relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**California Wages - Failure to Provide Required Rest Periods**

**Against all defendants**

64.     Plaintiffs reallege the allegations contained in paragraphs 1 through 63 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc. - other than Stjepan Papes who separately settled claims against Eisenmann Corporation and Tesla, Inc.  All plaintiffs including Mr. Papes bring this cause of action against the Vuzem persons.

65.     As part of defendant ISM Vuzem, d.o.o.'s illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, neither Defendants ISM Vuzem, d.o.o., nor Eisenmann Corporation or Tesla, Inc. provided or caused to be provided rest periods to Plaintiffs as required under California Labor Code sections 226.7 and 512, and applicable wage orders.

66.     Plaintiffs therefore are entitled to recover one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided, plus interest, penalties, attorneys' fees, expenses, and costs of

suit.  Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

67.     Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code rest period obligations to Plaintiffs. WHERFORE Plaintiffs request relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### California Wages - Failure to Provide Accurate Wage Statements

### Against Vuzem persons

68.     Plaintiffs reallege the allegations contained in paragraphs 1 through 67 of this Complaint.  This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc. - other than Stjepan Papes who separately settled claims against Eisenmann Corporation and Tesla, Inc.  All plaintiffs including Mr. Papes bring this cause of action against the Vuzem persons.

69.     Pursuant to California Labor Code sections 226 and 1174, all employers are required to maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide to each employee accurate, periodic wage payments in writing setting forth, among other things: (a) the dates of labor for which payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from those wages; and (e) the name and address of the employer.

70.     Defendant ISM Vuzem, d.o.o. knowingly failed to comply with these provisions by, among other things, failing to provide any wage statements. Further, neither Eisenmann Corporation nor Tesla, Inc. provided or caused to be provided any wage statements.

71.     California Labor Code section 226(e) provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter up to $4,000 per employee.  During the course of Plaintiffs' employment, Defendant consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code section 226.

72.     Defendants failed to provide such adequate statements willingly and with full knowledge of its obligations under California Labor Code section 226.

73.     Defendant's failure to provide such adequate statements has caused injury to the Plaintiffs.

74.     Plaintiffs may therefore recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper records, in an amount to be determined at trial.

75.     Plaintiffs also seeks costs and attorneys' fees under Labor Code section 226 for pursuit of this recovery.

76.     Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code wage statement obligations to Plaintiffs.

WHEREFORE Plaintiff seek relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**California Wages - Failure to Pay Waiting Time Penalties**

**Against all defendants**

77.     Plaintiffs reallege the allegations contained in paragraphs 1 through 75 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc. - other than Stjepan Papes who separately settled claims against Eisenmann Corporation and Tesla, Inc.  All plaintiffs including Mr. Papes bring this cause of action against the Vuzem persons.

78.     California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

79.     California Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

80.     California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

81.     Defendant ISM Vuzem, d.o.o. has willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay and unpaid regular wage pay, to Plaintiffs whose employment terminated.

82.     same as part of 308

---

83.     Each and every of the non-management / non-exempt employee Plaintiffs was not paid waiting time penalties.

84.     Plaintiffs are entitled to recover their waiting time penalties, together with interest thereon under Labor Code section 203.

85.     Plaintiffs further request an award of reasonable attorney's fees for pursuit of this recovery on behalf of the Class members.

WHEREFORE Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

## Class action wages claims

## Against Vuzem persons

86.     Plaintiff Sasa Maslic realleges the allegations contained in paragraphs 1 through 84 of this Complaint.

87.     Plaintiff Maslic brings this cause of action as Class representatives on behalf of similarly situated individuals subject to the unlawful, unfair, and fraudulent business practice acts and practice of the Defendant ISM Vuzem, d.o.o. and affiliated entities.

## CLASS ACTION ALLEGATIONS

88.     The proposed class is defined as:

All non-management individuals employed by ISM Vuzem, d.o.o., or for ISM

Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o.,

who worked at the Tesla site in Fremont, California between November 2014 and

June of 2016.

