William C. Dresser, 104375
Law Office of William C. Dresser
14125 Capri Drive, Suite 4
Los Gatos, CA 95032
Tel: 408-279-7529
Alt: 408-628-4414
Fax: 408-668-2990

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živani, and Gogo Rebic,<br><br>               Plaintiffs,<br><br>vs.<br><br>ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, and Does 1 through 50, inclusive,<br><br>               Defendants. | Action No.:  5:21-cv-02556-BLF<br><br>PLAINTIFF SASA MASLIC'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:    June 1, 2023<br>Time:    9:00 a.m.<br>Courtroom 3, 5th Floor<br>Judge:    Beth Labson Freeman |

## TABLE OF CONTENTS

PAGE

NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION ................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.   INTRODUCTION ......................................................................................... 1

II.                              FACTS RELEVANT TO CLASS CERTIFICATION .... 2

> The Class                                                                  2

> Relevant Defendants                                                        4

> Vuzem's Common Policies and Practices Applicable to Class Members     4

1.              Vuzem required Class Members to ride in a company van to and from work but did not compensate them for that time.        5

2.              Vuzem did not pay Class Members the minimum wage for all hours worked or overtime and double time.        5

3.              Vuzem did not provide meal breaks or authorize and permit rest breaks as required by California law.        6

4.              Vuzem did not provide wage statements as required by California law.        6

5.              Vuzem did not pay Class Members all wages owed at the time of termination as required by California law.        6

III.                          LEGAL ARGUMENT ................................................... 7

A.              The Proposed Class ....................................................... 8

B.              The Proposed Class Satisfies the Requirements of Rule 23 (a)     9

1.              The Class is so numerous that joinder of all Class Members is impracticable.        9

i

**2.** **Plaintiff's claims present common questions of law and fact capable of classwide resolution.** 9

  **a.** **Whether Vuzem paid Class Members for all hours spent under Vuzem's control.** 10

  **b.** **Whether Vuzem paid Class Members overtime.** 13

  **c.** **Whether Vuzem complied with California law regarding meal breaks and rest breaks.** 13

  **d.** **Whether Vuzem complied with California law regarding wage statements.** 14

  **e.** **Whether Vuzem paid all wages due at the time of termination.** 14

  **f.** **Whether Robert Vuzem and Ivan Vuzem are liable.** 15

**3.** **Plaintiff is typical.** 16

**4.** **Plaintiff is an Adequate Representative** 16

**C.** **The Proposed Class Satisfies the Requirements of Rule 23(b)(3)** 17

  **1.** **Common questions predominate.** 18

   **a.** **Individualized damages issues do not defeat certification.** 19

  **2.** **A class action is superior to piecemeal resolution of these claims.** 20

  **3.** **The "Trial" of this class action will be manageable.** 22

ii

**D.**        **Proposed Class Counsel Meets the Requirements of Rule 23(g)** 23

**E.**        **The Court has subject matter and personal jurisdiction** 24

**IV.**        **CONCLUSION**.............................................................25

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

TABLE OF AUTHORITIES

## Cases

*Abdullah v. United States Security Associates, Inc.*
  731 F.3d 952 (9th Cir. 2013) ................................................................................. 11

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591 (1997) ........................................................................................... 20

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*
  568 U.S. 455 (2013) ........................................................................................... 21

*Anderson v. Mt. Clemens Pottery Co.*
  328 U.S. 680 (1945) ...................................................................................... 25, 26

*Barbosa v. Cargill Meat Solutions Corp.* 297 F.R.D. 431 (E.D. Cal. 2013)................. 11, 18, 19, 23

*Bono Enterprises, Inc. v. Bradshaw*
  32 Cal.App.4th 968 (1995) ................................................................................. 14

*Briseno v. ConAgra Foods, Inc.*
  844 F.3d 1121 (9th Cir. 2017) .............................................................................. 9

*Brock v. Seto*
  790 F.2d 1446 (9th Cir. 1986) ......................................................................... 25, 26

*Brockmeyer v. May*, 383 F.3d 798, 801 ................................................................... 28

*Burden v. SelectQuote Ins. Servs.*
  No. C 10-05966 SBA, 2013 WL 1190634 (N.D. Cal. Mar. 21, 2013) ....................... 20

*Burnside v. Kiewit Pacific Corp.*
  491 F.3d 1053 (9th Cir. 2007) ............................................................................. 13

*California Teachers Assn. v. Governing Bd. of Helmer Unified School Dist.*
  95 Cal.App.4th 183 (2002) ................................................................................. 14

*Campbell v. PricewaterhouseCoopers, LLP*
  253 F.R.D. 586 (E.D. Cal. 2008) ......................................................................... 24

*Campbell v. Vitran Express Inc.*
  No. CV 11-5029 RGK (SHx), 2015 WL 7176110 (C.D. Cal. Nov. 12, 2015) .............. 5

*Collins v. Cargill Meat Solutions Corp.*
  274 F.R.D. 294 (E.D. Cal. 2011) .......................................................................... 9

*Dilts v. Penske Logistics, LLC*
  267 F.R.D. 625 (S.D. Cal. 2010) ......................................................................... 21

*Ellis v. Costco Wholesale Corp.*
  657 F.3d 970 (9th Cir. 2011) ....................................................................... 10, 18, 19

*Gen. Tel. Co. of S.W. v. Falcon*
  457 U.S. 147 (1982) ............................................................................................ 7

*Griffin v. Sachs Electric Company*
  390 F. Supp. 3d 1070 (N.D. Cal. 2019) ................................................................ 13

*Guifu Li v. A Perfect Franchise, Inc.*
  No. 5:10-CV-01189-LHK, 2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) .................... 11

