UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ISM VUZEM D.O.O., et al.,<br><br>   Defendants. | Case No. 21-cv-02556-BLF<br><br>**ORDER GRANTING PLAINTIFF SASA MASLIC'S MOTION FOR CLASS CERTIFICATION; AND SETTING DEADLINE TO SUBMIT NOTICE PLAN**<br><br>[Re: ECF 86] |

  This suit is brought by fourteen individuals who claim that they were transported to the United States from their home countries of Bosnia and Herzegovenia, the Republic of Slovenia, and Croatia to provide cheap labor for American companies. Defendant ISM Vuzem d.o.o. ("Vuzem"), a Slovenian company, allegedly employed Plaintiffs and contracted their labor to Defendant Tesla, Inc. ("Tesla") and its general contractor, Defendant Eisenmann Corporation ("Eisenmann"), for work on a construction project at Tesla's facility in Fremont, California. Plaintiffs sue Vuzem and related entities ("Vuzem Defendants"), Tesla, and Eisenmann for wage and hour violations under federal and state law, and for human trafficking under federal and state law. Plaintiffs assert a several individual claims and one putative class claim.

  Now before the Court is Plaintiff Sasa Maslic's motion for class certification with respect to the putative class claim, alleging violations of state wage and hour laws on behalf of Vuzem employees who worked at Tesla's Fremont facility. As discussed below, Tesla and Eisenmann have been dismissed from all wage and hour claims. Thus, at this time the putative class claim is asserted only against the Vuzem Defendants.

1 None of the six Vuzem Defendants has responded to the motion for class certification.
2 Four of them – Vuzem, HRID-MONT d.o.o., Ivan Vuzem, and Robert Vuzem – have defaulted.
3 *See* Clerk's Entry of Default, ECF 68. The other two – ISM Vuzem USA, Inc. and Vuzem USA,
4 Inc. – do not appear to have been served. The Court will separately issue an Order to Show Cause
5 why ISM Vuzem USA, Inc. and Vuzem USA, Inc. should not be dismissed for failure to effect
6 service of process as required under Federal Rule of Civil Procedure 4(m).
7 The Court previously vacated the hearing on Maslic's motion for class certification. *See*
8 Order, ECF 88. The motion is GRANTED for the reasons discussed below.

## I. BACKGROUND

Plaintiffs filed this suit in the Alameda County Superior Court in August 2020, and filed a first amended complaint ("FAC") in October 2020. *See* Not. of Removal at 2-3, ECF 1. Tesla and Eisenmann removed the suit to federal district court in April 2021, asserting the existence of federal jurisdiction based on Plaintiffs' federal statutory claims and the Class Action Fairness Act, 28 U.S.C. § 1453. *See* Not. of Removal at 3-4. The case was assigned to Judge Lucy H. Koh, who severed and remanded one claim to the state court, and also dismissed all wage and hour claims against Tesla and Eisenmann. *See* Orders, ECF 42, 45. The case thereafter was reassigned to the undersigned judge. *See* Order Reassigning Case, ECF 51.

Plaintiffs obtained leave of this Court to file a corrected FAC ("CFAC") in order to correct the spelling of a party's name. *See* Order, ECF 62. The operative CFAC alleges that Plaintiffs are residents of Bosnia and Herzegovenia, the Republic of Slovenia, and Croatia. *See* CFAC ¶ 1. Vuzem allegedly employed 177 individuals, including Plaintiffs, who were sent to California to perform construction work at Tesla's facility located in Fremont, California between July 2014 and June 2016. *See id.* ¶¶ 16-17, 89. Plaintiffs allege that while in California they lived in assigned housing units, were picked up by a van at 6:30 a.m. every Monday through Saturday for transport to the Tesla facility, and were returned to their housing units after 6:00 p.m. every Monday through Friday and after 4:00 p.m. every Saturday. *See id.* ¶¶ 52-53. Plaintiffs also worked many Sundays. *See id.* Plaintiffs claim that they were paid a flat rate per month, in violation of federal and state laws requiring payment of minimum wages and overtime wages. *See*

*id*. ¶¶ 26, 38, 54-57, 61.  Plaintiffs also claim that they were not given rest periods, wage statements, or waiting time penalties required under California law.  *See id.* ¶¶ 65, 70, 81-83.

