William C. Dresser, 104375
Law Office of William C. Dresser
14125 Capri Drive, Suite 4
Los Gatos, CA 95032-1541
Tel: 408-279-7529
Alt: 408-628-4414
Fax: 408-668-2990

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, and Gogo Rebic,<br><br>                              Plaintiffs,<br><br>vs.<br><br>ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, and Does 1 through 50, inclusive,<br><br>                              Defendants.. | Action No.:  5:21-cv-02556-BLF<br><br>Notice of Motion and Motion by Counsel William Dresser to Withdraw from Representation of Plaintiff Goran "Gogo" Rebic; Memorandum of Points and Authorities; Declaration of William Dresser<br><br>Date:    September 21, 2023<br>Time:    9:00<br>Courtroom:  3, 5th Floor<br><br>Judge:  Hon. Beth Labson Freeman |

TO PLAINTIFF GORAN GOGO REBIC, ALL PARTIES AND TO THEIR COUNSEL

AND TO THE COURT:

Please take notice that on September 21, 2023, at 9:00 a.m., or as soon

thereafter as counsel may be heard, in Courtroom 3 of this Court, located at 280 South

First Street, San Jose, California 95113, William C. Dresser will and hereby does move

to withdraw as counsel for Plaintiff Goran "Gogo" Rebic.

Relief is requested pursuant to Civil Local Rule 11-5, and California Rules of Professional Conduct, Rule 1.16, and on the basis that Mr. Rebic has not communicated with Mr. Dresser and his office, and Mr. Dresser is unable to represent Mr. Rebic for this reason.

This motion is based on this Notice, the accompanying Declaration of William Dresser and Memorandum of Points and Authorities, on all records on file herein, and on such evidence and argument as may be presented before or at the hearing of this motion.

Dated:  July 6, 2023

__/s/_____
William C. Dresser
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORIES

**I.     Summary of Argument and Relevant Facts**

Counsel for Plaintiffs William Dresser and his office have not had contact with Plaintiff Goran "Gogo" Rebic at any time after counsel was initially notified in the late summer of 2020 that Mr. Rebic desired to be represented as an individual Plaintiff.  Mr. Rebic had before then provided information and documents concerning his work for and relationship and communications with ISM Vuzem, d.o.o. and its principals Robert Vuzem and Ivan Vuzem, and related entity HRID-Mont, d.o.o.

Mr. Rebic was sent emails on April 25, 2022, August 25, 2022, and October 26, 2022, was sent a letter on October 26, 2022, and was sent an e-mail and letter on January 26, 2023 by counsel Mr. Dresser requesting information to support the individual claims for Mr. Rebic in this case.  These also requested Mr. Rebic to advise if he wanted Mr. Dresser to represent him in this action.  Records with the US Postal Service confirm that the letter sent by post reached its destination.  All e-mails to Mr. Rebic were received and not rejected as undeliverable.

Mr. Rebic has not responded to requests for information sent to him in letters and notices sent by post, e-mail, and federal express.  Mr. Rebic has not attended scheduled zoom conferences.  Mr. Rebic has not responded to any of these requests for assistance and cooperation.

**II.     Relief Should be Granted**

Withdrawal of counsel is governed by Civil Local Rule 11-5 which states in full:

"11-5. Withdrawal from Case

(a) Order Permitting Withdrawal. Counsel may not withdraw from an action until

relieved by order of the Court after written notice has been provided, reasonably in

advance, to the client and to all other parties who have appeared in the case.

  (b) Conditional Withdrawal. When withdrawal by an attorney from an action is

not accompanied by simultaneous appearance of substitute counsel or agreement

of the party to appear pro se, leave to withdraw may be subject to the condition

that papers may continue to be served on counsel for forwarding purposes, unless

and until the client appears by other counsel or pro se. When this condition is

imposed, counsel must notify the party of this condition. Any filed consent by the

party to counsel's withdrawal under these circumstances must include

acknowledgment of this condition."

Civil Local Rule 11-5.

    The Court's Civil Local Rules thus authorize an attorney to withdraw as counsel

of record if: (1) written notice has been given reasonably in advance to the client and all

other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a).

    The conduct of counsel, including the withdrawal of counsel, is governed by the

standards of professional conduct required of members of the State Bar of California.

Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying

California Rules of Professional Conduct to attorney withdrawal). California Rule of

Professional Conduct 1.16 provides several enumerated grounds pursuant to which

counsel may properly seek to withdraw from a representation.  These include:

    "(4) the client by other conduct renders it unreasonably difficult for the lawyer to

    carry out the representation effectively;"

Cal. Rules of Prof Conduct, Rule 1.16(b), sub. (4).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." Atkins v. Bank of Am., N.A., 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing Deal v. Countrywide Home Loans, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." Robinson v. Delgado, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

Counsel here has taken steps to avoid reasonably foreseeable prejudice to the rights of the client Goran Gogo Rebic by taking all steps to communicate with the client, by post, and e-mails, throughout the case including leading up to the intended filing on behalf of all other Plaintiffs of a motion for default judgment.  See Cal Rule of Prof Conduct 1.16(d).

