William C. Dresser, 104375
Law Office of William C. Dresser
14125 Capri Drive, Suite 4
Los Gatos, CA 95032-1541
Tel: 408-279-7529
Alt: 408-628-4414
Fax: 408-668-2990

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitje Pogorevc,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive,<br><br>　　　　　Defendants.. | Action No.: 5:21-cv-02556-BLF<br><br>Plaintiff Sasa Maslic's Notice of Motion and Motion for Approval of Proposed Class Notice Plan; Memorandum of Points and Authorities<br><br>Date:　December 14, 2023<br>Time:　9:00 a.m.<br>Courtroom 3, 5th Floor<br>Judge:　Hon. Beth Labson Freeman |

**NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 14, 2023, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 3, 5th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Plaintiff and Class Representative Sasa Maslic ("Plaintiff") will and hereby does move this Court for Approval of Proposed Notice Plan for the Class of "All non-exempt individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016."

The proposed Plan in English is attached as Exhibit A to the Declaration of William Dresser.  A copy translated into Croatian is Exhibit B.  This motion is made pursuant to Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

Plaintiff's Motion is based on this Notice and the accompanying Memorandum of Points and Authorities in support thereof; the concurrently filed Declaration of William C. Dresser in Support of Motion for Class Certification, and Authenticating Declaration with Exhibits and Proposed Order Granting Class Certification; the Court's files and records; and any other evidence, briefing, or argument properly before this Court.

