1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živani, and Gogo Rebic,<br>          Plaintiffs,<br>vs.<br>ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive,<br>          Defendants. | Action No.:  5:21-cv-02556-BLF<br><br>[proposed]<br>Order Granting Plaintiffs' Motion for Approval of Class Notice Plan<br><br><br>Courtroom 3, 5th Floor<br><br>Judge:    Beth Labson Freeman |

    This action includes a class action dispute against Defendant ISM Vuzem, d.o.o. and related persons Defendants HRID-MONT d.o.o., Ivan Vuzem, and Robert Vuzem based on violations of various wage and hour laws in California.  Defendants employed Plaintiff Sasa Maslic, the other named individual Plaintiffs, and the members of the proposed Class to perform construction services at the Tesla site in Fremont, California.

The October 29, 2020 filed First Amended Complaint asserts two individual FLSA wages claims, five individual claims under the California Labor Code, and an eighth cause of action of a Class action based on wage and hour violations of the California Labor Code.

On June 26, 2023 this Court granted class certification in this case, certified the following Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All non-exempt individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016.

ECF Doc No. 90.

Plaintiff Sasa Maslic was also appointed as representatives of the Class and William Dresser was appointed as counsel for the Class.  Id.

This matter is before the Court on Plaintiffs' Motion for Approval of Class Notice Plan.  Pursuant to Civil Local Rule 7-1(b), the Court finds that Plaintiff's Motion is appropriate for determination without oral argument, and the December 14, 2023 hearing is VACATED.  The Court GRANTS Plaintiff's motion.

"For any class certified under Rule 23(b)(3) ... the court must direct to class members the best notice that is practicable under the circumstances." (Fed. R. Civ. P. 23(c)(2)(B).)  "[N]otice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3)." (*Id*.)

Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).)

This Court, having considered the documents filed in support of Plaintiffs' unopposed Motion as well as all arguments of counsel thereon, hereby GRANTS the Motion and adopts the following Notice Plan as the best notice practicable under the circumstances as required by Fed. R. Civ. P. 23©.

**I. Notice Administrator**

_____ is appointed as the Class Notice Administrator.

"The usual rule is that a plaintiff must initially bear the cost of notice to the class." (Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974).)  Plaintiff shall be responsible for the costs of notice.  Plaintiff may seek relief for reimbursement of the costs of notice.

**II.  Form of Notice**

Plaintiff's proposed form of Notice is attached as Exhibit A to the Declaration of William C. Dresser, submitted concurrently with and in support of Plaintiffs' Motion.

The Court has examined carefully the proposed class notice.  Plaintiff's proposed Long Form Notice satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). The notice states clearly the nature of the action, the definition of the certified Class, the Class' claims, that a Class member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the Class any member who requests exclusion, the time and manner for requesting exclusion,

and the binding effect of a class judgment. (See Long Form Notice; Fed. R. Civ. P. 23(c)(2)(B).)

The Court finds it appropriate that the notice accurately informs Class members as to the state of the litigation. (See Tierno v. Rite Aid Corp., No. C05-02520 TEH, 2007 WL 4166028, at *1 (N.D. Cal. Nov. 19, 2007) (Class notice should contain "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class").)

**III. Manner of Notice**

Under the first part of the class notice plan, the Class Notice Administrator will mail the long form notice and exclusion forms via International Priority Airmail by the United States Postal Service to all known Class members for whom names and addresses can be compiled.  For all class members whose mailed notice was returned to sender, an alternative address will be searched for, and the same International Priority Airmail form of notice will be sent to all such alternative addresses.

Under the second part of the class notice plan, the long form notice and exclusions forms will be sent via e-mail to all known Class members for whom names and e-mail addresses can be compiled.

Under Federal Rule of Civil Procedure 23(c)(2)(B), for any class certified under Rule 23(b)(3), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." (Fed. R. Civ. P. 23(c)(2)(B); Schneider v. Chipotle Mexican Grill, Inc., No. 16-CV-02200-HSG, 2019 WL 1512265, at *2 (N.D. Cal. Apr. 8, 2019).)  "The notice may be by one or more of the following: United States mail,

electronic means, or other appropriate means." (Fed. R. Civ. P. 23(c)(2)(B).) The notice must clearly and concisely state:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

(Fed. R. Civ. P. 23(c)(2)(B); Schneider, *supra*, 2019 WL 1512265, at *2.)

The Court is satisfied that the class members will be provided with adequate notice. (See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that notice must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); Lundell v. Dell, Inc., No. C05-3970, 2006 WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006) (holding that notice sent via email and first-class mail constituted the "best practicable notice" and satisfied due process requirements).)

**IV. Opt-out Period**

Class members will be given sixty (60) days from the initial mailing of the Class Notices to decide whether to opt out. The Class Notice Administrator will include the date certain by which to opt out in the Class Notice at the time of mailing.

Ninth Circuit cases have approved shorter notice periods for opt-out class actions.

(See, *e.g.*, Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993).) The opt out timeline in this case gives Class members sufficient time to consider their options and is consistent with timelines approved by other district courts in this circuit. (See, *e.g.*, Makaeff v. Trump Univ., LLC, Nos. 10-cv-0940-GPC-WVG, 2015 WL 5638192, at *6-7 (S.D. Cal. Sept. 21, 2015) (setting opt-out deadline 45 days after mailing of notice and 35 days after first publication of notice).)

**V. Deadlines for Dissemination of Notice**

Relevant dates pertaining to the dissemination of notice are as follows:

Plaintiffs to provide a list of names and last known mailing addresses, telephone numbers, and e-mail address to Notice Administrator 14 days following entry of this Order.

Notice Administrator to mail all notices to class members 21 days following entry of this Order. Further, Administrator to mail all notices to alternative addresses within 7 days of being provided by Plaintiffs by counsel of any such alternative addresses.

Deadline for class members to return exclusion forms to the Notice Administrator ("Opt-Out Deadline") 60 days after mailing of Class Notice.

Notice Administrator to provide list of all class members who did not opt out to class counsel 90 days after initial mailing of Class Notice.

IT IS SO **ORDERED**.

Dated: _____, 2023

_____
Hon. Beth Labson Freeman
United States District Court Judge