**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ISM VUZEM D.O.O., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-02556-BLF<br><br>**ORDER VACATING HEARING ON PLAINTIFF SASA MASLIC'S MOTION FOR APPROVAL OF PROPOSED CLASS NOTICE PLAN; GRANTING MOTION; AND APPROVING PROPOSED FORM OF NOTICE AS MODIFIED BY THE COURT**<br><br>[Re: ECF 98] |

This suit for wage and hour violations and human trafficking is brought by persons who claim that they were transported to the United States from their home countries of Bosnia and Herzegovina, the Republic of Slovenia, and Croatia to provide cheap labor for American companies. Plaintiffs assert several individual claims and one class claim. The Court has certified the class claim, appointed Plaintiff Sasa Maslic ("Maslic") as the class representative, and appointed the Law Office of William C. Dresser as Class Counsel. *See* Order Granting Plaintiff Sasa Maslic's Mot. for Class Certification, ECF 90.

Maslic now moves for approval of a proposed class notice plan. *See* Mot. for Approval, ECF 98. The Court finds the motion to be suitable for decision without oral argument. See Civ. L.R. 7-1(b). The hearing previously set for December 14, 2023 is VACATED.

The motion is GRANTED and the proposed class notice plan is APPROVED with minor modifications to the proposed form of notice. Class counsel SHALL SUBMIT a modified proposed long form notice to the Court for final review before the notice is sent to the class.

## I. BACKGROUND

Plaintiffs filed this suit in the Alameda County Superior Court in August 2020, and filed a first amended complaint ("FAC") in October 2020. *See* Not. of Removal at 2-3, ECF 1. The suit was removed to federal district court in April 2021 based on federal question jurisdiction. *See id.* Not. of Removal at 3-4. Plaintiffs thereafter filed a corrected FAC ("CFAC") in order to correct the spelling of a party's name. *See* CFAC, ECF 63.

The operative CFAC alleges that Plaintiffs are residents of Bosnia and Herzegovina, the Republic of Slovenia, and Croatia. *See* CFAC ¶ 1. Defendant ISM Vuzem d.o.o., a Slovenian company, allegedly employed Plaintiffs and contracted their labor to Defendant Tesla, Inc. ("Tesla") and its general contractor, Defendant Eisenmann Corporation ("Eisenmann"), for work on a construction project at Tesla's facility in Fremont, California. *See id.* ¶¶ 16-17, 89. Plaintiffs claim that they were paid a flat rate per month in violation of federal and state laws requiring payment of minimum wages and overtime wages. *See id.* ¶¶ 26, 38, 54-57, 61. They also claim that they were not given rest periods, wage statements, or waiting time penalties required under California law. *See id.* ¶¶ 65, 70, 81-83. Plaintiffs allege that they were coerced to work under these conditions under threat of serious harm, including financial harm, civil and criminal prosecution, and loss of visa status . *See id.* ¶¶ 112-19.

Based on these allegations, Plaintiffs assert the following claims against Eisenmann and Tesla, and against ISM Vuzem d.o.o. and several related entities ("the Vuzem Defendants"). Those claims are: (1) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime wages in violation of the FLSA; (3) failure to pay minimum wages in violation of California law; (4) failure to pay overtime wages in violation of California law; (5) failure to provide meal breaks and rest periods in violation of California law; (6) failure to provide accurate wage statements in violation of California law; (7) failure to pay waiting time penalties in violation of California law; (8) a class claim for violation of California wage and hour laws; (9) trafficking and coerced labor under the federal Trafficking Victims Protection Reauthorization Act and the California Trafficking Victims Protection Act; and (10) a claim under California Labor Code § 3706. *See generally* CFAC.

The sole class claim – Claim 8 – is for violation of California wage and hour laws.  The Court has certified the following damages class with respect to Claim 8 under Federal Rule of Civil Procedure 23(b)(3):  "All non-exempt individuals employed by ISM Vuzem, d.o.o., who worked at the Tesla facility located in Fremont, California, at any time from July 1, 2014, through April 30, 2016."  Order Granting Plaintiff Sasa Maslic's Mot. for Class Certification at 9.  The Court has appointed Maslic as the class representative and the Law Office of William C. Dresser as Class Counsel.  *See id.*

Tesla and Eisenman have been dismissed from all wage and hour claims.  *See* Order Granting in Part Mot. to Dismiss, ECF 45.  Accordingly, Claim 8 is asserted only against the Vuzem Defendants.  Two of the six Vuzem Defendants have been dismissed for lack of service of process:  ISM Vuzem USA, Inc. and Vuzem USA, Inc.  *See* Order Dismissing Defs. ISM Vuzem USA, Inc. and Vuzem USA, Inc., ECF 94.  The remaining four Vuzem Defendants have defaulted:  ISM Vuzem d.o.o., HRID-MONT d.o.o., Ivan Vuzem, and Robert Vuzem.  *See* Clerk's Entry of Default, ECF 68.  Once the class has been given notice of the suit and an opportunity to opt out, Maslic will seek default judgment against the four defaulting Vuzem Defendants on behalf of the class.  *See* Admin. Mot. by Sasa Maslic as Class Representative, ECF 96.

**II.  LEGAL STANDARD**

"For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."  *Id*.  The notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id*.

### III. DISCUSSION

Maslic's proposed class notice plan satisfies the Rule 23 requirements set forth above, although as discussed below the Court will require minor modifications to the proposed long form notice before it is sent to the class. The Court first discusses the proposed methods for providing notice and then the proposed form of notice.

