# Vinson&Elkins

James T. Dawson  jamesdawson@velaw.com
**Tel** +1.202.639.6588  **Fax** +1.202.879.8998

June 30, 2023

**Via CM/ECF**

The Honorable Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119

Re:   ***United States v. Montoya* (No. 21-50129) — Federal Rule of Appellate Procedure 28(j) Letter Concerning the Tenth Circuit's Decision in *United States v. Geddes***

Argued and Submitted March 22, 2023

En Banc Panel: Chief Judge Murguia and Judges Rawlinson, Ikuta, Christen, Nguyen, Friedland, R. Nelson, Collins, Sanchez, H. Thomas, and Desai

Dear Ms. Dwyer:

On June 23, 2023, the United States Court of Appeals for the Tenth Circuit issued the attached precedential opinion in *United States v. Geddes*, --- F.4th ----, No. 22-4053, 2023 WL 4141066.  In *Geddes*, as in this case, the District Court imposed the "standard" conditions of supervised release without orally pronouncing them at sentencing.  The PSR, which Mr. Geddes had reviewed with counsel before sentencing, stated that he "shall comply with the standard conditions" but "did not list the standard conditions with specificity."  Slip op. 2-3, 9.  The Tenth Circuit unanimously reversed "the imposition of the . . . standard conditions of supervised release," reasoning that "district courts must orally pronounce discretionary conditions classified as standard by the sentencing guidelines at sentencing."  *Id.* at 12-13, 17.  The Tenth Circuit noted that it was "join[ing] the D.C., Fourth, Fifth, and Seventh Circuits" in holding that "all discretionary conditions must be orally pronounced."  *Id.* at 13.  The Court expressly "acknowledge[d] and declined to follow" the approach adopted by this Court in *United States v. Napier*, 463 F.3d 1040

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Houston  London  Los Angeles  New York
Richmond  Riyadh  San Francisco  Tokyo  Washington

2200 Pennsylvania Avenue NW, Suite 500 West
Washington, D.C. 20037
**Tel** +1.202.639.6500  **Fax** +1.202.639.6604  velaw.com



(2006).  *Id.* at 13 n.4.  The Tenth Circuit's decision lends further support to Ms. Montoya's argument that *Napier* should be overruled.  *See* Opening Br. (ECF 6) at 30 n.7; PFREB (ECF 42) at 13-17.

As to remedy, the Tenth Circuit elected to remand "for the district court to conform the written judgment to what was orally pronounced."  Slip op. 17.  Mr. Geddes did **not** argue that the appropriate remedy was to remand for a full resentencing.  *Cf. Geddes* Opening Br. (10th Cir. Doc. 010110772293) at 23-29.  This Court should join the Fourth and Seventh Circuits by clarifying that the appropriate remedy for parties in Ms. Montoya's position is full resentencing on an open record, including an opportunity to revisit the custodial term of the sentence.  *See Montoya* Oral Arg. at 16:48-21:58; *United States v. Singletary*, 984 F.3d 341, 346 n.4 (4th Cir. 2021); *United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016).

Dated:  June 30, 2023

Respectfully submitted,

*/s/ James T. Dawson*

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
Phone: (202) 639-6588
Facsimile: (202) 879-8998
Email: jamesdawson@velaw.com

*Appointed Pro Bono Counsel*
*for Appellant Cynthia Montoya*

CC:   All counsel of record (via CM/ECF)

V&E

## CERTIFICATE OF COMPLIANCE

1.    The undersigned hereby certifies that this letter complies with the volume limitation of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body of the letter contains 336 words.

2.    This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because this letter has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

Dated:  June 30, 2023

Respectfully submitted,

*/s/ James T. Dawson*

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
Phone: (202) 639-6588
Facsimile: (202) 879-8998
Email: jamesdawson@velaw.com

*Appointed Pro Bono Counsel*
*for Appellant Cynthia Montoya*

V&E

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on June 30, 2023, I electronically filed the foregoing letter with the Clerk of Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated:  June 30, 2023

Respectfully submitted,

*/s/ James T. Dawson*

James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
Phone: (202) 639-6588
Facsimile: (202) 879-8998
Email: jamesdawson@velaw.com

*Appointed Pro Bono Counsel*
*for Appellant Cynthia Montoya*

FILED
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 23, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DERALD WILFORD GEDDES,

     Defendant - Appellant.

