William C. Dresser, 104375
Law Office of William C. Dresser
14125 Capri Drive, Suite 4
Los Gatos, CA 95032-1541
Tel: 408-279-7529
Alt: 408-628-4414
Fax: 408-668-2990

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitje Pogorevc, ) ) ) ) ) ) ) ) ) | Action No.:  5:21-cv-02556-BLF<br><br>Joint Discovery Statement<br><br>Courtroom 6, 4th Floor<br><br>Hon. Magistrate Judge Susan Van Keulen |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive, ) ) ) ) ) ) | |
| Defendants.. ) | |

Plaintiff Sasa Maslic and Defendant Tesla, Inc., by and through counsel, submit the following Joint Statement in compliance with the Civil and Discovery Referral Matters Standing Order of Magistrate Judge Susan Van Keulen, updated January 2023.

The parties have met and conferred on several occasions concerning discovery issues, including on November 16, 2023, November 30, 2023, February 28, 2024, February 29, 2024, March 19, 2024, and April 5, 2024. The within action is set for jury trial to commence September 16, 2024.  ECF No. 79.  Close of discovery was April 1, 2024.  ECF No. 81.

The unresolved issues are:

1.   Whether Tesla, Inc. must provide a response to requests to produce that includes the information required by Federal Rules of Civil Procedure, Rule 34, subsection (b)(2) (b) and (c), including what is being produced and what is not and why.

<u>Plaintiff</u> proposes that Defendant provide this information.

<u>Defendant</u> avers that notwithstanding the objections contained in its January 27, 2023 responses to Plaintiff's First Set of Requests for Production of Documents, Defendant has produced non-privileged documents responsive to the following Requests: 1-4, 6-14, 16-19, 24, 27, and 28-46.  Defendant has informed Plaintiff that following a reasonable search, it has no documents responsive to Requests 5, 15, 21, 23, 25, 26, and 29.  Defendant continues to work with Plaintiff to produce documents responsive to Requests 20 and 22.

2.   Whether Tesla's repeated block copied objections of overbroad, unduly burdensome, and disproportionate to the needs of the case support not

producing documents and recordings to numerous categories of requests

Plaintiff proposes that production be ordered for documents covering the time period January 1, 2014 and December 31, 2017,  which is the same time period stated in later served notices of deposition.  The categories of requests are stated specifically, in detail, and for those things which are relevant to a determination of liability against Tesla.

Liability for coerced labor violations extend to "Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of this chapter, knowing or in reckless disregard of the fact that the venture has engaged in such violation …"  Here, all defendants including Tesla knew or acted in reckless disregard that direct hiring employer ISM Vuzem, d.o.o. did not have a contractor's license, did not have workers compensation insurance, and had hired foreign workers to come to the US under B-1 visas to perform construction work and that the workers who worked 10 + hours every day, 6 + days per week, under unsafe working conditions, were subject to coercion to work under these conditions.  Each of the actions which Tesla participated in is both irregular and a crime.  Further, liability is based on the TVPA, violation of which is a crime.

Damages are substantial.   Plaintiff Sasa Maslic was injured in 2016.  Mr. Maslic was in 2023 waiting for a right hip replacement surgery.  This had been delayed because his direct employer delayed and then refused to pay for medical care, there was no workers compensation insurance, Covid pandemic hit, and medical care was limited.  He then suffered a heart injury due in part to inactivity, leading to surgery in July of 2023.  He is permanently disabled.

Plaintiff moved for, and the Court issued, a protective Order for the confidentiality of documents designated by the parties as confidential.  ECF No. 102.

<u>Defendant</u> avers that notwithstanding the objections contained in its January 27, 2023 responses to Plaintiff's First Set of Requests for Production of Documents, Defendant has produced non-privileged documents responsive to the following Requests: 1-4, 6-14, 16-19, 24, 27, and 28-46.  Defendant has informed Plaintiff that following a reasonable search, it has no documents responsive to Requests 5, 15, 21, 23, 25, 26, and 29.  Defendant continues to work with Plaintiff to produce documents responsive to Requests 20 and 22.

3.  Whether documents in the possession of Aaron Bernay, former counsel for Eisenmann and now counsel for Tesla, are subject to production on requests to Tesla

<u>Plaintiff</u> proposes that production be ordered because documents in "responding party's possession, custody and control" includes documents under the control of the party's attorney. Meeks v. Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR; Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).  Documents do not become attorney client privileged because they are in the possession of an attorney.

