TESLA, INC.
Aaron Langberg (SBN 284975)
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 828-8959
alangberg@tesla.com

FROST BROWN TODD LLP
Aaron M. Bernay, *pro hac vice*
Ryan W. Goellner, *pro hac vice*
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
abernay@fbtlaw.com
rgoellner@fbtlaw.com

*Attorneys for Defendant*
*Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ISM VUZEM D.O.O., et al.,<br><br>Defendants. | Case No. 5:21-cv-02556-BLF-SVK<br><br>**DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO ALLOW WITNESSES TO APPEAR REMOTELY (Dkt. No. 149)**<br><br>Judge:      Hon. Beth Labson Freeman |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Sasa Maslic seeks to offer remote trial testimony of up to seventeen witnesses, all residents of Eastern Europe, including himself. As Plaintiff notes, remote testimony is only permitted "on showing of good cause in compelling circumstances." (Motion, Dkt. No. 149, at 3, citing the 1996 Advisory Committee Notes to Fed. R. Civ. P. 43.) Plaintiff's Motion and accompanying declaration of counsel fall far short of the required showing, and the Court should deny Plaintiff's request as to all witnesses.[1]

**II.   LEGAL STANDARD**

Rule 43(a) requires that witnesses' testimony must be taken in open court unless otherwise provided by rule or statute. However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*. As the Advisory Committee's notes ("Notes") to the 1996 Amendment state, "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."

The Notes posit that good cause and compelling circumstances most likely arise "when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." A party who could reasonably foresee the circumstances creating the need for remote testimony, however, will encounter "special difficulty" showing good cause and compelling circumstances. *Id*. This Circuit has found that "[t]he strong preference for in-person testimony would be greatly undermined if the rules were interpreted to impose fewer limits on a court's power to compel remote testimony than on its power to compel in-person testimony." *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023)

---

[1] As separate grounds for denial, Plaintiff did not confer with Tesla's counsel concerning the relief requested prior to filing his administrative motion in violation of Local Rule 7-11.

## III. ARGUMENT

Plaintiff has failed to show good cause that any of the witnesses in question have compelling circumstances that require accommodation through remote testimony.

As a threshold matter, Plaintiff has known about the September 2024 trial date for over two years, allowing more than adequate time to arrange for witnesses to travel to San Jose, California to testify on his behalf. (*See* May 5, 2022 Scheduling Order, Dkt. No. 79.) For fourteen of the seventeen witnesses, Plaintiff's counsel cites vague reasons to permit their remote testimony, chiefly that "some" lack active U.S. visas and none have the time or money to travel to the United States to testify. (Dkt. No. 149-1 at ¶¶ 16, 17.) There are no specific details provided as to any of the fourteen witnesses, let alone declarations from any of them attesting to the fact that they lack the means and time to testify in California or have been unable to obtain visas to enter the United States. At best, Plaintiff asserts that in-person testimony would be inconvenient for these fourteen witnesses, which is not an acceptable basis to permit remote testimony under Rule 43.

As to Dr. Jovanovic, one of Plaintiff's two medical experts and his treating orthopedist, Plaintiff claims that Dr. Jovanovic cannot travel to California because of his active surgical practice. (Dkt. No. 149-1 at ¶ 14.) An expert physician's clinical schedule is insufficient grounds to permit remote testimony under Rule 43. *Wilson v. United States*, No. 2:18-cv-1241-JCM-NJK, 2023 WL 2795866 (D. Nev. Apr. 5, 2023). In *Wilson*, the plaintiff sought permission for her medical expert to testify remotely given his "extensive scheduling conflicts" and limited availability. *Id*. at 1. The court rejected Plaintiff's request, finding that Plaintiff had failed to specifically identify the dates of actual conflict and had more than sufficient notice of the trial date (six months) to secure her expert's availability. *Id.* A mere scheduling conflict that does not arise on an emergency basis does not amount to good cause under Rule 43. *Id*., citing *Niemeyer v. Ford Motor Co.*, No. 2:09-cv-2091-JCM-PAL, 2012 WL 5199145, at *3–4 (D. Nev. Oct. 18, 2012) (no good cause where expert's conflict was not due to an unexpected reason).

Here, Plaintiff makes no showing beyond that Dr. Jovanovic generally has a busy schedule (and, here again, the declaration comes from Plaintiff's counsel, not Dr. Jovanovic himself).

Plaintiff has had two years' notice of the trial date and should have secured his expert's trial appearance during that time. Had Plaintiff timely coordinated with Dr. Jovanovic to do so—even if he had waited until he disclosed Dr. Jovanovic as his expert five months ago—almost certainly this entirely self-created problem of a purported scheduling conflict could easily have been avoided. For these reasons, the Court should reject Plaintiff's request as to Dr. Jovanovic.

As to Stjepan Papes, Plaintiff's counsel asserts that non-appearing Defendant ISM Vuzem, d.o.o. had Papes's visa revoked and he is now unable to obtain one. (Dkt. No 149-1, ¶ 15.) First, only the United States government – not foreign, private employers – possesses the ability to revoke visas. *See generally* 9 FAM 403.11. Second, Plaintiff does not offer a declaration from Papes that he has tried to obtain a visa to testify in the United States and been denied or that he lacks the means and ability to do so. On such a thin showing, Papes should be made to testify in-person like every other witness.

Finally, it does not appear that Plaintiff plans to attend trial or testify in-person. The record lacks any statement from Plaintiff or his physicians explaining (1) the timing of his surgery and (2) whether Plaintiff will be ultimately unable to travel to California in three months for trial. Notably, Plaintiff has averred that his doctors first informed him that he needed hip replacement surgery eight years ago, yet Plaintiff waited until last week to have the procedure. (*See* Declaration of Sasa Maslic, Dkt. No. 135-1, at ¶ 105.) Plaintiff has provided no further explanation beyond unavailing, conclusory statements about Plaintiff's doctors' instructions made in his counsel's declaration. Here again, Plaintiff has known of the trial date for more than two years yet elected to pursue medical treatment at a time that *could* prevent his in-person appearance at trial. Counsel's speculation and hearsay are insufficient to meet the high bar of Rule 43. Without more, Plaintiff's request to appear remotely should also be denied.

IV.  **CONCLUSION**

For the reasons set forth above, Tesla respectfully requests that the Court deny Plaintiff the ability to present testimony via remote means at trial.

Dated: June 12, 2024                    Respectfully submitted,

By:   */s/ Aaron M. Bernay*
     TESLA, INC.
     Aaron Langberg (SBN 284975)
     31353 Huntwood Avenue
     Hayward, CA 94544
     Telephone: (510) 828-8959
     alangberg@tesla.com

     Aaron M. Bernay, *pro hac vice*
     Ryan W. Goellner, *pro hac vice*
     FROST BROWN TODD LLP
     3300 Great American Tower
     301 East Fourth Street
     Cincinnati, Ohio 45202
     Tel: (513) 651-6800
     Fax: (513) 651-6981
     abernay@fbtlaw.com
     rgoellner@fbtlaw.com

     *Attorneys for Defendant Tesla, Inc.*

0155814.0780232   4856-4117-5751v2