UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ISM VUZEM D.O.O., et al.,<br><br>    Defendants. | Case No. 21-cv-02556-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF SASA MASLIC'S ADMINISTRATIVE MOTION FOR ORDER ALLOWING WITNESSES TO APPEAR REMOTELY**<br><br>[Re: ECF 149] |

This case is set for trial on Claim 9 of the corrected first amended complaint, which is a human trafficking claim asserted by Plaintiff Sasa Maslic ("Maslic") against Defendant Tesla, Inc. ("Tesla") under federal and state law. The final pretrial conference is scheduled for August 1, 2024, and jury selection is scheduled for September 13, 2024.

Maslic has filed an administrative motion for an order to allow seventeen witnesses, including himself, to testify at trial by electronic means from remote locations in Europe. *See* Pl.'s Admin. Mot., ECF 149. Defendant Tesla opposes the motion. *See* Def.'s Opp. ECF 151.

The administrative motion is DENIED WITHOUT PREJUDICE for the reasons discussed below.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 43 provides that, "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*.

1  The Ninth Circuit recently discussed Rule 43 in *In re Kirkland*, emphasizing that "remote
2  testimony is the exception, and live, in-person testimony is strongly preferred." *In re Kirkland*, 75
3  F.4th 1030, 1043-44 (9th Cir. 2023) (citing Fed. R Civ. P. 43(a) advisory committee's note to
4  1996 amendment).  The *Kirkland* court observed that the advisory committee's notes to Rule 43
5  "instruct that '[t]he most persuasive showings of good cause and compelling circumstances
6  [justifying remote testimony] are likely to arise when a witness is unable to attend trial for
7  unexpected reasons, such as accident or illness, but remains able to testify from a different place.'"
8  *Id.* at 1044 (quoting Fed. R Civ. P. 43(a) advisory committee's note to 1996 amendment).  "'A
9  party who could reasonably foresee the circumstances offered to justify transmission of testimony
10 will have special difficulty in showing good cause and the compelling nature of the
11 circumstances.'" *Id.* (quoting Fed. R Civ. P. 43(a) advisory committee's note to 1996
12 amendment).
13 A district court's decision whether to permit remote testimony at trial is reviewed for abuse
14 of discretion.  *See Draper v. Rosario*, 836 F.3d 1072, 1081 (9th Cir. 2016).

15 **II.   DISCUSSION**

16 Maslic does not submit his own declaration or those of the other sixteen witnesses at issue.
17 The only evidence offered in support of the motion is the declaration of Maslic's counsel, William
18 C. Dresser, who offers vague explanations for the witnesses' inability to travel to California for
19 the trial.  Even if the explanations were more detailed, Mr. Dresser provides no factual bases for
20 his asserted personal knowledge of the witnesses' circumstances.

21 *Maslic*: Mr. Dresser states that Maslic "had hip surgery on June 3, 2024," "had heart
22 surgery in July of 2023," and "is prohibited by the medical advice and directions of his treating
23 health care providers from travel."  Dresser Decl. ¶ 13, ECF 149-1.  In appropriate circumstances,
24 a witness's health issues may satisfy the good cause standard under Rule 43.  *See Wilson v. United*
25 *States*, No. 2:18-CV-1241 JCM (NJK), 2023 WL 2795866, at *2 (D. Nev. Apr. 5, 2023) (witness's
26 recent and unexpected medical procedure constituted good cause for remote testimony).  In the
27 present case, however, it is completely unclear whether Maslic's procedures in July 2023 and June
28 2024 would prevent him from traveling to California in September 2024.  No details are provided

United States District Court
Northern District of California

regarding the effects of those procedures on Maslic's health, or how long those effects might last.

*Dr. Milan Jovanovic*: Dr. Jovanovic appears to be one of Maslic's medical experts and his treating orthopedist. Mr. Dresser states that Dr. Jovanovic "has an active practice as an orthopedic surgeon, and is not available to travel to and from the United States and to keep his active practice to care for patients." Dresser Decl. ¶ 14. "A scheduling conflict alone does not constitute good cause." *Wilson*, 2023 WL 2795866, at *1 (doctor's assertion of prior commitments to patients did not satisfy good cause standard). This is particularly true where the trial is scheduled far enough in advance to allow the parties ample time to secure their witnesses. *See id.* (finding that witness's scheduling conflicts did not constitute good cause for remote testimony where trial was scheduled six months in advance). Here, the case schedule was set more than two years ago in May 2022. *See* Case Management Order, ECF 79. Maslic has not explained why Dr. Jovanovic's in-person trial testimony could not have been arranged in light of that lead time.

*Stjepan Papes*: Mr. Dresser represents that "Stjepan Papes had his visa revoked at the direction and instance of ISM Vuzem, d.o.o., and is ineligible to travel to the United States." Dresser Decl. ¶ 15. As Tesla points out, only the United States government has authority to revoke visas to this country. Moreover, there is no representation that Papes attempted to obtain a visa that would allow him to testify at trial, or that Papes lacks the means to seek a visa.

*Remaining Witnesses*: Mr. Dresser states that "[s]ome of the remaining witnesses no longer have valid and active visas for travel to the United States," and that "[e]ach of the remaining witnesses do not have the time or money to travel from Europe to the United States and return." Dresser Decl. ¶¶ 16-17. However, no details are provided regarding the efforts of these witnesses to seek visas, their finances, or other circumstances that would support a determination of good cause for remote testimony.

The Court finds that Maslic has not shown "good cause in compelling circumstances" for allowing his witnesses to testify remotely at trial. Accordingly, his motion is DENIED.

The Court notes that Maslic has indicated that he will provide an interpreter at the trial to translate witnesses' testimony from their native language to English. Maslic is advised that such interpreter must be certified and must be present in the courtroom during trial. Even if the Court

3

were to grant leave for remote witness testimony at trial, the interpreter would have to be present in the courtroom to translate.  To the extent Maslic offers any documentary evidence at trial that is not in English, such evidence must be accompanied by an English translation prepared by a certified interpreter.  Translations by the Google Translate app or similar apps will not be admitted.

**III.     ORDER**

(1) Plaintiff Maslic's administrative motion for an order allowing witnesses to testify at trial by electronic means from remote locations is DENIED WITHOUT PREJUDICE to refiling the motion with substantial evidence to support good cause.  Any declaration filed by an individual who does not speak English shall be accompanied by a translation prepared by a certified interpreter.

(2) This order terminates ECF 149.

Dated:  June 14, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4