# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ISM VUZEM D.O.O., et al.,<br><br>    Defendants. | Case No. 21-cv-02556-BLF<br><br>**ORDER DENYING PLAINTIFF SASA MASLIC'S ADMINISTRATIVE MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>[Re: ECF 150] |

Plaintiff Sasa Maslic ("Maslic") has filed an administrative motion for issuance of Letters Rogatory to the legal authorities of three foreign jurisdictions: Banja Luka, Bosnia and Herzegovina; Krapina, Croatia; and Velenje, Slovenia. *See* Pl.'s Admin. Mot., ECF 150. Maslic states that he seeks the Letters Rogatory "to compel the attendance at trial by remote means" of three witnesses: Dr. Milan Jovanovic, Gregor Lesnik, and Stjepan Papes. *See id.* at 1-2. The administrative motion for issuance of Letters Rogatory is filed in conjunction with Maslic's separate administrative motion to allow Maslic's witnesses to testify remotely at trial from Europe. Defendant Tesla, Inc. ("Tesla") has filed a notice of non-opposition to Maslic's administrative motion for issuance of Letters Rogatory, but Tesla does oppose permitting Maslic's witnesses to testify remotely. *See* Def.'s Opp., ECF 152.

Maslic's administrative motion for issuance of Letters Rogatory is DENIED AS MOOT in light of the Court's denial of his separate administrative motion to allow his witnesses to testify remotely at trial. *See* Order, ECF 153.

Even if the administrative motion for issuance of Letters Rogatory were not moot, Maslic has not provided the Court with a sufficient legal basis to grant the motion. Because Maslic seeks to compel the identified witnesses' remote testimony at trial, the motion appears to fall within Federal Rule of Civil Procedure 45(c), governing this Court's authority to issue trial subpoenas. *See* Fed. R. Civ. P. 45(c). The three identified witnesses are outside the geographical limitations of this Court's authority to compel them to appear and testify at trial under Rule 45(c), and there are no exceptions to Rule 45(c) for remote appearances. *See id.*; *In re Kirkland*, 75 F.4th 1030, 1051-52 (9th Cir. 2023).

Maslic has not cited any authority suggesting that an end run around Rule 45(c) is possible through issuance of Letters Rogatory. Maslic's motion indicates that his administrative motion is brought "[p]ursuant to Civil Local Rule 7-11, Federal Rules of Civil Procedure, Rule 28(b), and the Court's inherent powers." Pl.'s Admin. Mot. at 1. Civil Local Rule 7-11 merely governs the form and content of motions for administrative relief in this district. Federal Rule of Civil Procedure 28(b) governs the taking of depositions in a foreign country; it does not speak to trial testimony. And Maslic has not cited any case law for the proposition that a Court has inherent authority to compel trial testimony of foreign nationals through Letters Rogatory. Indeed, the Code of Federal Regulations makes clear that Letters Rogatory are used primarily for taking discovery. *See* 22 C.F.R. § 92.54 ("In United States usage, letters rogatory have been commonly utilized only for the purpose of obtaining evidence.").

**ORDER**

(1)   Maslic's administrative motion for issuance of Letters Rogatory is DENIED.

(2)   This order terminates ECF 150.

Dated: June 14, 2024

_____
BETH LABSON FREEMAN
United States District Judge

2