TESLA, INC.
Aaron Langberg (SBN 284975)
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 828-8959
alangberg@tesla.com

FROST BROWN TODD LLP
Aaron M. Bernay, *pro hac vice*
Ryan W. Goellner, *pro hac vice*
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
abernay@fbtlaw.com
rgoellner@fbtlaw.com

*Attorneys for Defendant
Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ISM VUZEM D.O.O., et al.,<br><br>　　　　Defendants. | Case No. 5:21-cv-02556-BLF-SVK<br><br>**DEFENDANT TESLA, INC.'S MOTION IN LIMINE NO. 1 TO LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT DR. RAMZY RIMAWI**<br><br>Judge:　　Hon. Beth Labson Freeman |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Tesla, Inc. ("Tesla") moves *in limine* to limit the testimony presented by Plaintiff Sasa Maslic's medical expert, Dr. Ramzy Rimawi, at trial. Plaintiff and Dr. Rimawi failed to produce a statement from Plaintiff Sasa Maslic that Dr. Rimawi testified he relied upon to prepare his expert report. Their defiance violates Rule 26 of the Federal Rules of Civil Procedure and requires the exclusion or limitation of Dr. Rimawi's testimony at trial.

### A.  Rule 26(a)(2)(B) Requires Expert Reports to Include All Information That Forms the Basis of an Expert's Opinions.

Rule 26 of the Federal Rules of Civil Procedure is clear: an expert report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). If a party fails to disclose this required information, the Rules dictate that the information may not be used at trial. Specifically, Rule 37(c)(1) states that when a party without substantial justification fails to disclose information required by Rule 26(a), the party is not permitted to use as evidence at trial any witness or information not so disclosed, unless such failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

### B.  Dr. Rimawi Failed to Produce Statements He Relied Upon to Prepare His Expert Report.

Dr. Rimawi, Plaintiff's medical expert, prepared his expert report on January 11, 2024. Plaintiff disclosed Dr. Rimawi as an expert witness and provided a copy of his report on January 15, 2024.[1]

Dr. Rimawi was then deposed on May 1, 2024. When asked during his deposition where he derived the facts on which he based his report, Dr. Rimawi testified that, in addition to Plaintiff's medical records, he also relied upon various undisclosed factual assertions by Plaintiff.[2] Dr.

---

[1] Affidavit, Curriculum Vitae, Fee Schedule, and Report of Dr. Ramzy Rimawi, attached hereto as Exhibit A.

[2] *See* Deposition of Dr. Ramzy Rimawi ("Rimawi Dep."), attached hereto as Exhibit B, at 109:20-110:22 ("It was more than medical records. In that information that I was provided, it included sort of like testimony, if you will, by Mr. Maslic, which is where I got that information.").

1

Rimawi referred to this information as the "Maslic statement," which he had received from Plaintiff's counsel prior to preparing his report.[3] He admitted that this "Maslic statement"—on which he had based his opinions—was not included or disclosed with his report.[4] Dr. Rimawi showed the Maslic statement to counsel via screenshare during the deposition (which was held via Zoom), after which the statement was marked as Exhibit 5 to the deposition.[5] Counsel for Tesla asked Dr. Rimawi to provide the statement to Tesla after his deposition, and Dr. Rimawi agreed to do so through Plaintiff's counsel.[6]

Despite his promise on the record to produce the Maslic statement, and as required under Rule 26, neither Dr. Rimawi nor Plaintiff has produced the document Dr. Rimawi relied upon to prepare his report. Undersigned counsel emailed Plaintiff's counsel on May 2, 2024, copying Dr. Rimawi, to formally request the disclosure of the Maslic statement, an updated copy of matters in which Dr. Rimawi provided expert opinions and/or testimony in the preceding four years, and an updated copy of Dr. Rimawi's CV through 2024.[7] The court reporter assigned to Dr. Rimawi's deposition followed up with Plaintiff's counsel on May 16, 2024, requesting the same documents.[8] After the court reporter noted the still-unproduced exhibits on May 17, 2024, undersigned counsel again followed up with Plaintiff's counsel on May 28, 2024 for the information, to no avail.[9]

---

[3] Rimawi Dep. at 110:16-24.

[4] Rimawi Dep. at 110:25-111:4 ("No, I don't believe I included it as a separate line; and you're right, I could have included that."); 111:14-23.

[5] Rimawi Dep. at 110:16-22; 112:7-12.

[6] Rimawi Dep. at 111:5-12 ("Q. Would you be willing to produce a copy of this document to us through plaintiffs' counsel? A. Absolutely, yes, sir.").

