William C. Dresser, 104375
Law Office of William C. Dresser
14125 Capri Drive, Suite 4
Los Gatos, CA 95032-1541
Tel: 408-279-7529
Alt: 408-628-4414
Fax: 408-668-2990

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitje Pogorevc, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive, <br>　　　　　Defendants.. | Action No.: 5:21-cv-02556-BLF <br><br> Plaintiff Saša Maslic's In Limine Motion No. 2 Regarding Failure to Produce Knowledgeable Witness <br><br> Courtroom 3, 5th Floor <br><br> Hon. Beth Labson Freeman |

## ISSUE

Plaintiff Sasa Maslic seeks relief of a jury instruction pursuant to Federal Rules of Civil Procedure, Rule 37 based on Tesla, Inc.'s failures to produce a witness who was knowledgeable about two of four categories for a Rule 30(b)(6) deposition, despite order therefore.

# FACTS

Tesla was served with a Notice of Deposition for a Designated Witness as to four categories, being:

1) Tesla's contractual relationship with Eisenmann in connection with work performed at the Tesla plant in Fremont, California (the "Fremont facility"); Tesla's contractual relationship, or lack thereof, with ISM Vuzem in connection with work performed at the Fremont facility; Tesla's role, or lack thereof, in the engagement of workers by Eisenmann and/or ISM Vuzem for work performed at the Fremont Facility;

2) Tesla's role, or lack thereof, in work performed by Eisenmann and/or ISM Vuzem workers at the Fremont facility and the engagement of such workers;

3) Tesla's processes for providing identification and security badges to contractors and subcontractors who performed work at the Fremont facility; Tesla's security and access procedures at the Fremont facility; and

4) The information provided by ISM Vuzem, d.o.o. in connection with the procurement process for work at the Tesla plant in Fremont, California.

Exhibit 2A.

Tesla refused to produce any witness.  Tesla was ordered to produce a witness or witnesses.  See April 17 Discovery Order, ECF # 126; April 23, 2024 Order Regarding Discovery, ECF # 129.

Tesla produced two witnesses.  The first was Tara Lucier.  She testified that she was knowledgeable about categories 1 and 2.  See Exhibit 2B.

The second was Aleksandra Nelson.  She was produced as the person most knowledgeable about category 3.  She testified that she was not.

"Are you the person at Tesla most knowledgeable about Tesla's processes for providing identification and security badges to contractors and subcontractors who performed work at the Fremont facility?

· · A.· No.

· · Q.· Who would be the most knowledgeable about that?

· · A.· From the security department."

See Exhibit 2C.

No one was produced as most knowledgeable about category 4. There were also failures to produce at the depositions of Mesdames Lucier and Nelson of related documents, addressed in motion in limine 1.

## APPLICABLE LAW

A Court can impose sanctions, including dismissal, for failure to provide discovery.  (In Re Exxon Valdez, 102 F.3d 429, 432-433 (9th Cir. 1996)).

A corporation has a duty to prepare a Rule 30(b)6) designated witness with respect to issues which are not within the designee's personally knowledge, but which are within the corporate knowledge of the organization. (Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 422-433 (5th Cir. 2006); Accord, Booker v. Massachusetts Department of Public Health, 246 F.R.D. 387, 389 (D. Mass. 2007).  If the designated witness is is not knowledgeable about relevant facts, and if the corporation has failed to designate an available, knowledgeable and readily identifiable witness, then the appearance is for all practical purposes no appearance at all,  (Brazos, supra, 469 F.3d at 433-434).

Sanctions for such violations can include finding matters established against the offending corporation and/or prohibiting certain claims or defenses.  Wasau Underwriters Insurance Company v, Danfoss, LLC , 310 F.R.D.  683, 687 (S.D. Fla. 2015).  An Order to compel is not required to obtain this relief.  (Henry b Gill Insutrties, Inc., 983 F.2d 943, 947 (9th Cir. 1993).  When an Order has been issued, terminating sanctions can be issued.  (Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

Sanctions can include adverse jury instructions.  (Hawley v. Mphasis Corp. 302 F.R.D. 37, 46 (S.D.N.Y. 2014); Network Computing Service v. Cisco Systems, Inc., 223 F.R.D. 392, 399-401 (D.S.C. 2004); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001)).

### ORDER REQUESTED

Plaintiff Sasa Maslic requests lesser sanctions of an instruction to the jury that defendant Tesla, Inc. was to produce witnesses about topics 3 and 4 of the Notice of Deposition, but refused to do so, and that the jury may consider that the evidence if produced would have been unfavorable to Tesla, Inc.

Dated: July 18, 2024

　　　　　/s/_____
　　　　　William C. Dresser
　　　　　Attorneys for Plaintiff Sasa Maslic