This cause of action is on behalf of all plaintiffs against Eisenmann Corporation and Tesla, Inc. - other than Stjepan Papes who separately settled claims against Eisenmann Corporation and Tesla, Inc.  This cause of action is on behalf of all plaintiffs including Mr. Papes against the Vuzem persons.

89.     The Class in this case consists of 177 non-exempt workers employed by ISM Vuzem, d.o.o. in California from July 2014 through June of 2016.  The Class Members all worked at a single location, the Tesla plant located in Fremont, California. They all performed similar construction-related work, including installing steel structures, installing air conditioning and ventilation systems, welding, and replacing pipes.

90.     This case is appropriate for class certification because common evidence demonstrates that during the Class Period ISM Vuzem regularly violated California wage and hour law.  ISM Vuzem, d.o.o. had classwide practices which were common to all Class Members. Because these practices were uniformly applied, the Court may consider them to be unofficial policies. Plaintiff can prove each of the elements of the California wage and hour claims at issue using ISM Vuzem, d.o.o.'s classwide policies and practices as described in paragraphs _, _,  of this Complaint. The common questions predominate over any individual issues that might arise.

91.     The proposed class of 177 Class Members easily satisfies the requirement that the class be "so numerous that joinder of all class members is impracticable.

92.     This case presents a class claim depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of

each one of the claims in a single stroke.  Courts have routinely found commonality where, as here, a plaintiff challenges common employment policies or practices that apply to the proposed class.

93.     Common employment policies or practices that apply to the proposed class are:

i.  Class Members regularly worked more than 10 hours per day.  However, Vuzem did not provide Class Members to take a second 30-minute, uninterrupted meal period each day that they worked more than 10 hours.  Similarly, Vuzem did not authorize and permit Class Members to take a third 10-minute, uninterrupted rest break each day that they worked more than 10 hours.

ii.  Class Members were not permitted to leave the Tesla facility during their meal and rest breaks

iii.  Vuzem did not pay Class Members all wages that they were owed at the time of termination, including wages owed for time that Class Members were required to spend commuting in Vuzem vans and for overtime work.

iv.  Defendant ISM Vuzem, d.o.o. failed to properly pay, or caused to be paid, minimum wages as required by California law.

v.  Each and every of the non-management / non-exempt employees of the California Wages class was not paid overtime wages in the same way as Sasa Maslic was denied overtime wages.

94.     Class action common questions include:

i. Whether Defendant ISM Vuzem, d.o.o. properly paid, or caused to be paid, all Class members for the hours that were worked in excess of eight (8) hours a day or forty (40) hours a week as required by California law;

ii.  Whether Defendant ISM Vuzem, d.o.o. has a policy or practice of failing to pay for all hours worked;

iii.  whether Defendant ISM Vuzem, d.o.o. has a policy or practice of failing to provide accurate wage statements;

iv.  whether Defendant ISM Vuzem, d.o.o. has a policy or practice of failing to provide meal periods;

v.  whether Defendant ISM Vuzem, d.o.o. has a policy or practice of failing to provide rest breaks;

vi.  whether Defendant ISM Vuzem, d.o.o. did not provide Class Members with wage statements that provided the following information: (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee was paid, (6) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (7) the name and address of the legal entity that is the employer, and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee;

vii.  whether Defendant ISM Vuzem, d.o.o.'s payroll practices are unlawful in violation of California law;

viii.  whether Defendant ISM Vuzem, d.o.o.'s pay policies violate California's minimum wage requirements; and

ix.  whether Defendant ISM Vuzem, d.o.o.'s willfully and unreasonably failed to pay compensation when due thus subjecting Defendant ISM Vuzem, d.o.o. to obligations to pay waiting time penalties under Labor Code sections 201, 202 and 203.