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998)................................................................................ passim
*Hernandez v. Mendoza*
   199 Cal.App.3d 721 (1988)................................................................................ 26
*In re Wells Fargo Home Mortg. Overtime Pay Litig.*
   527 F. Supp. 2d 1053 (N.D. Cal. 2007) ............................................................ 19
*Jimenez v. Allstate Ins. Co.*
   765 F.3d 1161 (9th Cir. 2014)............................................................................ 22
*Jordan v. Los Angeles County*
   669 F.2d 1311 (9th Cir. 1982).............................................................................. 9
*Jordan v. Paul Fin., LLC*
   285 F.R.D. 435 (N.D. Cal. 2012) ...................................................................... 23
*Leyva v. Medline Indus. Inc.*
   716 F.3d 510 (9th Cir. 2013)................................................................... 8, 22, 25
*Magadia v. Wal-Mart Associates, Inc.*
   324 F.R.D. 213 (N.D. Cal. 2018) ...................................................................... 11
*McMaster v. Coca-Cola Bottling Co.*
   392 F. Supp. 2d 1107 (N.D. Cal. 2005) ............................................................ 11
*Morillion v. Royal Packing Co.*
   22 Cal. 4th 575 (2000) ................................................................................. 12, 13
*Otsuka v. Polo Ralph Lauren Corp.*
   251 F.R.D. 439 (N.D. Cal. 2008) ................................................................ 21, 25
*Parra v. Bashas', Inc.*
   536 F.3d 975 (9th Cir. 2008)............................................................................... 10
*Reeves v. International Tel. and Tel. Corp.,*
   616 F.2d 1342 (9th Cir. 1980) ........................................................................... 26
*Ridgeway v. Walmart Inc.*
   946 F.3d 1066 (9th Cir. 2020)............................................................................ 12
*Romaca v. Meyer*
   114 Cal.App.2d 375 (1952)................................................................................ 26
*Schulz v. Qualxserv, LLC*
   No. 09-CV-17-AJB (MDD), 09-CV-2081, 2012 WL 1439066................................. 24
*Shaw v. AMN Healthcare, Inc.*
   326 F.R.D 247 (N.D. Cal. 2018) ....................................................................... 11
*Telles v. Li*
   No. 5:11-CV-01470-LHK, 2013 WL 5199811 (N.D. Cal. Sept. 16, 2013)............. 14, 17
*Tidewater Marine Western, Inc. v. Bradshaw*
   14 Cal. 4th 557 (1996) ...................................................................................... 14
*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Intern.*
   *Union, AFL-CIO, CLC v. ConocoPhillips Co.*
   593 F.3d 802 (9th Cir. 2010).............................................................................. 10
*Wal-Mart Stores, Inc. v. Dukes*
   564 U.S. 338 (2011) ................................................................................ 8, 10, 22

*Wang v. Chinese Daily News, Inc.*
  737 F.3d 538 (9th Cir. 2013) ................................................................................ 21
Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017) ........................................ 28
*Wright v. Linkus Enter., Inc.*
  259 F.R.D. 468 (E.D. Cal. 2009) .......................................................................... 21

## Statutes

Cal. Lab. Code Section 201 ........................................................................................ 16
Cal. Lab. Code Section 202 ........................................................................................ 17
Labor Code section 203 ........................................................................................ 16, 17
Labor Code section 226 .............................................................................................. 16
Labor Code section 515 .............................................................................................. 15

## Other Authorities

5-23 Moore's Federal Practice – Civil Section 23.46[1] (3d ed.) ................................ 24
Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and
  Commercial Matters ............................................................................................... 28

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................. passim

**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on _____, 2023, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 3, 5th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Plaintiff Sasa Maslic ("Plaintiff") will and hereby does move this Court for Certification of the following proposed Class under Rule 23(a) and 23(b)(3):

> All non-management individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016.

Plaintiff also seeks appointment as a class representative for the proposed class and appointment of Plaintiff's counsel as Class Counsel under Rule 23(g).

Plaintiff's Motion is based on this Notice and the accompanying Memorandum of Points and Authorities in support thereof; the concurrently filed Declaration of William C. Dresser in Support of Motion for Class Certification, and Authenticating Declaration with Exhibits and Proposed Order Granting Class Certification; the Court's files and records; and any other evidence, briefing, or argument properly before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Saša Maslic ("Plaintiff") has brought the Eighth Cause of Action of the October 29, 2020 filed First Amended Complaint (hereinafter "FAC") against defendants ISM Vuzem d.o.o. ("Vuzem"), HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem and dissolved corporations ISM Vuzem USA, Inc. and Vuzem, USA, Inc.  Robert Vuzem and Ivan Vuzem

have been sued under an alter ego theory of liability.  Plaintiff is a former employee of Vuzem. Plaintiff seeks to certify a class of Vuzem employees who worked at a single location in California during a discrete period of time. The proposed Class definition is as follows:

> All non-management individuals employed by ISM Vuzem, d.o.o., who worked
> at the Tesla facility located in Fremont, California, at any time from July 1,
> 2014, through April 30, 2016.

Common policies and practices described below will establish Vuzem's liability under California wage and hour law for each claim at issue. These claims present common questions that predominate over any individual issues.  Other requirements for class certification are met. The Court should thus grant Plaintiff's motion.

## II.    FACTS RELEVANT TO CLASS CERTIFICATION

### The Class

The Class in this case consists of 177 non-exempt workers employed by Vuzem in California from July 2014 through April 2016. (Declaration of William Dresser filed in support of Plaintiff's motion for class certification ("Dresser Decl.") at ¶ 36.) The Class Members all worked at a single location, the Tesla plant located in Fremont, California. They all performed similar construction-related work, including installing steel structures, installing air conditioning and ventilation systems, welding, and replacing pipes. (Authenticating Declaration of William Dresser, Ex. A (Declaration of Radmilo Bozinovic, Ph.D. in support of Motion for Class Certification United States District Court for the Northern District of California action 5:16-cv-01120, entitled "US ex rel Lesnik et al v Eisenmann, SE et al (hereinafter "Bozinovic Decl.") Exh. B, Declaration of Kristijan Antalasic ("Antalasic Decl.") ¶ 5; Bozinovic Decl. Exh. D, Declaration of Sifet Dizdarevic ("Dizdarevic Decl.") ¶ 5; Bozinovic Decl. Exh. F, Declaration of