Based on these allegations, Plaintiffs assert the following claims against the Vuzem Defendants, Eisenmann, and Tesla:  (1) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime wages in violation of the FLSA; (3) failure to pay minimum wages in violation of California law; (4) failure to pay overtime wages in violation of California law; (5) failure to provide meal breaks and rest periods in violation of California law; (6) failure to provide accurate wage statements in violation of California law; (7) failure to pay waiting time penalties in violation of California law; (8) a putative class claim for violation of California wage and hour law; (9) trafficking and coerced labor under the federal Trafficking Victims Protection Reauthorization Act and the California Trafficking Victims Protection Act; and (10) a claim under California Labor Code § 3706.

Claim 8, the putative class claim, is brought by Maslic on behalf of himself and 177 putative class members who worked at the Tesla facility in Fremont, California between May 2014 and June 2016.  *See* CFAC ¶¶ 86-107.  Vuzem allegedly was the employer that hired the putative class members and was paid for their work at the Tesla facility.  *See id.* ¶¶ 16, 89.  The other Vuzem Defendants allegedly are liable under an alter ego theory.  *See id.* ¶¶ 8-9.  Maslic seeks certification of a damages class with respect to Claim 8 under Federal Rule of Civil Procedure 23(b)(3), and also seeks appointment as the class representative.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 23 governs class certification.  "The party seeking class certification has the burden of affirmatively demonstrating that the class meets the requirements of [Rule] 23."  *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1066 (9th Cir. 2021) (internal quotation marks and citation omitted).  "As a threshold matter, a class must first meet the four requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation."  *Id*.

"In addition to Rule 23(a)'s requirements, the class must meet the requirements of at least one of the three different types of classes set forth in Rule 23(b)."  *Stromberg*, 14 F.4th at 1066

(internal quotation marks and citation omitted); *see also Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022). "To qualify for the third category, Rule 23(b)(3), the district court must find that 'the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Olean*, 31 F.4th at 664 (quoting Rule 23(b)(3)).

"Before it can certify a class, a district court must be satisfied, after a rigorous analysis, that the prerequisites of both Rule 23(a) and 23(b)(3) have been satisfied." *Olean*, 31 F.4th at 664 (internal quotation marks and citation omitted). "[P]laintiffs must prove the facts necessary to carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Id*. at 665. "In carrying the burden of proving facts necessary for certifying a class under Rule 23(b)(3), plaintiffs may use any admissible evidence." *Id*.

### III. DISCUSSION

Maslic contends that all four requirements of Rule 23(a) are satisfied in this case, and that certification of a damages class is appropriate under Rule 23(b)(3). Before addressing the Rule 23 requirements, the Court notes that the class definition set forth in Maslic's motion differs from the class definition set forth in the operative CFAC. The motion seeks certification of the following class:

> All non-management individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016.

Mot. at 2. The CFAC defines the class as follows:

> All non-management individuals employed by ISM Vuzem, d.o.o., or for ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., who worked at the Tesla site in Fremont, California between November 2014 and June of 2016.

CFAC ¶ 88.

Some district courts have found it appropriate to allow amendment of the class definition at the certification stage where "the proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants." *In re TFT-LCD (Flat Panel) Antitrust Litig.*,

4

267 F.R.D. 583, 591 (N.D. Cal. 2010). However, amendment is inappropriate where the plaintiffs seek to certify "a completely different class" from that alleged in the complaint, particularly where the defendant would be prejudiced and additional discovery would be required. *See Davis v. AT&T Corp.*, No. 15cv2342-DMS (DHB), 2017 WL 1155350, at *4 (S.D. Cal. Mar. 28, 2017).