Mr. Rebic has received communications at his e-mail address.  He has not accepted mail at his last known residence address.  Leave to withdraw should not be made subject to the condition that papers may continue to be served on counsel for forwarding purposes.  See Civ. L.R. 11-5(b).  This is particularly true in this action in which counsel has had no contact with the client and the remaining claims by Mr. Rebic individually are motions for default judgment which are intended to be completed and filed within the week on behalf of all other Plaintiffs.

Movant's withdrawal will not cause any prejudice or delay in this case.  Rather, in that motions for judgment will be filed by all other individual Plaintiffs, not allowing counsel to withdraw will delay this case.

**III. Conclusion**

Counsel William Dresser may withdraw pursuant to California Rule of Professional Conduct 1.16(b) (4), which permits withdrawal if "(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  The client Plaintiff Rebic's failure to respond and to failure to cooperate with counsel is good cause for such withdrawal.  Counsel having tried for well more than a year to have Plaintiff Goran Rebic communicate with counsel and provide information to counsel, Mr. Rebic has had reasonable advance of his need to cooperate in prosecuting his claim.  This included advising Mr. Rebic of requests for information, and of work on preparing motions for judgments for him and for the other Plaintiffs herein.

WHEREFORE it is respectfully requested that this motion be granted, and that William Dresser be permitted to withdraw as counsel for Plaintiff Rebic.


Dated:  July 6, 2023

_____
William C. Dresser
Attorneys for Plaintiffs

## DECLARATION OF WILLIAM C. DRESSER

1.      I am an attorney at law, duly authorized to practice in, among other venues, the State of California, the United States District Court for the Northern District of California, and the Ninth Circuit Court of Appeals.

2.      I am the attorney for the Plaintiff Goran "Gogo" Rebic, as well as for Plaintiffs Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, and Nedeljko Živanic.

3.      I have personal knowledge of all facts stated in this declaration, and if called to testify, I can and would testify competently thereto.

4.      I have not had contact with Plaintiff Goran "Gogo" Rebic at any time after I was initially notified in the late summer of 2020 that Mr. Rebic desired to be represented by me as an individual Plaintiff.

5.      Mr. Rebic had before then provided information and documents concerning his work for and relationship and communications with ISM Vuzem, d.o.o. and its principals Robert Vuzem and Ivan Vuzem, and related entity HRID-Mont, d.o.o.

6.      I sent e-mails to Mr. Rebic individually on April 25, 2022, August 25, 2022, and October 26, 2022.  Each requested information to support the individual claims for Mr. Rebic in this case.

7.      That of October 26, 2022 was also sent by mail to his last known address.  I tracked it through the US Postal Service.  It arrived at its destination, but was not claimed or picked up by Mr. Rebic.

8.      I also sent to Mr. Rebic an e-mail on January 26, 2023 requesting information to

support the individual claims for Mr. Rebic in this case.  In this letter and e-mail I also

asked Mr. Rebic to please let my office know by if he did not want us to continue to

represent him.  Mr. Rebic never responded.

9.      All e-mails to Mr. Rebic were received and not rejected as undeliverable.

10.     Mr. Rebic has not responded to requests for information sent to him in letters and

notices sent by post, and e-mail.  I also sent e-mails to all of the Plaintiffs for scheduled

zoom conferences.  Mr. Rebic has not attended scheduled zoom conferences.

11.     Mr. Rebic has had reasonable advance notice of his need to cooperate in

prosecuting his claim.  This included my advising Mr. Rebic of our requests for

information, and of the status of and work on preparing motions for judgments for him

and for the other Plaintiffs herein.

12.     I have communicated with each of the Plaintiffs in this case to obtain information

to identify their unique dates of work at specific work locations in multiple interrupted

assignments over several years, and what documentation they have for income and

time.  This has been by e-mail, zoom and phone calls.  All have responded and all have

provided the requested information and documents, and completed declarations with

exhibits, other than Mr. Rebic.

13.     I intend to file a single motion for judgment on the individual wages and hours

claims in this case.  I am prepared to do so, other than for Mr. Rebic.  I intend to file this

motion within the next week.

14.     I have asked other people if they have a current address for Mr. Rebic.  They did

not.  The best I learned is that Mr. Rebic has a partner who lives in Zagreb, but they

have no address for her or for Mr. Rebic in Zagreb.  They also did not know if he still

has the same address for himself as he had before.

15.    Mr. Rebic's last known address and contact information is:

Goran "Gogo" Rebic

Hromec 106

49225 Đurmanec, Croatia

Tel: 001 00385 91 957 0124

gogo.rebic@gmail.com

16.    I am sending a copy of this motion to Mr. Rebic by e-mail attachment to this e-mail address, and by US Postal Service to this last known residence address.

17.    I request that the Court grant this motion to withdraw, and that any notices to be sent to Mr. Rebic be sent to him by e-mail and mail to:

Goran "Gogo" Rebic

Hromec 106

49225 Đurmanec

Croatia

gogo.rebic@gmail.com

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me in Los Gatos, California on July 6, 2023.


___/s/_____
William C. Dresser


Maslic_Vuzem\Pld\2023_07_06_MtnWithdrawRebic