Dated: August 7, 2023

```
    /s/_____
William C. Dresser
Attorneys for Plaintiff individually, and
Sasa Maslic as proposed Class Representative
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The October 29, 2020 filed First Amended Complaint asserts two individual FLSA wages claims, five individual claims under the California Labor Code, and an eighth cause of action of a Class action based on wage and hour violations of the California Labor Code. The Eighth Cause of Action is brought against Defendant ISM Vuzem, d.o.o. and related persons Defendants HRID-MONT d.o.o., Ivan Vuzem, and Robert Vuzem.

On June 26, 2023 this Court granted class certification in this case, certified the following Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All non-exempt individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016.

ECF Doc No. 90.

Plaintiff Sasa Maslic as Class Representative moves this Court to approve a Class Notice Plan of formal long form notice sent by via International Priority Airmail by the United States Postal Service and via e-mail to all known Class members for whom names and address or e-mail or both can be compiled.

## II. STATEMENT OF CASE

Class members are individuals who were transported to the United States from their home countries of Bosnia and Herzegovenia, the Republic of Slovenia, Croatia, and Hungary to provide cheap labor for American companies. Defendant ISM Vuzem d.o.o. ("Vuzem"), a Slovenian company, was the direct employer of individual Plaintiffs

and Class members. Vuzem contracted their labor to Defendant Tesla, Inc. ("Tesla") and its general contractor, Defendant Eisenmann Corporation ("Eisenmann"), for work on a construction project at Tesla's facility in Fremont, California. Plaintiffs sue Vuzem and related entities ("Vuzem Defendants"), Tesla, and Eisenmann for wage and hour violations under federal and state law, and for human trafficking under federal and state law. The wage and hour claims against Eisenmann and Tesla have been dismissed.

Plaintiff Maslic as Class Representative seeks to provide Notice to the Class of this lawsuit and of the Class members rights under Federal Rules of Civil Procedure, Rule 23 to opt out of the class.

### III.  LEGAL ARGUMENT

**A. Notice must be the best practical**

"For any class certified under Rule 23(b)(3) ... the court must direct to class members the best notice that is practicable under the circumstances." (Fed. R. Civ. P. 23(c)(2)(B).) "[N]otice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." (Id.) Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).)

Plaintiff identifies in this motion the proposed Notice, proposed manner of Notice, and proposed time line for Notice administration.

**B. Form of Notice**

Notice to Class members must clearly and concisely state:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

(Fed. R. Civ. P. 23(c)(2)(B); Schneider v. Chipotle Mexican Grill, Inc., No. 16-CV-02200-HSG, 2019 WL 1512265, at *2 (N.D. Cal. Apr. 8, 2019).)

Notice will be in both English and in Croatian, the predominant language of Class members that is understood by all members.  Plaintiff's proposed form of Notice in English is attached as Exhibit A and in Croatian is Exhibit B to the Declaration of William C. Dresser in support of Plaintiffs' Motion.

Plaintiff's proposed Long Form Notice satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). The notice states clearly the nature of the action, the definition of the certified Class, the Class claims, that a Class member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the Class any member who requests exclusion, the time and manner for

requesting exclusion, and the binding effect of a class judgment. (See Long Form Notice; Fed. R. Civ. P. 23(c)(2)(B).)

The notice accurately informs Class members as to the state of the litigation. (See Tierno v. Rite Aid Corp., No. C05-02520 TEH, 2007 WL 4166028, at *1 (N.D. Cal. Nov. 19, 2007) (Class notice should contain "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class").)

**C. Manner of Notice**

There are two ways that notice will be given.  Under the first part of the class notice plan, the Class Notice Administrator will mail the long form notice and exclusion forms via first class mail to all known Class members for whom names and addresses can be compiled.  This is reasonably believed to be large majority of Class members. Dresser Decl., para 5 – 10, 56 – 61, 63, see also para 13 through 51 (review of and calculation of employee work data).  For all class members whose mailed notice was returned to sender, alternative addresses will be obtained, and the same International Priority Airmail form of notice will be sent to all such alternative addresses.

Under the second part of the class notice plan, the long form notice and exclusions forms will be sent via e-mail to all known Class members for whom names and e-mail addresses can be compiled.  This, too, is a large majority of the Class members.  Id.

Class counsel has already obtained names and contact information such that between the first and the second part of the notice plan, notice would be sent to more than 140 of the believed 177 Class members.  Dresser Decl, para 56 - 61.  The Federal

Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable.  Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (Fed. Jud. Ctr. 2010), last checked 8/7/2023 at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.; see Chinitz v. Intero Real Estate Servs., Case No. 18-cv-05623-BLF (N.D. Cal. Dec. 1, 2020)  2020 WL 7042871.

Under Federal Rule of Civil Procedure 23(c)(2)(B), for any class certified under Rule 23(b)(3), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." (Fed. R. Civ. P. 23(c)(2)(B); Schneider, supra, 2019 WL 1512265, at *2.)  "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." (Fed. R. Civ. P. 23(c)(2)(B).)

The proposed manner of notice provides the class members with adequate notice. (See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (notice must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); Lundell v. Dell, Inc., No. C05-3970, 2006 WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006) (holding that notice sent via email and first-class mail constituted the "best practicable notice" and satisfied due process requirements).)

"The usual rule is that a plaintiff must initially bear the cost of notice to the class." (Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974).)  Plaintiff shall be responsible for the costs of notice.  Plaintiff requests leave to later seek reimbursement of the costs.

**D. Timeline**

The proposed Opt-out Period is reasonable. Class members will be given sixty (60) days from the initial mailing of the Class Notices to decide whether to opt out. The Class Notice Administrator will include the date certain by which to opt out in the Class Notice at the time of mailing.

Ninth Circuit cases have approved shorter notice periods for opt-out class actions. (See, e.g., Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993).) The opt out timeline in this case gives Class members sufficient time to consider their options and is consistent with timelines approved by other district courts in this circuit. (See, e.g., Makaeff v. Trump Univ., LLC, Nos. 10-cv-0940-GPC-WVG, 2015 WL 5638192, at *6-7 (S.D. Cal. Sept. 21, 2015) (setting opt-out deadline 45 days after mailing of notice and 35 days after first publication of notice).)

Plaintiff proposes the following deadlines for dissemination of Notice:

Plaintiffs by counsel to provide a list of names and last known mailing addresses, telephone numbers, and e-mail address to Notice Administrator 14 days following entry of this Order.

Notice Administrator to mail all notices to class members 21 days following entry of this Order.

Notice Administrator to mail all notices to alternative addresses within 7 days of being provided by Plaintiffs by counsel of any such alternative addresses.

Deadline for class members to return exclusion forms to the Notice Administrator ("Opt-Out Deadline") 60 days after mailing of Class Notice

Notice Administrator to provide list of all class members who did not opt out to

class counsel 90 days after initial mailing of Class Notice.

These should provide adequate notice to and time to respond by Class members.

IV.     CONCLUSION

Plaintiff Class Representative Sasa Maslic has proposed Class Notice that accurately informs Class members as to the state of the litigation, and provides to the members the information required by Federal Rules of Civil Procedure, Rule 23(c)(2)(B).  It will be sent to as the vast majority of Class members.  Notice will be provided to class members that is the best that is practicable under the circumstances.

Plaintiff Class Representative Sasa Maslic requests that the Court approve the Notice Plan.


Dated: August 7, 2023

```
        ___/s/_____
        William C. Dresser
        Attorneys for Plaintiff individually, and
        Sasa Maslic as proposed Class Representative
```