#### A. Methods for Providing Notice

Maslic submits Class Counsel's declaration describing his office's identification of 177 class members who worked Tesla's facility in Fremont, California during the class period. *See* Dresser Decl. ¶¶ 3-12. Class Counsel has created an excel spreadsheet of class members with all known street addresses and email addresses. *See id.* ¶ 56. The spreadsheet contains street addresses for 146 of the 177 class members. *See id.* ¶¶ 58-59. The spreadsheet contains an email address for 1 of the 31 class members for whom no street address is known. *See id.* Although Class Counsel has neither a street address nor an email address for 30 of the class members, he believes that he will be able to obtain a street address or an email address for many of those individuals through inquiry to the named plaintiffs in this case. *See id.* ¶ 63.

Class Counsel has identified two potential companies to serve as the Claims/Notice Administrator, Simpluris and ILYM Group. *See* Dresser Decl. ¶ 70. He believes that either company would provide competent services at a reasonable price. *See id.* Under the proposed class notice plan, the Claims/Notice Administrator will mail a long form notice directly to class members via International Priority Airmail through the United States Postal Service. *See id.* ¶ 66. If any of the notices are returned to sender as undeliverable, Class Counsel will work with the named plaintiffs to find alternate street addresses and the Claims/Notice Administrator will re-send the long form notice to those alternate street addresses via International Priority Airmail through the United States Postal Service. *See id.* ¶ 67. In addition, the Claims/Notice Administrator will email the long form notice to all class members for whom email addresses are known. *See id.* ¶ 68.

Class Counsel proposes to provide a list of class members with all known street addresses, email addresses, and telephone numbers to the Claims/Notice Administrator within 14 days after

approval of the proposed class notice plan. *See* Dresser Decl. at pp. 17-18. The Claims/Notice Administrator will mail the long form notice to class members 21 days after approval of the proposed notice plan. *See id.* For all notices returned to sender as undeliverable, the Claims/Notice Administrator will mail the notice to any alternate addresses provided by Class Counsel within 7 days of being advised of such alternate addresses. *See id.* The long form notice will be provided in both English and Croatian; Class Counsel has been informed that Croatian is the predominant language understood by the class members. *See id.* ¶¶ 52-55. The long form notice will advise class members of their right to opt out of the class and their deadline to do so. *See* at p. 18. The opt-out deadline will be 60 days after the mailing of the notice. *See id.* The Claims/Notice Administrator will provide Class Counsel with a list of class members who did not opt out 90 days after the mailing of the notices. *See id.* Maslic will be responsible for the costs of notice with the understanding that he may request reimbursement of such costs at a later date.

The Court finds that this proposed class notice plan will provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" as required under Rule 23(c)(2)(B). That rule expressly recognizes that the proposed notice methods here – United States mail and electronic means – are appropriate means to provide class notice. *See id.*

### B. Form of Notice

Under Rule 23, the notice provided to the class must contain certain information in plain and clear language. *See* Fed. R. Civ. P. 23(c)(2)(B). Maslic's proposed long form notice contains all of the required information, which will be provided in both English and Croatian. *See* Dresser Decl. ¶¶ 52-55 & Ex. A (Long Form Notice in English), Ex. B (Long Form Notice in Croatian). Specifically, the proposed long form notice explains the nature of the action; sets forth the class definition; identifies the class claims at issue; advises that any class member may enter an appearance through an attorney; describes the procedure for requesting exclusion from the class; and states that the judgment in this action will be binding on all class members who do not seek exclusion. *See* Dresser Decl. Ex. A.

The Supreme Court has made clear that due process is satisfied by "notice reasonably

1  calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action
2  and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*
3  *Co.*, 339 U.S. 306, 314 (1950).  "The notice must be of such nature as reasonably to convey the
4  required information, and it must afford a reasonable time for those interested to make their
5  appearance." *Id*. (citation omitted).  "[I]f with due regard for the practicalities and peculiarities of
6  the case these conditions are reasonably met the constitutional requirements are satisfied." *Id*.
7  The Court finds that under the circumstances of this case, as set forth in Class Counsel's
8  declaration, the proposed notice plan in conjunction with the proposed long form notice will
9  reasonably convey the required information and afford a reasonable time for class members to
10 appear or opt out of the class.

11  The Court will require minor modifications to the proposed long form notice before it is
12 sent to the class.  First, Class Counsel shall fill in the blank spaces left for the opt-out deadline,
13 leaving sufficient time that the deadline will be 60 days after mailing of the notice.  Second, the
14 proposed notice has blank spaces for the Claims/Notice Administrator's identity and contact
15 information.  Class Counsel shall fill in that information after retaining a Claims/Notice
16 Administrator.  Finally, the last paragraph, which explains how class members may access
17 information about the case through PACER, provides the wrong case name, filing date, and case
18 number.  Class Counsel shall correct those errors.

19  Before notice may be sent to the class, Class Counsel shall submit a declaration identifying
20 the Claims/Notice Administrator and the terms of that engagement.

21  Once the required modifications to the proposed long form notice have been made, in both
22 the English and Croatian versions, Class Counsel shall submit the modified long form notice to the
23 Court for final approval, along with a proposed order allowing mailing of the modified notice to
24 the class.
25 //
26 //
27 //
28 //

IV. **ORDER**

(1) Plaintiff Maslic's Motion for Approval of Proposed Class Notice Plan is GRANTED and the hearing previously set for December 14, 2023 is VACATED.

(2) Plaintiff Maslic's proposed long form notice is APPROVED with the modifications required herein.

(3) Before notice is mailed to the class, Plaintiff SHALL submit to the Court a declaration identifying the Claims/Notice Administrator and the terms of the engagement.

(4) Before notice is mailed to the class, Plaintiff Maslic SHALL submit a modified long form notice to the Court for final review, along with a proposed order allowing mailing of the modified long form notice to the class.

(5) This order terminates ECF 98.

Dated: December 7, 2023

_____
BETH LABSON FREEMAN
United States District Judge