No. 22-4053

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 1:15-CR-00093-TC-1)**

---

Josh Lee, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant - Appellant.

Gregory S. Knapp (David A. Hubbert, Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Katie Bagley, and Joseph B. Syverson, Tax Division, Department of Justice, with him on the brief), Washington, D.C., for Plaintiff - Appellee.

---

Before **BACHARACH**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

     Defendant-Appellant Derald Wilford Geddes was convicted by a jury of tax

obstruction, 26 U.S.C. § 7212(a), tax evasion, 26 U.S.C. § 7201, and three counts of

willfully filing false tax returns in the years 2011, 2012, and 2013, 26 U.S.C.

§ 7206(1).  He was sentenced to five years in prison, three years of supervised release, and ordered to pay about $1.8 million in restitution.  VI R. 1037–38.  On appeal, he argues that (1) restitution was impermissibly ordered to begin during his imprisonment; (2) 16 conditions of supervised release not pronounced orally at sentencing improperly appeared in the written judgment; and (3) one of those 16 conditions, the risk notification to third parties condition, is invalid under United States v. Cabral, 926 F.3d 687 (10th Cir. 2019).  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand to the district court to conform its written judgment consistent with our opinion.

**Background**

Mr. Geddes worked as a dentist in Ogden, Utah.  I R. 35.  After an audit and as of 2013, the IRS determined Mr. Geddes owed about $1.8 million in taxes, penalties, and interest.  VI R. 736–37.  Mr. Geddes represented himself at trial with assistance of standby counsel.  II R. 91.  The jury found Mr. Geddes guilty on all charges.  VI R. 1006–07.  At sentencing, the district court confirmed that Mr. Geddes and standby counsel had reviewed the Presentence Report (PSR).  Id. 1018.  The PSR stated restitution "shall be ordered . . . as a condition of supervised release."  V R. 24.  Restitution is a mandatory condition of supervised release under 18 U.S.C. § 3583(d) and the Sentencing Guidelines § 5D1.3(a)(6).  The district court orally imposed the restitution obligation, stating it would waive the accrual of interest and that some

2

payment would begin "while incarcerated." VI R. 1039. The court also stated that meeting the payment schedule was a condition of supervised release. Id. 1038.

The written judgment included restitution in its group of mandatory conditions of supervised release and in a section entitled "Criminal Monetary Penalties." III R. 266, 269. In the section called "Schedule of Payments" following the penalties section, the judgment included instructions for payment to begin during incarceration. Id. 270.

The PSR also listed four other conditions of supervised release that are mandatory in both the guidelines and in 18 U.S.C. § 3583(d): (1) prohibition on committing another crime, (2) prohibition on possessing a controlled substance, (3) the DNA sample requirement, and (4) the drug testing requirement. V R. 25. At sentencing, the district court orally suspended the drug testing requirement. VI R. 1037. The district court then stated that Mr. Geddes would be subject to the DNA sample requirement and reminded him that as a convicted felon, he cannot possess a firearm. Id. But the district court did not orally impose the prohibitions on committing another crime or on possessing a controlled substance. Id.

The PSR also stated Mr. Geddes "shall comply with the standard conditions of supervision as adopted by this Court." V R. 25. It did not list any of the standard conditions. At sentencing, the district court did not refer to standard conditions or impose conditions of supervised release writ large, and also made no express statement that it was adopting the PSR. VI R. 1016–42. The district court did orally state nine special conditions that would apply to Mr. Geddes' term of supervised

3

release, all of which had been listed in the PSR and one of which was a restitution

condition.  Id. 1037–39; V R. 26–27.  Neither Mr. Geddes nor the government made

objections during sentencing.  At the end of the hearing, the district court asked the

parties if there was "[a]nything else?" and both replied that there was not.  Id. 1040–

42.

The written judgment contained the nine special conditions as stated by the

district court.  III R. 268.  However, it also contained the 16 additional conditions of

supervised release Mr. Geddes complains of here.  Two of these conditions were

statutory mandatory ones that had been written out in the PSR: prohibitions on

committing another crime and on possessing a controlled substance.  Id. 266; see also

18 U.S.C. § 3583(d).  The other 14 conditions were classified as standard conditions

of supervision in the written judgment.  III R. 267.  13 of those were standard

conditions recommended, but not required, in every case by U.S.S.G. § 5D1.3(c).  III

R. 267.  The 14th condition, consent to search, is listed as a special condition in the

Guidelines for sex offenses but appears in the written judgment among the list of

"standard" conditions.  Id.; see U.S.S.G. § 5D1.3(d)(7)(C).  The government

contends the consent-to-search condition is standard in the District of Utah.  Aplee.