<u>Defendant</u> responds that Plaintiff's position would turn the attorney-client privilege and work product doctrine on their heads.  The Court permitted the undersigned counsel, Aaron M. Bernay, to withdraw as counsel to Defendant Eisenmann Corporation due to

the latter's insolvency on December 4, 2023. (ECF 103.)  Tesla then engaged Mr. Bernay

and his firm, Frost Brown Todd LLP, to serve as counsel of record in this proceeding and

Mr. Bernay's pro hac vice application was approved on February 29, 2024. ECF No. 115.

Plaintiff cites no precedent for his novel position that because the undersigned counsel

previously represented a co-defendant in the same proceeding, counsel's previous file

(and, arguably, all of counsel's files in other, unrelated proceedings) is now within the

"possession, custody, and control" of counsel's new client such that it should be produced

under Fed. R. Civ. P. 34.

4.   Whether production of e-mails is limited to the e-mails and not attachments

Plaintiff proposes that attachments be produced including because the

categories of requests specifically requested them.  The requests stated both "All e-

mails, including attachments to e-mails" and "Hereinafter "e-mails" means and includes

attachments to e-mails."

Emails which refer to attachments which were not initially not produced at all on

March 1, 2024 include those bate stamped TESLA_SM 2, 7, 10, 12, 14, 16, 17, 28, 30,

32, 36, 42, 44, 68, 80, 85, 92, 93, 95, 97, 153, 155, 158, 165, 193, 221, 260, 346, 350,

368, 378, 399, 401, 403, 404, 420, 435, 477, 478, 507, 792, 809, 911, 927, 930, 934,

987, 989, 991, and 995.

Portions of a produced contract which reference attachments which initially were

not produced at all include those bate stamped TESLA_SM_ 100, 101, 107, 111, 113,

115, 117, 119, 121, 123 and 127.

Defendant re-produced on March 11 at 05:42:18 PM PDT of 8,000 + pages of pdf

documents and 500 + pages of excel spreadsheets.  The documents included e-mails

with most attachments. Plaintiff identified to defendant at the March 13 depositions some of the things not produced, including Addenda to contracts which have never been produced.

Defendant's March 11, 2024 document production cures issues with its February 23, 2024 production in which, due to an internal error, e-mails were produced divorced from their accompanying attachments.  To the extent that Plaintiff seeks attachments per Issue 6 below, Defendant is working in good faith to determine if it possesses the records requested by Plaintiff.

5.  Whether an organizational witness deposition can be taken.  Tesla identified five and only five knowledgeable witnesses who can be "contacted through counsel." Plaintiff noticed their depositions.  Tesla provided addresses – including out of state - for two on March 1 and stated for the third he "will be represented by counsel and will work with him on availability."  Then Tesla stated that witness would not be produced. Plaintiff noticed the deposition of an organization witness for the topics of those three witnesses who Tesla will not produce.  This is a permissible alternative manner of discovery.  Rule 30(b)(6) states: "This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Plaintiff provided 11 days notice, which is more notice than defendant provided for the deposition of Plaintiff.  Plaintiff agreed to any rescheduled date provided by defendant.  Defendant has refused to produce a witness absent an Order by the Court

Defendant: For reasons set forth in a separate Motion for Protective Order filed March 29, 2024 and since struck by the Court (ECF 122), the Court should not permit Plaintiff to proceed with a Rule 30(b)(6) deposition covering fourteen topics on ten days'

notice.  Plaintiff could have but failed to subpoena the witnesses for which he now seeks the Rule 30(b)(6) testimony as a substitute.

6.  Whether Tesla has produced all requested documents.  Categories of things not produced include payment records for Eisenmann as they relate to steps completed for two phases of construction – relevant to "financial benefit" after Tesla "knew or should have known" of coerced labor practices, complete accident "incident logs" including by Mr. Thomas and complete incident reports in a "security" department subfolder in Tesla's computers, the Tesla response to the Mercury News and to the CBSN network's reports about visa and work place issues at Tesla involving the Vuzem workers, addenda to the Eisenmann / Tesla contract, job descriptions, the e-mails or other notifications sent by Eisenmann with a report identifying Vuzem as a hired contractor, and visa and other information Tesla received through its security department about the Vuzem workers.

Defendant states that it continues to work in good faith to determine if it possesses the records requested by Plaintiff.