[7] See May 2, 2024 email from Ryan Goellner to Bill Dresser and Dr. Rimawi, attached hereto as Exhibit C. Dr. Rimawi also referred to updates to his list of testimony in the prior four years and his CV, both of which were preemptively marked as deposition exhibits with the expectation and understanding that they would be produced. Rimawi Dep. at 124:3-125:18 (discussing testimony updates marked as Exhibit 6); 142:21-143:18 (discussing updated CV, which was marked as Exhibit 7 and apparently sent to Plaintiff's counsel in real time during the deposition).

[8] See May 16, 2024 email from Darlene Anthony to Bill Dresser and Ryan Goellner, attached hereto as Exhibit D.

[9] See May 28, 2024 email from Ryan Goellner to Bill Dresser, attached hereto as Exhibit E.

Ultimately, Dr. Rimawi and Plaintiff have failed to disclose the Maslic statement more than two months after Dr. Rimawi's deposition, despite several requests for this necessary information.

### C. Dr. Rimawi May Not Testify Concerning or Based on the Materials Plaintiff Failed to Produce.

The Ninth Circuit is clear that where a party fails to abide by the disclosure requirements of Rule 26(a), exclusion is the appropriate remedy. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101, 1106 (9th Cir. 2001) (holding that a district court did not abuse its discretion in excluding testimony of a defendant's damages expert as a sanction for failing to provide his expert report by the close of discovery). The Ninth Circuit has further noted that Rule 37 is both "self-executing" and an "automatic" sanction to induce parties to disclose required materials. *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note 1993). Thus, excluding Dr. Rimawi's testimony to the extent it is based on the unproduced "Maslic statement" is an automatic sanction mandated by Rule 37.

Because Dr. Rimawi and Plaintiff have failed to disclose the Maslic statement, any testimony by Dr. Rimawi based on the statement should be excluded at trial. Further, because exclusion is otherwise automatic, Plaintiff bears the burden of proving an exception, i.e., that the failure to disclose the information was (1) substantially justified or (2) harmless. Fed. R. Civ. P. 37(c)(1); *Yeti By Molly*, 259 F.3d at 1107.

Plaintiff cannot take refuge in either exception here. First, Plaintiff has had more than two months to produce the Maslic statement. Defendant and the court reporter followed up with Plaintiff's counsel and Dr. Rimawi at least five different times to request the Maslic statement. *See* Exhibits C, D, E. Plaintiff has simply failed to produce the Maslic statement. (As has Dr. Rimawi—despite being copied on the pertinent email correspondence.) Plaintiff has offered no substantial justification for refusing to disclose the Maslic statement. Nor can he, particularly where Dr. Rimawi identified the Maslic statement on the record, acknowledged he relied on it in forming his opinions and drafting his report, but failed to produce it with his expert report (despite agreeing on the record to produce the statement).

Second, the failure to disclose the Maslic statement is not harmless. This failure has prevented Tesla from being able to investigate the facts Dr. Rimawi relied upon in preparing his expert report. Tesla was unable to question Dr. Rimawi concerning the Maslic statement because it did not receive the statement at the time of Dr. Rimawi's deposition. Plaintiff deprived Tesla of essential facts underlying Dr. Rimawi's opinions in this case. Consequently, any testimony based on those facts is improper. The language of Rule 26 plainly states that Tesla was entitled to any statements by Maslic that helped form the basis of Dr. Rimawi's expert report. Without this information, Tesla is unable to properly defend against, impeach, or otherwise attack Dr. Rimawi's testimony.

Plaintiff's blatant refusal to disclose the Maslic statement mandates the exclusion of Dr. Rimawi's testimony to the extent it relies upon any of Maslic's statements that Dr. Rimawi used in producing his expert report or rendering his opinions. *See Olson v. Montana Rail Link, Inc.* 227 F.R.D. 550, 553 (D. Mont. 2005) (holding that an expert was prohibited from relying upon data or conclusions specifically not included in his expert report). The Court should enter an order forbidding as much at trial. If necessary, the Court and the parties should be permitted to voir dire Dr. Rimawi at trial outside the presence of the jury to determine to what extent his opinions and testimony are based on the unproduced Maslic statement and then determine to what extent Dr. Rimawi's opinions and testimony should be restricted.

### D.   Conclusion

Plaintiff's (and Dr. Rimawi's) refusal to comply with Rule 26 should not be rewarded. Tesla asks the Court to grant this Motion in Limine No. 1 and exclude the testimony of Dr. Ramzy Rimawi to the extent his expert report, opinions, and testimony rely upon the Maslic statement that he and Plaintiff have failed to disclose.

Dated: July 18, 2024     Respectfully submitted,

By:  */s/ Aaron M. Bernay*
TESLA, INC.
Aaron Langberg (SBN 284975)
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 828-8959
alangberg@tesla.com

Aaron M. Bernay, *pro hac vice*
Ryan W. Goellner, *pro hac vice*
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
abernay@fbtlaw.com
rgoellner@fbtlaw.com

*Attorneys for Defendant Tesla, Inc.*

0155814.0780232   4871-0894-3313v2