95.    The numbers of hours worked at the Tesla site by all workers is subject to clear and common identification.  All of the aggrieved workers were transported - from company rented and controlled temporary housing - to and from the Tesla site by vans or buses driven by Vuzem supervisors (in vans as directed by Eisenmann Corporation) which provided workers for the Tesla site.  They thus all arrived and all departed at the same time each day.  The entry logs for the Tesla site were maintained by the security personnel of Tesla and shared with Eisenmann entities identify the dates and times of entry and departure to the job site.

96.    The workers were picked up at 6:30 a.m. every day Monday through Saturday, left by van for return to their assigned housing units at 6:15 or 7:15 pm Monday through Friday - and sometimes later - and at 4:15 or 5:15 on Saturdays. The workers were picked up on every other Sunday at 6:30 a.m. and returned by van to their assigned housing units at 4:15 pm.

97.    The class is so numerous, the class is so geographically diverse, and the class members are without substantial financial resources, such that joinder of individual members is impractical.

98.     Proposed class representative Sasa Maslic himself sustained injuries and damages as a legal result of the actions which form the basis of this Class Action Cause of Action.  Mr. Maslic was employed by ISM Vuzem d.o.o. from approximately May of 2014 until approximately June of 2016.  For that company he was sent seven times to working in America. His first departure was 10.06.2014, his second departure was 18.09.2014 year, his third departure 25.02.2015, his fourth departure was 26.06.2015, his fifth departure 17.07.2015, his sixth departure was 20.12.2015 year, and his seventh departure was 03.02.2016. All of his trips lasted 90 days.  Mr. Maslic worked at the Tesla site in Fremont for a total of at least six months.  One of these periods was from approximately January 2016 to April 2016. For each month, he worked 285 to 295 hours per month.  He was working every day including Sundays.  His wages claims are typical of the claims of the class.

99.     Plaintiff Sasa Maslic will fairly and adequately protect the interests of the class.

100.    Plaintiff Maslic thus brings this cause of action on behalf of all similarly-situated individuals.

                            MINIMUM WAGES

101.    Plaintiffs including proposed Class Representative Sasa Maslic and members of the Class are entitled to recover their underpaid wages at minimum wage, plus interest, penalties, attorneys' fees, expenses, and costs of suit.  Further, Plaintiffs and members of the Class are entitled to liquidated damages pursuant to Labor Code section 1194.2.

OVERTIME WAGES

102.    Plaintiffs including proposed Class Representative Sasa Maslic and members of the Class are entitled to recover their overtime wages, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs and members of the Class are entitled to liquidated damages pursuant to Labor Code section 1194.2.

REST PERIODS

103.    Plaintiffs including proposed Class Representative Sasa Maslic and members of the Class are entitled to recover one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided, plus interest, penalties, attorneys' fees, expenses, and costs of suit.  Further, Plaintiffs and members of the Class are entitled to liquidated damages pursuant to Labor Code section 1194.2.

WAGE STATEMENTS

104.    Plaintiffs including proposed Class Representative Sasa Maslic and Class members may recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper wage statement records.

WAITING TIME PENALTIES

105.    Plaintiffs including proposed Class Representative Sasa Maslic and members of the Class are entitled to recover their waiting time penalties, together with interest thereon under Labor Code section 203.

106.    Plaintiff Sasa Maslic further requests that the time and expenses that he as Plaintiff incurred and will incur on behalf of the Class be paid to him as an inducement to lend his name and services to the Class.

107.   Plaintiff Maslic further requests an award of reasonable attorneys fees for pursuit of this recovery on behalf of the Class members.

WHEREFORE Plaintiff, on behalf of himself and the Class, prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION

### Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595) and the

### California Trafficking Victims Protection Act (Civil Code § 52.5)

### By Maslic Against all Defendants

108.   Plaintiff Maslic realleges the allegations contained in paragraphs 1 through 107 of this Complaint.

109.   Federal law proscribes labor trafficking, and provides for a civil cause of action against perpetrators, or persons who have knowingly benefitted, financially or by receiving things of value from participation in a venture which defendants knew or should have known has engaged in an act in violation of the federal trafficking statutes.