Ivan Drzaic ("Drzaic Decl.") ¶ 5; Bozinovic Decl. Exh. H, Declaration of Robert Hernaus "(Hernaus Decl.") ¶ 5; Bozinovic Decl. Exh. J, Declaration of Leopold Hubek ("Hubek Decl.") ¶ 5; Bozinovic Decl. Exh. L, Declaration of Davor Hudin ("Hudin Decl.") ¶ 5; Bozinovic Decl. Exh. N, Declaration of Leon Hudoletnjak ("Hudoletnjak Decl.") ¶ 5; Bozinovic Decl. Exh. P, Declaration of Elvis Koscak ("Koscak Decl.") ¶ 5; Bozinovic Decl. Exh. R, Declaration of Marijan Lazar ("Lazar Decl.") ¶ 5; Bozinovic Decl. Exh. T, Declaration of Gregor Lešnik ("Lešnik Decl.") ¶ 5; Bozinovic Decl. Exh. V, Declaration of Vjeran Lončar ("Lončar Decl.") ¶ 5; Bozinovic Decl. Exh. X, Declaration of Saša Maslić ("Maslic Decl.") ¶ 5; Bozinovic Decl. Exh. Z, Declaration of Tomica Panić ("Panic Decl.") ¶ 5; Bozinovic Decl. Exh. BB, Declaration of Stjepan Papeš ("Papes Decl.") ¶ 5; Bozinovic Decl. Exh. DD, Declaration of Željko Puljko ("Puljko Decl.") ¶ 5; Bozinovic Decl. Exh. FF, Declaration of Kristijan Rugani ("Kristijan Rugani Decl.") ¶ 5; Bozinovic Decl. Exh. HH, Declaration of Krunoslav Rugani ("Krunoslav Rugani Decl.") ¶ 5; Bozinovic Decl. Exh. JJ, Declaration of Darko Šincek ("Šincek Decl.") ¶ 5; Bozinovic Decl. Exh. LL, Declaration of David Štante ("Štante Decl.") ¶ 5; Bozinovic Decl. Exh. NN, Declaration of Nedeljko Živanić ("Živanić Decl.") ¶ 5.)

Vuzem paid each of the Class Members a flat rate per month. (Bozinovic Decl, as to all Decl. attached thereto at ¶ 7.) Vuzem did not pay Class Members for time during which Vuzem required them to commute to and from work in Vuzem vans. (Bozinovic Decl, as to all Decl. attached thereto at ¶¶ 10-13, 18-21.) Nor did Vuzem pay them properly for time spent working over eight hours in a day, over 40 hours in a week, or for the first eight hours worked on the seventh consecutive day, or double time for working over twelve hours in a day and over eight hours on the seventh consecutive day worked. (Id., as to all Decl. attached thereto at ¶¶ 7, 15, 19-20, plus attached Lešnik Decl. ¶ 17, 22; Lončar Decl. ¶ 14, 16; Papes Decl. ¶ 21; Puljko Decl. ¶

18.) Nor did Vuzem comply with California law regarding meal and rest periods. (Id., as to all Decl. attached thereto at ¶¶ 16-18, plus Lešnik Decl. ¶ 19-20; Papes Decl. ¶ 19.)

Vuzem also failed to provide Class Members with compliant wage statements. (Id., as to all Decl. attached thereto at ¶¶ 18, 19 or 20.) Finally, Vuzem did not pay the Class Members all wages owed at the time of their termination, and therefore owes them waiting time penalties under California law. (Id., as to all Decl. attached thereto at ¶¶ 7, 13, 15, and 19, 20, 21 or 22.)

**Relevant Defendants**

Defendant ISM Vuzem d.o.o., referred to herein as Vuzem, is a Slovenian business entity with its principal place of business located at Goricak 4, 2283 Zavrc, Slovenia. FAC, ¶ 2.

Defendant HRID-Mont, d.o.o. is a Slovenian entity with the same address as Vuzem, formed to transfer assets and business of ISM Vuzem, d.o.o. FAC, para 7, 8. It is sued in an alter ego capacity. FAC ¶ 7-9, 44, 59, 63, 67, 76, and 138.

Defendant Ivan Vuzem is a resident of Slovenia. Ivan Vuzem is sued in an alter ego capacity. FAC, ¶ 4, 5-9, 44, 59, 63, 67, 76, and 138.

Defendant Robert Vuzem is a resident of Slovenia. For the claims at issue in this motion, Robert Vuzem in an alter ego capacity. FAC, ¶ 4, 5-9, 44, 59, 63, 67, 76, and 138.

Defendants ISM Vuzem USA, Inc. and Vuzem USA, Inc. are entities owned by Ivan Vuzem, Robert Vuzem and through them by ISM Vuzem, d.o.o. These corporations were dissolved by Robert Vuzem and Ivan Vuzem.

**Vuzem's Common Policies and Practices Applicable to Class Members**

Vuzem had classwide practices which were common to all Class Members. Because these practices were uniformly applied, the Court may consider them to be unofficial policies. *See Campbell v. Vitran Express Inc.*, No. CV 11-5029 RGK (SHx), 2015 WL 7176110, at *7-8

(C.D. Cal. Nov. 12, 2015) ("Courts generally hold that sufficient evidence of an unofficial policy exists where the plaintiff offers multiple declarations from employees attesting to the uniform application of the policy.").

Vuzem's common policies and practices resulted in numerous violations of the California Labor Code, as follows.

**1. Vuzem required Class Members to ride in a company van to and from work but did not compensate them for that time.**

Vuzem supervisors instructed Class Members that they had to take Vuzem vans to and from their company-provided apartments and the Tesla plant located in Fremont, California. (Bozinovic Decl, as to all Decl. thereto at ¶¶ 9-11, or 10-12, 13 or 14.) Class Members did not take any other transportation to or from the Tesla plant and did not drive alone. (Id., as to all Decl. thereto at ¶ 11.)