In the present case, the proposed modifications narrow the class to individuals employed by Vuzem itself, rather than any of the other Vuzem Defendants, and change the class period slightly. Those modifications are minor and do not create "a completely different class" from that alleged in the CFAC. Moreover, allowing the amendment to the class definition will not prejudice the Vuzem Defendants, who have not appeared in this case. Accordingly, the Court will allow the amendment to the class definition and will evaluate the motion for class certification based on the class definition set forth in Maslic's motion. The Court will further modify the class definition for clarity and consistency with California Labor Code provisions: where Plaintiffs identify "All non-management individuals," the Court will change that phrase to cover "All non-exempt individuals." The Court notes that throughout the motion Plaintiffs use these designations interchangeably.

The Court next turns to the requirements of Rule 23(a) and (b).

**A.      Rule 23(a) Requirements**

**1.      Numerosity**

Rule 23(a)(1) requires that the size of the proposed class be "so numerous that joinder of all the class members is impracticable." Fed. R. Civ. P. 23(a)(1). "No exact numerical cut-off is required; rather, the specific facts of each case must be considered." *Litty v. Merrill Lynch & Co.*, No. CV 14-0425 PA (PJWx), 2015 WL 4698475, at *3 (C.D. Cal. Apr. 27, 2015). "[N]umerosity is presumed where the plaintiff class contains forty or more members." *Id.*

Plaintiffs' counsel submits a declaration stating that his office has identified 177 non-supervisory employees of Vuzem who worked at Tesla's facility in Fremont, California between July 2014 and April 2016. *See* Dresser Decl. ¶¶ 38-43, ECF 86-2. Based on Counsel's declaration, the Court finds that the numerosity requirement is satisfied.

**2.      Commonality**

Rule 23(a)(2) requires the plaintiff to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The requirement cannot be satisfied by any common question, however. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Id.* at 349-50 (internal quotation marks and citation omitted). The claim of common injury must depend on a common contention "of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Maslic has identified several questions that are common to the putative class and are capable of classwide resolution, including whether Vuzem engaged in the following employment practices in violation of California wage and hour laws: paying non-exempt employees a flat rate per month that resulted in an hourly rate less than minimum wage; paying non-exempt employees a flat rate per month that did not include overtime; failing to provide meal and rest breaks; failing to provide wage statements; and failing to pay all wages due at the time of termination. Another question common to the putative class is whether the other Vuzem Defendants, including Robert Vuzem and Ivan Vuzem, are liable for those violations under an alter ego theory. The Court finds that these common issues satisfy Rule 23(a)(2).

### 3. Typicality

Rule 23(a)(3) requires that "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The purpose of this requirement is to "ensure[] that the interest of the class representative aligns with the interests of the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotation marks and citation omitted). "The requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Id*. (internal quotation marks and citation omitted). However, "[a] court should not certify a class if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id*. (internal quotation marks and citation omitted).

Maslic submits a declaration dated January 22, 2023 ("Maslic 2023 Decl.") stating that his

1 claims for minimum wage violations, overtime violations, rest period violations, wage statement
2 violations, and waiting time penalties are typical of the claims asserted on behalf of the putative
3 class as a whole. *See* Maslic 2023 Decl. ¶ 5, ECF 86-1. He also submits a prior declaration dated
4 April 23, 2020 ("Maslic 2020 Decl.") describing his employment by Vuzem and his work at the
5 Tesla facility in Fremont, California during the class period. *See* Maslic 2020 Decl., Ex. X to
6 Bozinovic Decl., ECF 86-3. Maslic states that he worked for Vuzem from May 2014 to June
7 2016, during which time he worked at Tesla's Fremont, California facility for at least six months.
8 *Id.* ¶¶ 3-5. He states that while working at Tesla, he was paid a flat rate and was not paid for
9 overtime. *See id.* ¶ 7. He worked almost every day at the Tesla facility, usually more than 8 hours
10 per day and often more than 12 hours per day. *See id.* ¶¶ 14-16. He was not permitted to take all
11 rest breaks required under California law. *See id.* ¶¶ 17-18. He did not receive a wage statement,
12 and upon termination he did not receive all wages owed. *See id.* ¶¶ 19-20.