Br. at 16.[1]

---

[1] Under the sentencing guidelines, this is a special condition recommended for
sex offenses.  U.S.S.G. § 5D1.3(d)(7)(C).  The probation office website, not the court
website, for the District of Utah lists this condition in a document called "Standard
Conditions of Supervised Release" with the other 13 conditions that the sentencing
guidelines classify as standard.  Standard Conditions of Supervision in the District of

## Discussion

**A. Whether the district court erred by imposing a freestanding restitution requirement.**

We review this issue for plain error because Mr. Geddes made no objection at sentencing. Thus, he must show "(1) error (2) that is clear or obvious under current law, and which both (3) affected [his] substantial rights and (4) undermined the fairness, integrity, or public reputation of judicial proceedings." United States v. Mullins, 613 F.3d 1273, 1283 (10th Cir. 2010); Fed. R. Crim. P. 52(b).

Restitution must be authorized by statute and courts do not have inherent power to order it. United States v. Delano, 981 F.3d 1136, 1139 (10th Cir. 2020). Mr. Geddes argues the district court improperly imposed restitution as both a condition of supervised release that required payment outside the term of supervised release and as a freestanding obligation. Aplt. Br. at 12. There is some ambiguity in the written judgment as to the manner of restitution. III R. 268–70.

To the extent that payment is required outside of supervised release, the

_____

Utah, https://www.utp.uscourts.gov/sites/utp/files/StandardConditionsOfSupervision.pdf. The conditions do not appear to be in a general or standing order for the district court or otherwise on the court website. See Aplt. Reply Br. at 11. As Mr. Geddes notes, there is no indication who prepared this document or where it came from. Id. at 11 n.3. Moreover, the probation office website states that the court "may" impose discretionary conditions and nothing about the document or website indicates that this list is deemed imposed in all cases. Compare Post-Conviction Supervision, U.S. Probation & Pretrial Servs., https://www.utp.uscourts.gov/post-conviction-supervision, with United States v. Rogers, 961 F.3d 291, 300 (4th Cir. 2020) (discussing a standing order which stated that "[t]he Standing Order itself expressly contemplates that it will be incorporated orally at sentencing").

government concedes plain error.  Aplee. Br. at 10.  Title 26 tax offenses are not listed in the Victim and Witness Protection Act (VWPA) or the Mandatory Victims Restitution Act (MVRA), which would allow for freestanding restitution.  18 U.S.C. §§ 3583(d), 3663(a)(1)(A), 3663A(c).  Because restitution must be authorized by statute, here it can only be imposed as a condition of supervised release.  18 U.S.C. § 3583(d); Delano, 981 F.3d at 1139.  Thus, the first two steps of plain error are satisfied.

An error affects a defendant's substantial rights when it "affect[s] the outcome of the district court proceedings."  Delano, 981 F.3d at 1140–41 (alteration in original) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).  Because there is no statutory authority to extend the restitution requirement, the error necessarily changed the outcome of the district court proceedings and affected Mr. Geddes' substantial rights.  See id.  Finally, restitution imposed without statutory authority should be corrected because it is beyond the remedy authorized; thus, it seriously affects the fairness or integrity of judicial proceedings.  See id.  Mr. Geddes has satisfied the plain error standard and the government does not contend otherwise. Therefore, we reverse the imposition of restitution to the extent it was ordered to be paid outside of supervised release.

**B. Whether the district court erred by adding conditions of supervised release to the written judgment that were not orally pronounced at the sentencing hearing.**

### 1.  Standard of review

The parties disagree as to the standard of review regarding the 16 additional

6

conditions of supervised release.  The government suggests plain error review

because Mr. Geddes did not object at sentencing.  Aplee. Br. at 14.  Mr. Geddes

argues for abuse of discretion review, including de novo review of legal conclusions.

Aplt. Br. at 24–25.  When a defendant has no adequate opportunity to object at the

sentencing hearing, conditions of supervised release are reviewed for abuse of

discretion.  United States v. Bruley, 15 F.4th 1279, 1286 (10th Cir. 2021).  This

includes plenary review of whether the oral sentence and written judgment conflict.