7.  Whether the existence of a joint defense agreement with Tesla, Eisenmann and Vuzem is relevant to whether Tesla "participat[ed] in a venture which has engaged in any act in violation of [the TVPA."

Plaintiff proposes that the existence and principal terms of the agreement be identified.

Defendant avers that joint defense agreements are not relevant to the claims or defenses asserted in a lawsuit and the terms of any such agreement between Tesla and Eisenmann Corporation are specifically not relevant to the claims in this lawsuit.  See,

e.g., *Phase II Chin, LLC v. Forum Shops, LLC*, 2010 WL 11636216, *9 (D. Nev. Mar. 2, 2010); *Ford Motor Co. v. Edgewood Properties*, Inc., 257 F.R.D. 418, 428 (D.N.J. 2009) (holding joint defense agreement was "not discoverable because it is not relevant to any claim or defense in this case"); *Fort v. Leonard*, 2006 WL 2708321 (D.S.C. Sept. 20, 2006); *Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 18 (W.D. Ky. 2006) (concluding "the joint defense agreements are not discoverable"); *U.S. v. International Longshoremen's Ass'n, AFL-CIO*, 2006 WL 2014093 (E.D.N.Y. July 18, 2006).  Moreover, because a joint defense agreement establishes an implied attorney-client relationship between co-defendants and their respective attorneys, it is protected under an extension of the attorney-client privilege, and thus any such agreement between Tesla and Eisenmann Corporation regarding this lawsuit is so protected. *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012); see also *United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000) ("[T]he joint defense privilege is an extension of the attorney-client privilege").

8.  Whether Tesla's 3 pages of "General Objections" plus its half page of objections to each of 14 requests for admissions – being the same block copied objections to all discovery requests - is proper or permissible.

    <u>Plaintiff</u> proposes that responses without objections be stated to each of 14 Requests to Admit.

    <u>Defendant</u> states that its answers and objections to Plaintiff's Request for Admissions comport with Fed. R. Civ. P. 36.

9.  Whether Tesla's 3 pages of "General Objections" and a half page of the same block copied objections to 6 interrogatories is proper or permissible.

<u>Defendant</u> states that its answers and objections to Plaintiff's Second Set of Interrogatories comports with Fed. R. Civ. P. 33.

10.  Whether Tesla must state facts as its bases for denial of claims or affirmative defenses instead of "Defendant denies Plaintiff's claims based upon all of the facts uncovered to date through discovery."

<u>Defendant</u> states that its answers and objections to Plaintiff's Request for Admissions comport with Fed. R. Civ. P. 33.

Dated: April 8, 2024

___/s/_____
William C. Dresser
Attorneys for Plaintiff Sasa Maslic

Dated: April 8, 2024

_/s/ Aaron M. Bernay_____
Aaron M. Bernay
Attorneys for Defendant Tesla, Inc.

**JOINT CHART**

| Disputed Request | Response | Proposed compromise | Court's Use |
|---|---|---|---|
| entry or access records for workers who were non-immigrant visa workers (Request to Produce to Tesla, Set One, Category 6)

"All documents, writings and records which evidence, summarize, record, memorialize or list individuals who worked at one or more of your plant(s), construction site(s), and/or manufacturing facility(ies) who were non-immigrant visa workers. This is limited to individuals who worked on or after January 1, 2010. Your" includes locations or property that own, or owned, or lease or leased.  "Non- | Without waiving any of its objections to this or the other categories referenced in this Joint Chart, Defendant objects to Request No. 6 on grounds that it is overwhelmingly disproportionate to the needs of the case.  As stated, Request No. 6 calls for every single record related to anyone who worked at Tesla's facility on a non-immigrant visa on or after 2010.  At present, Tesla employs over 140,000 people, including over 1,200 H-1B workers.  Request No. 6 would lead to the production of millions of pages of records with absolutely no relevance to Plaintiff's claims. Tesla has produced plant entry and exit records for non-immigrant visa holders who, like Plaintiff, were direct employees of the Vuzem entities.  Tesla is also trying to determine if it still retains security (badging) database information for these same individuals.  Initial | Plaintiff agreed (i) to limit the duration of the documents sought, and (ii) to produce only those for Vuzem employees; and (iii) to allow Defendant Tesla to state what documents exist for non-Vuzem construction workers and for non-immigrant visa workers other than those that held B-1/B-2 visas and B1-B2 visas without production