110.   Federal trafficking statutes define coercion as "(A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of the legal process."  22 U.S.C. § 7102(3).

111.   The California Trafficking Victims Protection Act, codified at Cal. Civ. Code § 52.5, provides, inter alia, that:

"A victim of human trafficking, as defined in Section 236.1 of the Penal Code, may bring a civil action for actual damages, compensatory damages, punitive

damages, injunctive relief, any combination of those, or any other appropriate

relief. A prevailing plaintiff may also be awarded attorney's fees and costs."

"In addition to the remedies specified herein, in any action under subdivision (a),

the plaintiff may be awarded up to three times his or her actual damages or ten

thousand dollars ($10,000), whichever is greater. In addition, punitive damages

may also be awarded upon proof of the defendant's malice, oppression, fraud, or

duress in committing the act of human trafficking."

112.    Plaintiffs Sasa Maslic was coerced to perform labor and services for

Defendants by means of:

serious financial harm and threats of serious harm; and/or

the abuse and threatened abuse of law or legal process to Plaintiffs and similar

persons that they were aware of being subject to such abuse; and

a scheme, plan, pattern, and uniform policy intended to cause Plaintiff to believe

that if he did not perform such labor, that he would suffer serious harm.

113.    Defendants Vuzem persons caused their workers, including Sasa Maslic,

to believe that if they did not perform labor or services that they or another person would

suffer serious harm, including abuse and threatened abuse of legal process

114.    Defendants Vuzem persons exploited the lack of economic opportunities

in countries of origin, and individual victims including Sasa Maslic who are unfamiliar

with the laws, cultures, and languages of the United States into which they have been

trafficked.

115.    Plaintiff Maslic was recruited by ISM Vuzem, d.o.o., was shepherded

through visas, and worked grueling hours under dangerous conditions for little pay.

Defendants' threats caused their workers, including Plaintiff Maslic, to believe they had to provide labor or they would be subject to serious harm, including loss of visa status and civil and criminal prosecutions.  Threats were made by Robert Vuzem and by Ivan Vuzem, and by company supervisors especially convicted trafficker Krunoslav Premusic hired to do just that.

116.    ISM Vuzem, d.o.o. threatened to withhold pay if any of their employees became too sick to work or reported a job injury.  It in fact withheld pay to multiple workers who did not go to work.  Mr. Maslic worked almost every day at the Tesla plant, even when I was sick or injured.

117.    ISM Vuzem, d.o.o. threatened to file a civil suit including even against injured and hospitalized employees.  Robert Vuzem boasted about criminally prosecuting one of the Vuzem employees.

118.    Robert and Ivan Vuzem threatened to and later did withhold pay and refused to pay taxes. Threatening to withhold pay to procure labor is actionable.

119.    ISM Vuzem, d.o.o. threatened to withhold and to cancel visas and immigration status.  It caused the cancellation of the Papes visa. (ECF # 462, Papes Decl, para 106, 109, 151-153). Threat to adversely affect immigration status is actionable.

120.    Robert and Ivan Vuzem are powerful and can give a worker a bad name. They threatened that to workers.  Reputational harm is specified in the statute as a serious threat.

121.    The actions taken to other workers who complained, were known to all other workers including Sasa Maslic.  The plan, scheme and actions of the defendants

---

caused the other workers to believe that, if they did not perform such labor or services, these other workers, or their families, would suffer serious harm.  The threats by Robert Vuzem, Ivan Vuzem, and Vuzem supervisors including Krunoslav Premusic who had been previously convicted of trafficking, included threats to reputation, immigration, finances, litigation, and withhold medical care. Taken together, these are sufficient to state a claim under Title 18 § 1589 and the California statute.

122.   Prior to Mr. Maslic commencing work for ISM Vuzem, d.o.o., he had a physical for his employment.  Everything was fine.

123.   ISM Vuzem, d.o.o.'s supervisors acted disgustingly at Mr. Maslic, forcing him to provide a lot of hard physical work, over many hours per day, for day after day without paus, which caused him to injure his right hip.