This commute process took at Class Members at least thirty minutes to and from the Tesla plant. (Id., as to all Decl. thereto at ¶ 12, 13 or 14.)

Vuzem did not compensate Class Members for the time it required them to commute to and from the Tesla plant in a Vuzem van. (Id., as to all Decl. thereto at ¶¶ 13, and 19, 20 or 22.)

**2. Vuzem did not pay Class Members the minimum wage for all hours worked or overtime and double time.**

Vuzem paid Class Members a flat rate per month. (Id., as to all Decl. thereto at ¶ 7.) Class Members performed construction work and were not exempt from California's overtime laws. (Id., as to all Decl. thereto at ¶ 5.)  Class Members regularly worked over twelve hours per day. (Id., as to all Decl. thereto at ¶¶ 8, and 10-13, or 10-14.) However, Vuzem did not pay Class Members time and a half for hours worked over eight hours in a day, over 40 hours in a week, or

for the first eight hours on the seventh consecutive day worked and did not pay Class Members double time for hours worked over twelve in day or after eight hours on the seventh consecutive day worked. (Id., as to all Decl. thereto at ¶¶ 7, 14 or 15, and 19, 20, 21 or 22.)

### 3.   Vuzem did not provide meal breaks or authorize and permit rest breaks as required by California law.

Class Members regularly worked more than 10 hours per day. (Id., as to all Decl. thereto at ¶¶ 8, and 13, 14, 15 or 16.)  However, Vuzem did not provide Class Members to take a second 30-minute, uninterrupted meal period each day that they worked more than 10 hours. (Id., as to all Decl. thereto at ¶ 16, 17, 18 or 19.)  Similarly, Vuzem did not authorize and permit Class Members to take a third 10-minute, uninterrupted rest break each day that they worked more than 10 hours. (Id., as to all Decl. thereto at ¶ 17, 18, or 19.)

Furthermore, Class Members were not permitted to leave the Tesla facility during their meal and rest breaks. (Id., as to all Decl. thereto at ¶ 16, 17 or 18.)

### 4.   Vuzem did not provide wage statements as required by California law.

Vuzem did not provide Class Members with wage statements that provided the following information: (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee was paid, (6) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (7) the name and address of the legal entity that is the employer, and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. (Id., as to all Decl. thereto at ¶ 18, 19, or 20.)

### 5.   Vuzem did not pay Class Members all wages owed at the time of termination

**as required by California law.**

By at least April 30, 2016, all Class Members had ended their employment at the Tesla facility as employees of Vuzem. (Bozinovic Decl, as to all Decl. thereto at ¶ 5; Dresser Decl., ¶ 76, 96 ("thereafter assigned work contracts to, or had workers sign new work contracts, with the separately formed entity, HRID-Mont, d.o.o.".)  Vuzem did not pay Class Members all wages that they were owed at the time of termination, including wages owed for time that Class Members were required to spend commuting in Vuzem vans and for overtime work. (Bozinovic Decl as to all Decl. thereto at ¶¶ 7, 12 or 13, 14 or 15, and 19, 20, 21 or 22.)

## III.   LEGAL ARGUMENT

This case is appropriate for class certification under Rule 23(b)(3), or, alternatively, as to particular issues under Rule 23(c)(4), because common evidence demonstrates that during the Class Period Vuzem regularly violated California wage and hour law. Specifically, Plaintiff can prove each of the elements of the California wage and hour claims at issue using Vuzem's classwide policies and practices as described in the declarations of Class Members filed in support of this motion. The common questions resolved by this evidence will predominate over any individual issues that might arise.

The Supreme Court has observed that a class action "saves the resources of . . . the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion." *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 155 (1982) (internal quotation omitted). Here, Plaintiff challenges common policies and practices that applied to a group of employees in violation of California's wage and hour laws. Whether these company policies and practices are unlawful are the central questions at the heart of this litigation, and thus are apt to drive its resolution. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011). Courts routinely

certify cases similar to this one for class treatment, and class certification is equally appropriate here. See Vedachalam v. Tata Consultancy Servs., Ltd., No. C 06-0963 CW, 2012 WL 1110004, at *12-13 (N.D. Cal. Apr. 2, 2012); Brinker Rest. Corp. v. Superior Ct., 53 Cal. 4th 1004, 1020, 1033 (2012).

Class certification "is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Dukes*, 564 U.S. at 350-351. Here, a rigorous analysis demonstrates that the proposed Class satisfies numerosity, commonality, typicality, and adequacy of representation. F.R.C.P. 23(a)(1)-(4). In addition, the proposed Class meets the requirements of Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members, and [ ] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." F.R.C.P. 23(b)(3); *Leyva v. Medline Indus. Inc.,* 716 F.3d 510, 512 (9th Cir. 2013). Finally, appointment of class counsel is appropriate under Rule 23(g). *See* F.R.C.P. 23(g), Advisory Committee Note.

## A.    The Proposed Class

The Class that Plaintiff seek to represent is defined as follows:

All non-management individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016.

The Ninth Circuit has no ascertainability requirement. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124-25 n. 4 (9th Cir. 2017). However, in this case the Class Members are ascertainable and have been identified by Class Counsel. Dresser Decl., ¶¶ 38-44.

**B.**     **The Proposed Class Satisfies the Requirements of Rule 23 (a)**

**1.**     **The Class is so numerous that joinder of all Class Members is impracticable.**

There is no legally set minimum number of class members, but courts generally find numerosity satisfied when the class consists of 40 or more. *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 300 (E.D. Cal. 2011); *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319-20 (9th Cir. 1982) (finding subclasses of 39, 64, and 71 members sufficiently numerous).

Here, the proposed class of 177 Class Members easily satisfies the requirement that the class be "so numerous that joinder of all class members is impracticable." F.R.C.P. 23(a)(1); Dresser Decl., ¶ 38.