The Court is satisfied that Maslic's claims are typical of the putative class.

**4.    Adequacy**

To determine Maslic's adequacy as class representatives, the Court must resolve two questions: (1) whether Maslic and his counsel have any conflicts of interest with other class members and (2) whether Maslic will prosecute the action vigorously on behalf of the class. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Maslic states in his 2023 declaration that he understands the responsibilities of a class representative and is committed to fulfilling those responsibilities in this case. *See* Maslic 2023 Decl. ¶¶ 3-7. Maslic's counsel has submitted a declaration describing his consultations with Maslic about the putative class claim. *See* Dresser Decl. ¶¶ 101-107. The record does not reflect any conflicts of interest. The Court is satisfied that Maslic and his counsel have demonstrated their ability and intention to prosecute this action vigorously on behalf of the class.

The Court finds that the adequacy requirement is satisfied.

**B.    Rule 23(b)(3)**

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prod., Inc. v.*

*Windsor*, 521 U.S. 591, 614 (1997).  Maslic seeks certification under Rule 23(b)(3).  A class may be certified under Rule 23(b)(3) only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members."  *Olean*, 31 F.4th at 668 (internal quotation marks and citation omitted).  The plaintiffs need not show that they are likely to succeed on the common issues in the case.  *See id.* at 667.

The Court has no difficulty finding that the common questions identified by Maslic with respect to Rule 23(a)(2) predominate over individual questions such that those common questions also satisfy Rule 23(b)(3).  Maslic asserts that Vuzem engaged common unlawful employment practices with respect to all non-exempt employees who worked at the Tesla facility in Fremont, California during the class period.  Whether Vuzem did engage in those common practices – paying all class members a flat rate, failing to pay minimum wages and overtime wages, failing to provide wage statements, and failing to pay all wages owing upon termination present – goes to the core of the class claim.  District courts within the Ninth Circuit have found the Rule 23(b)(3) predominance requirement to be satisfied in cases involving similar violations of the California Labor Code.  *See, e.g., Magadia v. Wal-Mart Assocs., Inc.*, 324 F.R.D. 213, 223 (N.D. Cal. 2018) (Rule 23(b) predominance requirement met for claims alleging violations of California Labor Code provisions governing meal breaks, overtime, and wage statements); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 444 (E.D. Cal. 2013) (Rule 23(b) predominance requirement met where "central issues raised by the complaint concern policies and practices of Defendant which apply broadly to all the employees").

The Court likewise finds that a class action is the superior method for adjudicating the class claim for violations of California wage and hour laws.  Rule 23 lists the following factors that Courts should consider in making this determination:  "(A) the class members' interests in

8

individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).  Maslic points out that because the class members are foreign residents who worked in the United States for a limited time, they are unlikely to pursue their claims on an individual basis.  Concentrating litigation of the class members' claims in this forum would be efficient because each class member's claims would rely on the same evidence and this Court is familiar with the claims at issue.  Other district courts in the Ninth Circuit have found the Rule 23(b)(3) superiority requirement met on similar facts.  See, e.g., Barbosa, 297 F.R.D. at 445 ("[T]he filing of individual suits by 1,837 separate plaintiffs would create an unnecessary burden on judicial resources.").

### C. Conclusion

For the reasons discussed above, the Court finds that Maslic has demonstrated that all requirements for class certification of Claim 8 are satisfied, and that certification of the class is warranted.

## IV. ORDER

(1) The motion for class certification on Claim 8 is GRANTED.  The Court hereby certifies the following class:

> All non-exempt individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016.

(2) Plaintiff Sasa Maslic is appointed as the class representative.

(3) The Law Office of William C. Dresser is appointed as Class Counsel.

(4) Plaintiff Sasa Maslic shall file a proposed notice plan by August 7, 2023.

Dated: June 26, 2023

_____
BETH LABSON FREEMAN
United States District Judge