Id.  Thus, we consider whether Mr. Geddes was notified of the conditions being

imposed at sentencing and had an adequate opportunity to object.  See United States

v. Diggles, 957 F.3d 551, 559 (5th Cir. 2020) (en banc), cert. denied, 141 S.Ct. 825

(2020).

This in turn requires consideration of the various types of conditions of

supervised release.  Title 18 U.S.C. § 3583(d) divides them into two categories:

mandatory and discretionary.  The sentencing guidelines categorize them as

mandatory, standard, special, and additional special.  U.S.S.G. § 5D1.3.  The

mandatory conditions in the sentencing guidelines are materially the same as the

mandatory conditions in § 3583.  The guidelines' "standard," "special," and

"additional" special conditions are forms of discretionary conditions under § 3583(d).

U.S.S.G. § 5D1.3; see Diggles, 957 F.3d at 559 & n.4; United States v. Rogers, 961

F.3d 291, 297 (4th Cir. 2020).  The difference between the groups in the guidelines is

that standard conditions are recommended in every case, while special and additional

special conditions are recommended for certain cases.  U.S.S.G. § 5D1.3.  Section

3583(d) says that discretionary conditions may only be imposed if they are

"reasonably related" to some of the § 3553(a) sentencing factors, involve no greater

deprivation of liberty than is reasonably necessary, and are consistent with the

Sentencing Commission's policy statements.  Here, the nine special conditions are

unchallenged.[2]

Turning to the conditions imposed on Mr. Geddes, the two mandatory

conditions at issue were contained in the PSR.  Because the conditions are

mandatory, "[i]t follows that the defendant has notice, via statute, that he will be

subject to those conditions as a matter of law."  Rogers, 961 F.3d at 297.  The district

court confirmed at sentencing that Mr. Geddes and his standby counsel had reviewed

the PSR.  Mr. Geddes thus had constructive notice through the statute's mandate and

actual notice from the PSR that these conditions would apply.  But, because the PSR

is not the sentence, see United States v. Villano, 816 F.2d 1448, 1451 (10th Cir.

1987) (en banc), and the district court did not purport to adopt the PSR or otherwise

adopt in full the statutory mandatory conditions at sentencing, it is a close question as

to whether Mr. Geddes had an opportunity to object at sentencing despite having

notice.  See Diggles, 957 F.3d at 561 & n.7 ("[I]n-court adoption of those conditions

---

[2] As discussed in note 1, the consent to search condition is listed as special by
the guidelines and standard on the District of Utah's probation office website.  As a
special condition it may require further explanation for its imposition.  United States
v. Benvie, 18 F.4th 665, 671 (10th Cir. 2021).  Even giving the government the
benefit of the doubt and terming it "standard" at least in the District of Utah, it is still
a discretionary condition and we evaluate it as part of the group of discretionary
conditions.

is when the defendant can object."); Rogers, 961 F.3d at 295.  Because the outcome

would be the same under either the plain error or abuse of discretion standard of

review, we will assume for purposes of appeal that the abuse of discretion standard

applies.  Cf. Bruley, 15 F.4th at 1286.

    For the 14 discretionary conditions, Mr. Geddes did not have notice or an

adequate opportunity to object.  The PSR only stated that Mr. Geddes "shall comply

with the standard conditions of supervision as adopted by this Court."  V R. 25.

Unlike the mandatory conditions, the PSR did not list the standard conditions with

specificity.  And the court made no reference at sentencing to adopting either: (1) the

standard conditions as listed in the sentencing guidelines or as listed in the District of

Utah; or (2) the PSR.  There was nothing to indicate that Mr. Geddes should have

objected.  See Rogers, 961 F.3d at 295 ("[N]othing occurred at sentencing that would

have alerted [the defendant] to the possibility that his written judgment might include

[those] unmentioned conditions." (emphasis added)).

    Although this circuit does not require courts to make specific findings before

imposing standard conditions, "[i]n some circumstances, the parties' objections [to

standard conditions] may justify modification to avoid uncertainty over a condition's

reach or to fit the particular circumstances."  United States v. Muñoz, 812 F.3d 809,

824 n.17 (10th Cir. 2015).  Thus, even though they are "standard," the standard

conditions are only "recommended" and not inevitably justified in every case.  The

court does not have to adopt them.  As for the suggestion that a defendant has a

responsibility to object to conditions not listed in the PSR, not orally imposed, and

not required in every case, we reject it.[3]

Therefore, we will review the imposition of the two mandatory and 14

discretionary conditions in the written judgment for abuse of discretion.  A district

court abuses its discretion "when a ruling is based on a clearly erroneous finding of

fact, an erroneous conclusion of law, or a clear error of judgment."  Muñoz, 812 F.3d

at 817.  "An error of law is per se an abuse of discretion."  United States v. Ellis, 23

F.4th 1228, 1238 (10th Cir. 2022) (quoting United States v. Lopez-Avila, 665 F.3d

1216, 1219 (10th Cir. 2011)).