Defendant produced a screen shot for the security clearance information for one person, being for Gregor Lesnik.  The other information which is available on | |

| | | | |
|---|---|---|---|
| immigrant visa workers" means individuals who entered the United States pursuant to a non-immigrant visa, such as a B1, B2, B1-B2, H-1B, H-2B, L, or O-1. The requested documents, writing and records include, but are not limited to, I-9 forms, copies of visa or passport records, lists of individuals, lists of companies, security clearance records, contract addenda, letters, memoranda, proof of work authorizations or any other responsive document or thing." | indications are that Tesla no longer possesses the same database that was used 8-10 years ago. Tesla will not produce records related to other non-immigrant visa holders who have worked at its Fremont, California facility and who have no connection whatsoever to the Plaintiff's case, regardless of whether the time frame is narrowed to 2010 to 2020.  It is unclear why Plaintiff requires these records or what he thinks they will show.  Not only would the records require Tesla to expend considerable time in collecting and reviewing the same, the records contain personal information of thousands of people who have no nexus with this case apart from the fact that they were foreign citizens who entered the United States on non-immigrant visas during that timespan. | Tesla's security department data basis was not produced for Mr. Lesnik, nor was anything produced for any other Vuzem employees , including for Sasa Maslic. | |
| "Security check" records are also requested by categories 1, 2, 3, 4, 5, and 37 | | | |
| e-mails that mention or include | Plaintiff and Defendant agreed to limit the request | Plaintiff agreed to limit the | |

| | | | |
|---|---|---|---|
| the name of specified Eisenmann employees (category 8) | to six Eisenmann employees; Defendant produced responsive records. | named employees; some were produced, | |
| e-mails about hiring Eisenmann (category 14) | Defendant has produced responsive records. | Some were produced | |
| e-mails about hiring Vuzem entities (category 15) | Contrary to Plaintiff's contention, Defendant has produced responsive records referencing Vuzem as a subcontractor in Eisenmann's presentations to Tesla. | Defendant produced a couple of e-mails. Its employees confirmed there were others. Tesla's position that "there is no contract between Tesla and Vuzem" ignores that the statute bases liability on Tesla knew or should have known that it was obtaining the benefits of the coercion by Vuzem, as well as the direct participation of Tesla | |
| e-mails about terminating or end of work by Eisenmann (category 16) | Defendant has produced responsive records. | None were produced | |
| e-mails about terminating or end | Defendant has produced responsive records. | Defendant has not produced | |

| | | | |
|---|---|---|---|
| of work by Vuzem entities (category 17) | | any responsive documents | |
| records of payments to Eisenmann (categories 20, 22) | Defendant does not dispute that it had a contractual relationship with Eisenmann and has produced purchase orders and invoices to this end. Defendant contends that records of payment from Tesla to Eisenmann are not relevant but is working to produce responsive records. | Tesla produced on April 1 a spreadsheet. Missing is the information for what payment was for, relevant to Tesla's continued hiring of an employer who engaged in coercive labor practices | |
| contracts with Eisenmann (categories 24, 25, 27) | Defendant has produced responsive records. | Most but not all contracts were produced. Addenda were not produced | |
| documents [including recordings] about contracts with Eisenmann (category 28) | Defendant has produced responsive records. | Some but not all were produced | |
| documents about contracts with Vuzem persons (category 29) | Defendant has no responsive records. | None produced in this action | |
| documents about contractors' licenses (categories 31, 33, 34) | Defendant has produced responsive records. | None produced in this action | |

| | | | |
|---|---|---|---|
| Records received by Tesla to provide security clearances (category 37) | | Same as described in category 6; relevant to coercion based on threats to visas | |
| documents about compliance with laws of US and of California (Categories 38, 39) | Defendant has produced responsive records. | "Policy" statements were produced, but actual compliance documents were not produced | |
| responses to questions by SJ Mercury News and Bay Area News Group, and by CBS (categories 40, 41, 42) | Defendant has produced responsive records and is working to supplement its responses. | Response by Eisenmann in draft was produced<br><br>Nothing by Tesla was produced | |

Dated: April 8, 2024

___/s/_____
William C. Dresser
Attorneys for Plaintiff
Sasa Maslic

Dated: April 8, 2024

_/s/ Aaron M. Bernay_____
Aaron M. Bernay
Attorney for Defendant Tesla, Inc.

0155814.0780232  4887-3541-3941v2