124.   The Vuzem persons never told Mr. Maslic about rights to workers compensation benefits, and Mr. Maslic had no actual knowledge about workers compensation rights.  The supervisors only brought him a doctor to obtain temporary relief and only temporary relief.

125.   Mr. Maslic, on his return contacted a doctor in Slovenia.  The doctor upon review of x-rays stated that he could see injuries from too much hard work. He put Mr. Maslic on sick leave.  The Vuzems then fired him, with the false explanation that it was a reduction in force.

126.   Plaintiff now has permanent ongoing pain and other symptoms from that injury from working for ISM Vuzem, d.o.o. including his last assignment at Tesla's Fremont site.

127.    Defendant ISM Vuzem's threats, and the injuries sustained by Sasa Maslic, occurred after Gregor Lesnik sustained serious injury on May 16, 2015 from a 30 foot fall through a hole in a roof at Tesla.  They also occurred after a workers compensation claim, civil lawsuit, and national and international publicity about that incident.

128.    All Defendants knowingly recruited, transported, harbored, provided, and/or obtained Plaintiff Maslic for the purpose of subjecting them to forced labor in violation of 18 U.S.C. § 1589. This is a violation of 18 U.S.C. § 1590.

129.    All of the companies including Eisenmann Corporation and Tesla, Inc. which used the B-1 workers knew that the foreign laborers were working extremely long hours - including knowing the exact hours worked including because they had security check them off when they arrived at a job site.

130.    All of the companies including Eisenmann Corporation and Tesla, Inc. which used the B-1 workers knew that the foreign laborers were working in unsafe conditions, because these conditions were at the defendants' own site and were observed first hand by Eisenmann and Tesla's supervisors and management.

131.    All of the companies including Eisenmann Corporation and Tesla, Inc. which used the B-1 workers were aware of the abusive and coercive tactics of ISM Vuzem, d.o.o.

132.    Eisenmann Corporation and Tesla, Inc. continued to contract with and hire the Vuzem persons to provide labor for their projects knowing of the threats to obtain coerced labor.

133.    The trafficking in persons in this case substantially affected interstate and foreign commerce including the right of the B1 visa workers to be paid appropriate compensation, properly measured in prevailing wages, and affected the defendants' expenses and thus in turn the defendants' profits.

134.    Defendants herein, and each of them, aiding and abetting each other and others, knowingly provided and obtained the labor and services of Plaintiffs and of persons similarly situated to them by means of serious harm and threats of serious harm to that person or another person, and by means of the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause the person to believe that, if the person did not perform such labor and services, that person or another person would suffer serious harm, in violation of 18 U.S.C. § 1589(a)(4).

135.    Defendants and each of them have knowingly recruited, enticed, solicited, induced, harbored, transported, held, restrained, provided, maintained, subjected, or obtained by the above and other means Plaintiffs for the purpose of labor servitude, or have aided and abetted in these actions.

136.    Defendants and each of them have knowingly benefitted, financially or by receiving value from participation in the scheme which defendants knew or should have known engaged in acts of trafficking, or have knowingly obtained financial benefits from the coerced labor, in violation of 18 U.S.C. § 1589(b).

137.    Plaintiff Maslic is entitled under federal law to actual damages, punitive damages, and reasonable attorney's fees.  18 U.S.C. § 1595.

138.    Plaintiff Sasa Maslic suffered a loss of income, has sustained personal injuries, including medical expenses and the value of home care provided following release from hospitalization, severe emotional distress, impairment in enjoyment of life, disfigurement, embarrassment, and pain and suffering as a direct, legal and proximate result of on defendants obtaining labor by means that violate the provisions of United States Code Title 18 Section 1589.

139.    Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem USA, Inc. and Vuzem USA, Inc. on an alter ego basis should be held jointly and severally liable for the violations of FLSA overtime wage payment obligations to Plaintiffs.