**2.**     **Plaintiff's claims present common questions of law and fact capable of classwide resolution.**

To satisfy Rule 23(a)(2)'s commonality requirement, a class claim "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in a single stroke." *Dukes*, 564 U.S. at 350. Rule 23(a)(2) is "construed permissively," and just one common question of law or fact will satisfy the rule. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The key consideration is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (internal citations omitted; emphasis in original).

A single significant common issue is sufficient to warrant certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir. 1998). The Court must be satisfied that a common question of law or fact exists, not that the question will be answered favorably to

Plaintiffs, as that is a merits inquiry. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Intern. Union, AFL-CIO, CLC v. ConocoPhillips Co.* 593 F.3d 802, 808-809 (9th Cir. 2010). Moreover, "a proposed class can consist of members with widely differing experiences as they relate to the case." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008).

Courts have routinely found commonality where, as here, a plaintiff challenges common employment policies or practices that apply to the proposed class. *See, e.g.*, *Abdullah v. United States Security Associates, Inc.*, 731 F.3d 952 (9th Cir. 2013); *Magadia v. Wal-Mart Associates, Inc.*, 324 F.R.D. 213, 222 (N.D. Cal. 2018); *Shaw v. AMN Healthcare, Inc.*, 326 F.R.D 247, 256-57 (N.D. Cal. 2018); *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 4635198, at *14; (N.D. Cal. Oct. 5, 2011); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 442 (E.D. Cal. 2013) (finding commonality where all class members are "subjected to the same employment policies and practices").

Here, Plaintiff's claims present the following common questions sufficient to meet the requirements of Rule 23(a)(2).

     **a.   Whether Vuzem paid Class Members for all hours spent under Vuzem's control.**

"California law governs an employee's wage entitlement for transportation and provides a rule for distinguishing 'compulsory travel time' from 'an ordinary commute.'" *McMaster v. Coca-Cola Bottling Co.*, 392 F. Supp. 2d 1107, 1114 (N.D. Cal. 2005) (citing *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 579 n. 2 (2000)). "The inquiry into 'compulsory travel time' turns on the level of control exerted by an employer over the employee, considering factual questions such as what activities an employee cannot engage in by traveling in company

transportation." *McMaster*, 392 F. Supp. 2d at 1114 (quoting and

citing *Morillion*, 22 Cal. 4th at 586–87). California courts construe worker-protection laws

liberally, "with an eye to promoting such protection." *Ridgeway v. Walmart Inc*. 946 F.3d 1066,

1078 (9th Cir. 2020), quoting *Brinker*, 53 Cal. 4th at 1026-1027.

     "[I]n light of the remedial nature of the legislative enactments authorizing the regulation

of wages, hours and working conditions for the protection and benefit of employees, the statutory

provisions are to be liberally construed with an eye to promoting such protection." Industrial

Welfare Com. v. Superior Court, 27 Cal. 3d 690, 702 (1980); see also Murphy v. Kenneth Cole,

40 Cal. 4th 1094, 1103 (Cal. 2007) (given the Legislature's remedial purpose, "statutes

governing conditions of employment are to be construed broadly in favor of protecting

employees.").

     The California Supreme Court has made clear that such "compulsory travel time"

constitutes "hours worked" under the IWC's wage orders entitling employees to compensation.

*See Morillion*, 22 Cal. 4th at 587 ("Interpreting the plain language of 'hours worked,' [ ] we find

that plaintiffs' compulsory travel time ... was compensable [under Wage Order 14].").

In *Morillion*, the California Supreme Court concluded that the employees' travel time on Royal's

buses constituted "hours worked." The Court instructed that "[t]he level of the employer's

control over its employees, rather than the mere fact that the employer requires the employees'

activity, is determinative**.**" *See id.* at 587.

     Crucial to this inquiry is what travel options are available to the employees. The

*Morillion* court explained that "[if] commuting on their own, employees may choose and may be

able to run errands before work and to leave from work early for personal appointments." *See id.*

at 587. By contrast, "Royal required plaintiffs to meet at the departure points at a certain time to

ride its buses to work, and it prohibited them from using their own cars, subjecting them to verbal warnings and lost wages if they did so." *Id.*

*Morillion* accordingly held that "[w]hen an employer requires its employees to meet at designated places to take its buses to work and prohibits them from taking their own transportation, these employees are 'subject to the control of an employer,' and their time spent traveling on the buses is compensable as 'hours worked.'" *Id. See also Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007); *Griffin v. Sachs Electric Company*, 390 F. Supp. 3d 1070, 1082–1084 (N.D. Cal. 2019).

Here, Plaintiff has shown through declarations that Vuzem required Class Members to commute to and from the Tesla facilities in Vuzem vans. (Bozinovic Decl, as to all Decl. thereto at ¶¶ 10-12 or 10-14.) This commute process took at least thirty minutes each way. (Id., as to all Decl. thereto at ¶ 10, 11, 12, 13 or 14.) Class Members were not paid for this commute process. (Id., as to all Decl. thereto at ¶¶ 13, and 19, 20, 21 or 22.) Plaintiff's claims therefore present a common question as to whether Vuzem owes wages to Class Members for the time spent commuting to and from the Tesla facility in Vuzem vans.

Additionally, "[w]hen an employer directs, commands or restrains an employee from leaving the work place during his or her lunch hour and thus prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control." *Bono Enterprises, Inc. v. Bradshaw*, 32 Cal.App.4th 968, 975 (1995), *disapproved of on other grounds by Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996). Accordingly, that employee must be paid for the time spent during his or her meal period. *Id.*

Here, Vuzem required Class Members to remain at the Tesla facility during their meal periods. ((Id., as to all Decl. thereto at ¶ 16, 17 or 28.)  That conduct creates a common question

as to whether Vuzem was required to pay Class Members for that time.

### b.  Whether Vuzem paid Class Members overtime.

Under California law, "salary" is defined as a "fixed compensation paid regularly [as by the year, quarter, month or week] for services." *California Teachers Assn. v. Governing Bd. of Helmer Unified School Dist.*, 95 Cal.App.4th 183, 194 (2002). "Payment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary." *Telles v. Li*, No. 5:11-CV-01470-LHK, 2013 WL 5199811, at *10 (N.D. Cal. Sept. 16, 2013) (quoting Labor Code section 515 (d)(2)).