## 2.  Merits

Sentencing in a criminal case affects fundamental human rights of life and

liberty.  Villano, 816 F.2d at 1452.  The sentencing judge must announce the

sentence such that the defendant is aware of the sentence when leaving the

courtroom.  Id. at 1452–53.  The PSR is not the sentence — "[t]he sentence orally

pronounced from the bench is the sentence."  Id. at 1451.  Though the right is not

absolute, a defendant has a constitutional right to be present at the imposition of his

---

[3] The government argues that some of our prior caselaw implies that existence of discretionary or standard conditions in the sentencing guidelines and the District of Utah provides constructive notice.  Aplee. Br. at 15–16 (citing United States v. Barajas, 331 F.3d 1141, 1144–45 (10th Cir. 2003)).  Barajas addresses notice in the context of a district court's imposition of a new condition during sentencing itself that was not in the PSR, and a defendant's failure to object orally.  Here, Mr. Geddes alleges the error occurred when the district court added conditions to the written judgment, not during sentencing.  Unlike Barajas, here Mr. Geddes had no opportunity to object at sentencing, regardless of whether he had notice of the possibility further conditions may be imposed, because the district court did not announce any of these discretionary conditions at sentencing.

or her sentence and is therefore "present only when being sentenced from the bench."
Id. at 1452 (citing Fed. R. Crim. P. 43(a)).

If a written judgment and orally pronounced sentence conflict, "[i]t is a firmly
established and settled principle of federal criminal law that an orally pronounced
sentence controls." Id. at 1450. The written judgment can be used to provide clarity
to the sentence only if the oral sentence is ambiguous. United States v. Barwig, 568
F.3d 852, 855 (10th Cir. 2009). "[Tenth Circuit] jurisprudence leaves no space for
undisclosed and unspoken judicial intent" and a defendant is entitled to rely on a
sentencing judge's unambiguous words. Id. at 856–58.

To determine whether the orally pronounced sentence is ambiguous, courts
"consider only the words used by the sentencing court in formally pronouncing a
sentence." Barwig, 568 F.3d at 856. Ambiguity includes, but is not limited to, "(1) when
the words used have more than one meaning; (2) when otherwise unambiguous words are
used in an unusual way; (3) the extent of the sentence cannot be ascertained from the
language used; or (4) the plain meaning of the words used lead to an irrational or absurd
result." Villano, 816 F.2d at 1453 n.6. None of these circumstances are present here.
The issue is whether silence constitutes ambiguity.

Villano notably did not address whether silence is an example of ambiguity.
816 F.2d at 1454 (McKay, J., concurring) (noting this omission); id. at 1458 (Logan,
J., concurring) (same); id. at 1460 (Anderson, J., concurring) (same). In Bruley, the
district court told the defendant to familiarize himself "with all the special terms"
after revoking his first supervised release and imposing a new term after a period of

imprisonment. 15 F.4th at 1286–87. In that context, the court found with respect to special conditions of supervised release, when the condition is a reimposition of one of which the defendant was already aware, silence is more likely to constitute ambiguity; but if the condition is imposed in the written judgment for the first time, it is more likely to constitute a conflict and the oral provision will control. Bruley, 15 F.4th at 1286–87.

We now turn to the discretionary and mandatory conditions to determine whether in this case, the district court's silence during sentencing created a conflict or was merely ambiguous.