140.    The actions of defendants, and each of them, were despicable, and made in conscious disregard of the rights of the workers including Plaintiff Sasa Maslic. Defendant ISM Vuzem d.o.o. and individual defendants Ivan Vuzem and Robert Vuzem acted with oppression and malice with a willful and conscious disregard of the rights and safety of Sasa Maslic.  Plaintiff Sasa Maslic thus requests an award of exemplary damages against Defendant ISM Vuzem d.o.o., Ivan Vuzem, and Robert Vuzem.

WHEREFORE Plaintiff requests relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

**Labor Code section 3706 Liability by Maslic against ISM Vuzem d.o.o.**

141.    Plaintiff Maslic realleges the allegations contained in paragraphs 1 through 139 of this Complaint.

142.    Plaintiff Maslic became aware on or about February of 2020 that ISM Vuzem d.o.o. had an obligation to provide workmen's compensation benefits, and

---

became aware that ISM Vuzem, d.o.o. had not complied with the requirements of California's Workmen's Compensation Act of securing compensation insurance.

143.   Plaintiff Maslic was injured in the course and scope of his employment with ISM Vuzem, d.o.o.

144.   Labor Code 3706 states "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."

145.   It is presumed [in this action as against each of these entities that the injury to the employee [Sasa Maslic] was a direct result and grew out of the negligence of them as employers.  It is not a defense to the employers [Defendants ISM Vuzem d.o.o.] that the employee [Plaintiff Sasa Maslic] was guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant.

146.   Plaintiff Sasa Maslic suffered a loss of income, has sustained personal injuries, including medical expenses and the value of home care provided following release from hospitalization, severe emotional distress, impairment in enjoyment of life, disfigurement, embarrassment, and pain and suffering as a direct, legal and proximate result of the incidents for which the employer defendant ISM Vuzem, d.o.o. failed to carry workers compensation insurance.

147.   Plaintiff Maslic has been required to retain counsel to represent him and to obtain the relief sought herein.  Plaintiff therefore seeks recovery of attorney's fees pursuant to the provisions of Labor Code section 3709.

WHEREFORE Plaintiff Maslic seeks relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiffs and each of them pray for judgment against Defendants, and each of them, on behalf of themselves individually as follows:

**For plaintiffs Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitja Pogorevc**:

For minimum wage, meals and breaks payment, overtime and double time payment and for waiting time penalties pursuant to Labor Code section 200 et seq.;

For trebling of damages for the clear failure to pay pursuant to Labor Code section 206;

For interest and reasonable attorneys' fees;

**For Plaintiff Maslic individually**:

For personal injuries, including past and future medical expenses, loss of income, impairment of income, and general damages including pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, humiliation, and severe emotional distress damages;

For trebling of damages pursuant to the provisions of California Civil Code section 52, subdivision (a).

For exemplary damages to make an example of defendants;

For prejudgment interest.;

For costs of suit;

For an Order pursuant to Labor Code section 3707 to attach the property of the employer Defendants ISM Vuzem d.o.o. in an amount fixed by the court;

For injunctive relief to prevent harassment and intimidation; and

For such other relief as the Court may deem just and proper.

**For the putative class:**

For a determination and declaration by the Court that the policies and practices of ISM Vuzem USA, Inc., Vuzem USA, Inc., ISM Vuzem d.o.o., Tesla Motors, Inc., Eisenmann Corporation, concerning rate of compensation, failures to pay minimum wages, for breaks, and for overtime and for double time violate the provisions of Business and Professions Code sections 17200 through 17208;

For issuance of an order preliminarily and permanently enjoining ISM Vuzem d.o.o. from engaging in the practices challenged herein;

An accounting of the wages due to Class members kept by defendants and not paid to Class members;

An award to Class Members of restitution in the amount of underpaid minimum wages and unpaid overtime, double time, and premium pay;

Prejudgment interest;

Payment for the Class representative's time and expenses;

Payment for the Class representative's counsel's fees; and

Such other and further relief as the Court may deem proper.

Dated:  March 18, 2022

/s/
William C. Dresser
Attorneys for Plaintiffs

Maslic\Pld\Corrected_FAC.b18