Here, Vuzem paid Class Members a flat rate per month. (Bozinovic Decl. as to all Decl. thereto at ¶ 7.)  Class Members regularly worked over twelve hours per day including the commute process and at the Tesla plant. (Id., as to all Decl. thereto at  ¶¶ 8, and 10-14, 10-15, or 10-16.) Under California law, a non-exempt employee is entitled to overtime pay after working more than eight hours in a day, more than 40 hours in a week, and for the first eight hours on the seventh consecutive day worked. Class members are entitled to double time after working twelve hours in a day or after eight hours on the seventh consecutive day worked. Class Members were not paid overtime or double time. (Id., as to all Decl. thereto at ¶¶ 7, 15, and 19, 20, or 22.)

Plaintiff's claims therefore present a common question as to whether Vuzem owes Class Members overtime and double time pay under California law.

### c.  Whether Vuzem complied with California law regarding meal breaks and rest breaks.

Here, Class Members regularly worked more than 10 hours per day. (Id., as to all Decl. thereto at ¶¶ 8, and 14, 15 or 16.) However, Vuzem did not provide Class Members to take a

second 30-minute, uninterrupted meal period each day that they worked more than 10 hours. (Id., as to all Decl. thereto at ¶ 16, 17, 18 or 19.) Similarly, Vuzem did not authorize and permit Class Members to take, a third 10-minute, uninterrupted rest break each day that they worked more than 10 hours. (Id., as to all Decl. thereto at ¶ 17, 18, 19 or 20.)  Moreover, Vuzem required Class Members to remain at the Tesla facility during their meal and rest periods. (Id., as to all Decl. thereto at ¶ 16, 17 or 18.)

These common policies and practices present common questions as to whether Vuzem owes Class Members premium pay for failure to comply with California law regarding meal periods and rest breaks.

### d.   Whether Vuzem complied with California law regarding wage statements.

Vuzem did not provide Class Members with wage statements that provided the following information: (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee was paid, (6) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (7) the name and address of the legal entity that is the employer, and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. (Id., as to all Decl. thereto at ¶ 15, 17, 18, 19, or 21.)

This conduct creates a common question as to whether Vuzem complied with Labor Code section 226 (e).

### e.   Whether Vuzem paid all wages due at the time of termination.

California Labor Code section 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits,

the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Earned and unpaid wages are due immediately upon and discharge and within 72 hours if an employee quits. Cal. Lab. Code §§ 201 (a), 202(a); *Telles*, 2013 WL 5199811, at *14.

Here, all Class Members had stopped working as employees under Vuzem at the Tesla plant as of April 30, 2016. Dresser Decl., ¶ 95 (thereafter working under HRID-Mont, d.o.o.). However, Vuzem failed to pay Class Members all wages earned and unpaid within 72 hours of their termination. (Id., as to all Decl. thereto at ¶¶ 7, 13 or 15, 15 or 17, and 19, 20, 21 or 22.) This conduct creates a common question as to whether Vuzem owes Class Members waiting time penalties under Labor Code section 203.

### f.   Whether Robert Vuzem and Ivan Vuzem are liable.

As set forth more fully in Plaintiffs' Motion for Default Judgment, filed herewith, Plaintiff seeks to hold individual defendants Robert Vuzem and Ivan Vuzem liable for Vuzem's violations of California wage and hour law under an alter ego theory. Plaintiff's alter ego allegations will turn on two questions of law and fact that are common to all Class Members: (1) whether there is a unity of interest and ownership between Vuzem and the individual defendants, and (2) whether the failure to disregard their separate identities would result in an inequitable result. *See AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir.1996) (applying California law with respect to alter ego allegations); *Sonora Diamond Corp. v. The Superior Court*, 83 Cal.App.4th 523, 538 (2000). The existence of these common questions regarding alter ego liability further supports class certification in this matter.

For all of these reasons, Plaintiff's claims turn on common proof and will generate common answers. The commonality requirement is therefore met.

### 3.    Plaintiff is typical.

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named Plaintiff, and whether other class members have been injured by the same course of conduct." *Costco*, 657 F.3d at 984 (quotation marks omitted). Under Rule 23(a)(3)'s "permissive" typicality standard, "representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Barbosa*, 297 F.R.D. at 442 (citing *Hanlon*, 150 F.3d at 1020 (quotation marks omitted)).

Here, Plaintiff worked for Vuzem at the Tesla plant during the Class Period. (Bozinic Decl, Ex. X, Maslic Decl. ¶ 5.) He was subject to the same company-wide common policies and practices as the other Class Members. (Maslic Decl. ¶¶ 8-20.) Among other things, he was required to commute to and from the Tesla plant in the Vuzem van and not paid for that time. (Maslic Decl. ¶¶ 9-13.) He was not paid overtime as required by California law. (Maslic Decl. ¶¶ 14-15.) He was not provided a second meal period or a third rest break when he worked more than ten hours in a day. (Maslic Decl. ¶ 17-18.) He did not receive compliant wage statements. (Maslic Decl. ¶ 19) and he was not paid all wages owed to him at the time of his termination. (Maslic Decl. ¶¶  20; see also Dresser Authenticating Decl, Ex. E (Maslic Decl.)

Plaintiff is therefore typical of the Class because he suffered injuries similar to members of the proposed Class, because the action is based on Vuzem's common policies and practices with respect to all Class Members, and because other Class Members have been injured by the same course of conduct. *See Costco*, 657 F.3d at 984.

### 4.    Plaintiff is an Adequate Representative

Rule 23(a)(4) requires that "representative parties . . . fairly and adequately protect the

interests of the class." F.R.C.P. 23(a)(4). This factor requires (1) that named plaintiffs do not have any conflicts of interest with other class members and (2) that named plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *Barbosa,* 297 F.R.D. at 442. The conflict-of-interest inquiry depends on "absence of antagonism" and a "sharing of interest" between representatives and absentee class members. *See Costco*, 657 F.3d at 985. Here, both Plaintiff and Plaintiff' counsel will adequately represent the proposed classes.