### a. Discretionary conditions

"As commonplace and sensible as these [discretionary] conditions may be across federal sentences, Congress has not mandated their imposition." United States v. Anstice, 930 F.3d 907, 910 (7th Cir. 2019). For purposes of whether the conditions must be orally pronounced, the relevant distinction is between conditions mandated by the governing statute and those which are discretionary, even if the sentencing guidelines further subcategorize them as standard. See United States v. Matthews, 54 F.4th 1, 6 (D.C. Cir. 2022); Rogers, 961 F.3d at 299; Diggles, 957 F.3d at 559 & n.4. Section 3583 requires district courts to exercise discretion and make an individualized assessment for all discretionary conditions, as does the sentencing guidelines. 18 U.S.C. § 3583(d); see U.S.S.G. § 5D1.3(b)–(c); Matthews, 54 F.4th at 6. Thus, conditions which are discretionary under the statute cannot be deemed implicit in every term of supervised release. We hold that district courts must orally

12

pronounce discretionary conditions classified as standard by the sentencing guidelines at sentencing.

In reaching this conclusion, we join the D.C., Fourth, Fifth, and Seventh Circuits which have each held that all discretionary conditions must be orally pronounced. See Matthews, 54 F.4th at 6; Rogers, 961 F.3d at 294; Diggles, 957 F.3d at 559; Anstice, 930 F.3d at 910.[4] We clarify that this holding does not require the district court to recite verbatim each condition. While that is one option, if the conditions are written out in advance and the defendant has reviewed them, such as if they are fully written in the PSR or another document, the district court may incorporate them by reference or may simply say that it is imposing the standard conditions. See Matthews, 54 F.4th at 6 n.2; Diggles, 957 F.3d at 560–62; Rogers, 961 F.3d at 299. Should the district court not reference the discretionary conditions it believes should apply to a defendant's supervision, it is the government's responsibility to object. As long as the sentencing court notifies the defendant in-court of the conditions being imposed and allows an opportunity for the defendant to object, the written judgment may list those conditions without creating a conflict.

---

[4] We acknowledge and decline to follow the Second Circuit's holding in United States v. Truscello that standard conditions do not need to be orally imposed because they are implicit in the nature of supervised release. 168 F.3d 61, 62–64 (2d Cir. 1999). Notably, the Fifth Circuit initially followed Truscello, but in 2020 clarified that discretionary conditions do need to be orally pronounced in en banc review. Diggles, 957 F.3d 551. The Ninth Circuit also followed Truscello in United States v. Napier, 463 F.3d 1040, 1043 (9th Cir. 2006), but has now granted en banc review to reconsider the issue in United States v. Montoya, 48 F.4th 1028, (9th Cir.), reh'g granted and opinion vacated by 54 F.4th 1168 (9th Cir. 2022).

See <u>Diggles</u>, 957 F.3d at 563.

Here, upon review of the words used by the district court at sentencing, <u>see</u>

<u>Barwig</u>, 568 F.3d at 856, the court said nothing about other conditions that may

apply. "A defendant must be entitled to rely on a judge's unambiguous words."

<u>Barwig</u>, 568 F.3d at 858. Our caselaw rejects undisclosed and unspoken judicial

intent. <u>Id.</u> at 856–57. A one-sentence reference in the PSR to the standard

conditions, with no incorporation of the PSR or mention of "standard" conditions in-

court during sentencing, is insufficient to impose these conditions. <u>See Villano</u>, 816

F.2d at 1452. As described above, a defendant has a right to be present at the

imposition of his sentence. <u>Id.</u> Mr. Geddes was not aware of his sentence when he

left the courtroom.

There is nothing in the district court's words that can be construed as

ambiguous — the district court simply did not incorporate or impose any standard

conditions of supervised release. <u>See Rogers</u>, 961 F.3d at 299–300. Because Mr.

Geddes was sentenced to supervised release with no mention of "standard

conditions" that would apply, there is a conflict between his oral sentence and the

written judgment. This is consistent with <u>Bruley</u>, which while only addressing

special conditions, found that adding previously unmentioned conditions in the

written judgment creates conflict rather than ambiguity. <u>Cf. Bruley</u>, 15 F.4th at 1287.

We resolve that conflict with the well-established rule that the oral sentence controls.