Plaintiff's interests are aligned with the putative class members' interests in recovering damages for the wage and hour violations alleged in this case. The damages and penalties he seeks would be recovered by former and current employees if he is successful. *See, e.g.*, *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1064 (N.D. Cal. 2007) (holding former employees adequate to represent class of current and former employees because recovery sought would benefit current employees as well as former employees).

Plaintiff has no conflicts of interest with other Class Members, understands that his role as a class representative is to represent the interests of the entire Class, and is fully prepared to perform his duties, including assisting counsel in litigation. (Declaration of Sasa Maslic in Support of Motion for Class Certification ¶¶ 4, 7.) Indeed, Plaintiff has prosecuted the action vigorously thus far and fulfilled his duties as a class representative by assisting Class Counsel and submitting declarations in support of this motion. (Id.; Bozinovic Decl, Ex. X and Y; Dresser Decl., ¶¶ 101-107.) Plaintiff is therefore an adequate representative of the Class.

### C.    The Proposed Class Satisfies the Requirements of Rule 23(b)(3)

Certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy." F.R.C.P. 23(b)(3).

The overarching issue is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594 (1997). Predominance and superiority "are generally satisfied in wage and hour class actions" like this one where employees challenge commonly applicable policies and practices. *See Burden v. SelectQuote Ins. Servs.*, No. C 10-05966 SBA, 2013 WL 1190634, at *5 (N.D. Cal. Mar. 21, 2013) (citing cases). The Ninth Circuit has held that "there is clear justification for handling the dispute on a representative rather than an individual basis" if "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication ...." *Hanlon*, 150 F.3d at 1022.

Here, Plaintiff's claims present legal questions that are answerable using Vuzem's classwide practices. These common questions thus predominate over any individual issues that may arise.

### 1.      Common questions predominate.

"The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1022). As the Supreme Court has emphasized, "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (emphasis in original). Moreover, a plaintiff is not required to prove that "each element of her claim is susceptible to classwide proof." *Id.* at 469.

Common issues predominate in this case because, as described above, the overarching issues as to liability will be resolved based on common proof. *See Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 447 (N.D. Cal. 2008); *In re AutoZone*, 289 F.R.D. at 534; *Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468, 473 (E.D. Cal. 2009) (finding predominance where case involved "alleged policies that required class members to work without ... reimbursement for expenses"); *see also* Section III(C)(2), above, (discussing commonality).

Furthermore, the Class Members engaged in common job duties at one location. (Bozinovic Decl. as to all Decl. thereto ¶ 5.)  *See Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 639-40 (S.D. Cal. 2010) (holding that common issues predominate where class members shared common job duties such that an expense which is "necessary" for a class member to do his job would also be "necessary" for any other class member).

### a.    Individualized damages issues do not defeat certification.

As the Ninth Circuit reaffirmed in overturning a district court's denial of class certification in a wage and hour case, "the amount of damages is invariably an individual question and does not defeat class action treatment."  *Leyva*, 716 F.3d at 514-15 (also noting that employer's payroll records contained "much of the data needed to calculate damages" and citing *Dukes*, 564 U.S at 362 ("individualized monetary claims belong in Rule 23(b)(3)")); *see also Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) (holding that *Leyva* was the "controlling case," and that individual damages calculations did not defeat class certification), *cert. denied*, 135 S.Ct. 2835 (2015).

Moreover, individual damages determinations will not predominate over common questions because the Class Members' damages can readily be calculated using California's minimum wage in effect at the time of the violations, as follows:

Because common questions subject to common proof predominate over issues subject to individualized proof, the predominance requirement of Rule 23(b)(3) is satisfied.

If the Court finds that class certification of the entire action is unwarranted, it may "isolate the common issues under Rule 23(c)(4)(A) and proceed with class treatment of these particular issues." Costco, 285 F.R.D. 492, 544 (N.D. Cal. 2012) (citing Valentino v. Carter-Wallace Inc., 97 F.3d 1227, 1234 (9th Cir. 1996)). Accordingly, in the alternative to certification under Rule 23(b)(3), Plaintiff moves for certification of the common factual and legal issues presented by this Action under Rule 23(c)(4).

> **2.    A class action is superior to piecemeal resolution of these claims.**

The proposed class satisfies each of the Rule 23(b)(3) superiority factors:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

F.R.C.P. 23(b)(3).

Regarding the first factor, as set forth above, the Class Members are all foreign citizens who were brought to the United States to work for a limited time. They are unlikely to pursue their claims on an individual basis, and therefore have no significant interest in individually controlling the prosecution of their claims.

Furthermore, "where monetary damages that each Class Member suffered individually

are relatively modest, certifying a class action is favored." *Barbosa*, 297 F.R.D. 431 at 444.

Given the amount of damages at stake here for each individual class member, it is likely that

"litigation costs would dwarf potential recovery" so that individual suits would "not make

economic sense for litigants or lawyers." *See Jordan v. Paul Fin., LLC*, 285 F.R.D. 435, 467

(N.D. Cal. 2012) (citing *Hanlon*, 150 F.3d at 1023).

> In addition, as is often the case in employment litigation, former Vuzem employees may
be reluctant to file individual lawsuits for fear of retaliation in their home countries. Dresser
Decl., ¶¶ 104-105. *See Schulz v. Qualxserv, LLC*, No. 09-CV-17-AJB (MDD), 09-CV-2081,
2012 WL 1439066, at *9 (citing *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586,
605 (E.D. Cal. 2008) ("class members may fear reprisal in pursuing individual claims against
their employer")).

> For these reasons, most class members are unlikely to be able to pursue their claims as
individual actions. *See* 5-23 Moore's Federal Practice – Civil § 23.46[1] (3d ed.) ("[I]t is well-
settled that the adjudication of a matter though a class action is superior to no adjudication at
all.").