Therefore, the district court committed an error of law and abused its discretion by

14

adding 14 discretionary conditions of supervised release to the written judgment.[5]

### b.  Mandatory conditions

We turn to the imposition of the two mandatory conditions: prohibitions on committing another crime and on possessing a controlled substance.  See Anstice, 930 F.3d at 909.  Regardless of its position on whether discretionary conditions must be orally pronounced, every circuit to consider the issue has found that mandatory conditions of supervised release need not be pronounced.  See Matthews, 54 F.4th at 5; Rogers, 961 F.3d at 296–97; Diggles, 957 F.3d at 557; Anstice, 930 F.3d at 909; United States v. Washington, 904 F.3d 204, 208 (2d Cir. 2018); see also United States v. Drapeau, 644 F.3d 646, 656 (8th Cir. 2011); United States v. Vega-Ortiz, 425 F.3d 20, 22–23 (1st Cir. 2005); United States v. Napier, 463 F.3d 1040, 1043 (9th Cir. 2006); United States v. Montoya, 48 F.4th 1028 (9th Cir.) (Forrest, J., concurring), reh'g granted and opinion vacated by 54 F.4th 1168 (9th Cir. 2022).

There was no error or abuse of discretion in imposing these two conditions in the written judgment even though they were not orally pronounced.  As discussed previously, Mr. Geddes had notice he would be subject to these two conditions because they appear in § 3538(d).  See Anstice, 930 F.3d at 909.  They were also listed in the PSR, which the district judge confirmed at sentencing that Mr. Geddes and his standby counsel had reviewed.  See id.  Mandatory conditions like these do

---

[5] In his final issue on appeal, Mr. Geddes substantively challenges the risk notification to third parties condition.  This condition was one of the 14 discretionary conditions not imposed orally.  Thus, we need not address these arguments because we hold the condition was not imposed upon him.

not create a conflict because the district court has no discretion to omit them.

Rogers, 961 F.3d at 296–97.[6]  Any objection to these two conditions would be futile.

See Diggles, 957 F.3d at 559.  Oral pronouncement, then, does not give the same

"opportunity to defend" against these two conditions that the pronouncement of

discretionary conditions does.  Rogers, 961 F.3d at 296–97.  Unlike the discretionary

conditions, these two conditions in § 3583(d) "<u>must</u> be part of any term of supervised

release."  Anstice, 930 F.3d at 909 (emphasis added).[7]  Although we find these two

mandatory conditions are "valid components" of Mr. Geddes' sentence, it remains

best practice to impose all conditions of supervised release at sentencing.  Rogers,

961 F.3d at 296–97.

### 3.  Scope of remedy

Tenth Circuit caselaw has consistently held "unequivocal[ly] that 'an orally

pronounced sentence controls over a judgment and commitment order when the two

conflict.'"  United States v. Bowen, 527 F.3d 1065, 1080 (10th Cir. 2008) (quoting

---

[6] In reply and at oral argument, Mr. Geddes raised the issue presented in
Greenlaw v. United States, 554 U.S. 237 (2008).  That case outlined the principle that
"an appellate court may not alter a judgment to benefit a nonappealing party."  Id. at
244.  There, the court of appeals sua sponte raised the defendant's sentence to meet
the mandatory minimum after the defendant was sentenced below that level, without
a cross-appeal from the government asking to raise the sentence.  Id. at 242–43.

Here, the government did not cross-appeal regarding the mandatory conditions,
nor was there any need.  As argued in its response brief, there was no error and the
mandatory conditions were properly imposed in the written judgment.  Aplee. Br. at
19–20.  Upholding the imposition of the two mandatory conditions in no way alters
the sentence to the benefit of the nonappealing party.

[7] The two mandatory conditions at issue here unequivocally leave no room for
discretion.

16

United States v. Avalos-Zarate, 986 F.2d 378, 379 (10th Cir. 1993)).  Without

ambiguity and when there is a conflict between the oral sentence and the written

judgment, "the sentence, as orally pronounced, shall not be altered." Villano, 816

F.2d at 1453.  Because there is a conflict between the oral sentence and written

judgment, the proper remedy is remand for the district court to conform the written

judgment to the oral sentence.  See id.

We note that Mr. Geddes remains subject to the nine unchallenged special

conditions of supervised release and will also be subject to the statutory mandatory

conditions.  We also clarify that this holding does not affect a district court's ability

under 18 U.S.C. § 3583(e) to modify the conditions of supervised release pursuant to

the Federal Rules of Criminal Procedure.


### Conclusion

We REVERSE the district court's imposition of restitution to the extent it was

ordered to be paid outside the term of supervised release and REMAND for the court

to modify the written judgment in a manner consistent with this opinion.  We

AFFIRM the district court's imposition of the mandatory conditions of supervised

release in the written judgment and REVERSE the imposition of the discretionary

standard conditions of supervised release.  We REMAND for the district court to

conform the written judgment to what was orally pronounced in a manner consistent

with this opinion.