> Regarding the second factor, Plaintiff is aware of no other litigation concerning the
claims at issue here. Given the length of time that has passed and the facts of this case it is highly
unlikely that any such litigation will be filed.

> Regarding the third factor, a class action promotes judicial economy because individual
lawsuits would rely on the same evidence of Vuzem's practices and policies. Concentrating the
litigation in this forum is therefore efficient because the Court is already familiar with the issues
and facts. "[I]t would be far more costly and time consuming for each individual putative class
member to seek and compel discovery of [Defendant's] policies and procedures, take multiple

depositions, retain experts, and litigate damages issues. For these reasons, Courts often certify class actions when employer wage and hour practices similarly impact a large number of workers." *Otsuka*, 251 F.R.D. at 448-49 (internal citation omitted).

Finally, regarding the fourth factor, a class action will be eminently manageable, as set forth in the trial plan below. *See Leyva*, 716 F.3d at 515 (citing cases certifying classes of nearly 6,000 employees and 15,000 employees to support finding that wage and hour class of 538 employees is manageable).

### 3.    The "Trial" of this class action will be manageable.

Because Vuzem has not appeared in this case, the "trial" will consist of Plaintiff's motion for default judgment, filed herewith. Calculating damages in order to rule on that motion is manageable for two reasons. First, the Court can award damages to the Class Members even though they are only approximate. Second, the Court can calculate class-wide damages based upon the damages model proposed by Plaintiff in his motion for default judgment.

Under California law, Vuzem was required by law to keep records regarding the work performed by Class Members and to provide those records to the Class Members. Vuzem failed to do so. Courts have recognized that it would be a "perversion of fundamental principles of justice" to deny relief to workers under these circumstances. *See Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986).

For this reason, courts have developed a method for handling wage claims where a defendant has failed to keep proper records. Seventy-five years ago, in *Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 680, 688 (1945), the United States Supreme Court held that where an employer has failed to keep records required by statute, the consequences for such failure should fall on the employer and not on the employee. The alternative would allow the employer to keep

the benefits of an employee's labors without paying due compensation."   In such a situation, imprecise evidence can provide a sufficient basis for damages. *Anderson*, 328 U.S. at 687; *Reeves v. International Tel. and Tel. Corp.*,  616 F.2d 1342, 1351 (9th Cir. 1980).

> In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Anderson*, 328 U.S. at 687–688; *see also Brock,* 790 F.2d at 1447–1448.

California courts are in accord. *See Romaca v. Meyer* 114 Cal.App.2d 375, 384 (1952); *Hernandez v. Mendoza* 199 Cal.App.3d 721, 726–727 (1988).

Furthermore, for each of the claims at issue Plaintiff has presented evidence to show the amount and extent of the work performed by Class Members as a matter of just and reasonable inference. *See* Plaintiff's Motion for Default Judgment, filed herewith. Plaintiff has also presented a damages model that will allow the Court to calculate class-wide damages for each of the claims. *Id.*

For these reasons, the "trial" in this matter will be eminently manageable,

### D.      Proposed Class Counsel Meets the Requirements of Rule 23(g)

Rule 23(g) requires that the representative party's attorney be qualified, experienced, and generally able to conduct the litigation. *See* F.R.C.P. 23(g).

Plaintiff has retained counsel qualified and experienced in the issues raised in this litigation. (Dresser Decl., ¶¶ 18-37). Plaintiff's counsel has experience in wage and hour litigation, employment law, and class actions. (Dresser Decl., ¶ 24, 25, 28-30.)

Furthermore, Plaintiff's counsel has litigated this case vigorously to date. Counsel has committed substantial resources to representing the class and has demonstrated its ability to represent the classes. (Dresser Decl., espec. ¶¶ 5-10, 28-36, 38-44; see also Authenticating Decl, Ex. B, C, D and E.) The Court should therefore appoint Plaintiff's counsel to represent the class(es).

**E.  The Court has subject matter and personal jurisdiction**

The Court in the Related action of US ex rel Lesnik v Eisenmann SE, Northern District action 16-CV-01120, denied without prejudice a motion for class certification, ruling "the Court cannot rule on Plaintiffs' motion for class certification until Plaintiffs have established that the Court has subject matter and personal jurisdiction over Plaintiffs' putative class claims and over the defendants." (ECF Doc # 498)

The Court in the within action issued its Order on October 26, 2021 granting in part and denying in part Plaintiffs' motion to remand.  (ECF Doc # 42).  The Court in this Order held that it has federal question jurisdiction over Plaintiffs' claims under FLSA and TVPRA and has supplemental jurisdiction over six of Plaintiffs' state law claims. Id. at 6–12.  Permissible service of process on each of ISM Vuzem d.o.o., HRID-Mont, d.o.o., Robert Vuzem and Ivan Vuzem was by the Central Authority of the Republic of Slovenia under the provisions of the Hague Convention for Service Abroad (See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Hague Service Convention), art. 2,

20 U.S.T. at 362; Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (explaining Central

Authority), and by additional permissible service private investigator in Slovenia by post. (See

Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017) (ECF Doc # 53, 54, 54-1, 55, 56, 56-

1, 57, 58-1, 59, 60, 60-1; see also ECF Doc # 64-67).

Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o.; Robert Vuzem; and Ivan Vuzem

have been properly served. The Court properly exercises personal jurisdiction over ISM Vuzem

d.o.o.; HRID-Mont, d.o.o.; Robert Vuzem; and Ivan Vuzem.

## IV.      CONCLUSION

For all the foregoing reasons, Plaintiff requests that this Court certify this class action

under Rule 23(b)(3), and appoint Plaintiff's counsel to represent the class. Plaintiff further

requests that the Court order that notice of this class action be issued to the Class Members.

Dated: January 26, 2023

_____
William C. Dresser
Attorneys for Plaintiffs Sasa Maslic, and others individually;
and Sasa Maslic as proposed Class Representative

Maslic_Vuzem\Pld\federal\drafts\2023_01_25_MtnClassCert