TESLA, INC.
Aaron Langberg (SBN 284975)
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 828-8959
alangberg@tesla.com

FROST BROWN TODD LLP
Aaron M. Bernay, *pro hac vice*
Ryan W. Goellner, *pro hac vice*
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
abernay@fbtlaw.com
rgoellner@fbtlaw.com

*Attorneys for Defendant
Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SASA MASLIC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ISM VUZEM D.O.O., et al.,<br><br>Defendants. | Case No. 5:21-cv-02556-BLF-SVK<br><br>**DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING DOCUMENTS AND THINGS NOT PRODUCED (DKT. NO. 158)**<br><br>Date:       August 1, 2024<br>Time:      1:30 p.m.<br>Courtroom: 3, 5th Floor<br><br>Judge:     Beth Labson Freeman |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Sasa Maslic's motion *in limine* No. 1, seeking an adverse inference instruction for documents allegedly not produced by Defendant Tesla, Inc. ("Tesla"), should be denied. Tesla has complied with all discovery orders in this case, produced all responsive documents in its possession, custody, or control, and has not been accused of spoliating evidence. Binding Ninth Circuit precedent establishes that adverse inferences are typically only used when there is a showing of spoliation of evidence with a culpable state of mind. Plaintiff's argument falls well short of the standard, and the basis of his motion in limine is a misguided attempt to re-litigate discovery issues that were resolved months ago.

### A.     Adverse Inference Instructions Are Rarely Utilized in the Ninth Circuit and Require Satisfying a High Bar That Plaintiff Has Not Met.

Rule 37 of the Federal Rules of Civil Procedure is clear: "if a party fails to provide information…the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. A court may inform the jury of the party's failure as a sanction for failure to disclose. *Id*.

Courts recognize that adverse inference instructions are a harsh sanction. *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993-94 (N.D. Cal. 2012) (collecting cases and stating, "any exercise of a court's inherent powers must be exercised with great restraint and discretion [and while] an adverse inference instruction is a 'lesser' sanction than dismissal or default…does not mean it should be imposed casually."). Adverse inference instructions are generally used where there is a showing of spoliation of evidence, or a complete and demonstrated failure to provide particular documents or types of documents. *See Nutrition Distribution LLC v. PEP Rsch., LLC*, No. 16CV2328-WQH-BLM, 2018 WL 6323082, at *4 (S.D. Cal. Dec. 4, 2018).

Even where a party has spoliated evidence, the Ninth Circuit utilizes a three-part test to assess whether an adverse inference instruction should be given to a jury. To receive an adverse inference instruction, the party seeking it must demonstrate: (1) the culpable party had control over evidence it was obligated to preserve, (2) the party destroyed evidence with a culpable state of

mind, and (3) the evidence was relevant to the requesting party's claim or defense "such that a reasonable trier of fact could find that it would support that claim or defense." *See Apple Inc.*, 888 F. Supp. 2d at 989–90 (N.D. Cal. 2012). Thus, the standard to impose an adverse inference, even where a party *spoliated evidence*, requires a culpable state of mind—i.e., willfulness or bad faith. *See Scalia v. Cnty. Of Kern*, 658 F. Supp. 3d 809, 815 (E.D. Cal. 2023) (emphasis added).

### B. Tesla Obeyed All Discovery Orders, Foreclosing Any Adverse Inferences Based on Its Conduct.

Plaintiff's motion *in limine* is simply a misplaced attempt to either dredge up discovery issues that have already been resolved or manufacture new discovery issues without any basis. Plaintiff asserts that Tesla failed to produce various documents that were supposedly either "the subject of orders to produce" or "for deposition of designated witness [sic] with production of documents." (ECF 158 at 3-4.) Plaintiff's assertions are either unintelligible or wrong.

<u>First</u>, Plaintiff claims that Tesla has failed to produce the following documents required in discovery: (i) documents and writings for issuance of entry passes for Vuzem workers; (ii) contracts (including addenda to contracts) between Eisenmann and Tesla; (iii) a report concerning Eisenmann received by Tesla prior to hiring Eisenmann; (iv) and a spreadsheet of site injury incidents prepared by former Tesla employee Robert Thomas.

For starters, all these supposed disputes have been raised and resolved by the Court. Plaintiff cited all of these documents in the joint discovery statement filed in this dispute on April 8, 2024 and/or raised them with the Court during the discovery conference on April 23. *See* ECF No. 123, 126, 129, and 130. The Magistrate Judge later issued a minute entry stating that "production [was] completed" and that the "*Issue[s] raised in Dkt. [123] have been addressed.*" *See* ECF No. 136. Thus, any discovery issues related to these documents have been resolved; Plaintiff cannot use a motion in limine as a basis to relitigate them. And Plaintiff never filed any objections to the Magistrate Judge's entry, so the resolution is complete, final, and not subject to Plaintiff's improper and belated collateral attack.

Moreover, each of Plaintiff's claimed categories of non-production is defective in its own right. The category of (i) documents for Vuzem entry passes is inscrutably vague. It again references discovery filings that were resolved through the Magistrate Judge's May 3 order. Also, Plaintiff has offered no evidence in the record that Tesla made copies of or retained information related to foreign workers. So, Plaintiff's only ammunition for this argument is an assumption that these records were made, retained, and then no longer available 8-10 years later for inspection. That is an unacceptably thin basis for an adverse inference. Category (ii), contracts and addenda, was raised and settled in the prior discovery conferences. Any alleged contract addenda would be purely technical documents that have no relevance to the proceeding (ECF 158-3 at 23), and Plaintiff has not explained how their content would be "relevant" to supporting his claims—which is a prerequisite to an adverse inference instruction. In ostensible support for (iii), a report concerning Eisenmann, Plaintiff cites Exhibit C to his motion, but the referenced deposition testimony makes no mention of a report about Eisenmann. It is thus unclear why Plaintiff believes he is entitled to anything further on this subject. Last, Tesla searched for (iv) the spreadsheet of injury reports, but could not find any such document. (ECF 130.) However, there is no evidence that Tesla destroyed the document (whose presence was based on a former employee's recollection of his computer), let alone with a culpable state of mind that would warrant an adverse inference instruction.

Second, Plaintiff claims that Tesla failed to produce additional documents: (v) a Tesla/Eisenmann entities contract including an "import PO"; (vi) e-mails and contract documents from the laptop of Tesla's 30(b)(6) witness Tara Lucier; (vii) documents reviewed by Lucier to refresh her recollection for her deposition; and (viii) a "one pager safety notification" cited by Tesla's 30(b)(6) witness Aleksandra Nelson.

There are several fatal flaws in Plaintiff's complaints: these additional documents were already produced, Plaintiff never raised these additional documents in any discovery motions before the Magistrate Judge, Plaintiff failed to identify the records he is looking for, and even if

he had done any of those things (which he did not), an adverse inference instruction would be wholly inappropriate.

An examination of Plaintiff's exhibits reveals these flaws. With respect to (v) a Tesla/Eisenmann entities contract including an "import PO," it is unclear what Plaintiff refers to, and Tesla produced all responsive Eisenmann agreements within Tesla's possession, custody, or control. (*See* ECF 123, 126, 129, 136.) With respect to (vi) emails and contract documents from Lucier's laptop and (vii) documents reviewed by Lucier to refresh her recollection for her deposition, Tesla produced these documents on May 21, 2024.[1] Plaintiff's assertion that Tesla failed to produce those items in some respect is thus wrong, if not misleading. As to (viii), the "One pager safety notification" documents, Tesla also previously produced these documents. (*See* Exhibit A hereto.)  If Plaintiff believes that Tesla's production of these documents was incomplete, he did not raise any further disputes with the Magistrate Judge.

Ultimately, Tesla either produced the documents Plaintiff references, or the Court resolved any discovery disputes through its Order on May 3, 2024. *See* ECF No. 136. Because of this, an adverse inference instruction would be completely out of place at trial. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) (application of adverse inference doctrine applies when record suggests the producing party intended to destroy or not produce ordered documents "with the intent of covering up information"). The Ninth Circuit has observed that allowing parties to pursue an adverse inference at trial without affirmative evidence of wrongdoing (which is *entirely* absent here) improperly shifts the burden of proof and would amount to reversible error. *See id*. Granting an adverse inference instruction to the jury would also seriously prejudice the party against whom the inference is offered, Tesla, because it would incorrectly allow the jury to infer that Tesla refused to produce or spoliated evidence that might have been unfavorable, which simply never happened here. *Id*.

Tesla complied with all its discovery obligations, produced responsive documents in its possession, custody, or control, and never violated any discovery orders. There is no evidence that

---

[1] *See* May 21, 2024 email from Aaron Bernay to Bill Dresser, attached hereto as **Exhibit A**.

Tesla spoliated evidence or that would even raise concerns that it had. Even if Tesla *had* lost evidence, Plaintiff must prove Tesla did so willfully or in bad faith and that the lost evidence is relevant to his claims, for neither of which he has offered support. Thus, an adverse inference instruction with respect to Plaintiff's various and belated discovery gripes simply has no place at trial.

### C. Conclusion

For the foregoing reasons, Tesla asks that the Court to deny Plaintiff's motion *in limine* No. 1 and refuse to grant an adverse inference instruction regarding the documents referenced in Plaintiff's motion.

Dated: July 25, 2024

Respectfully submitted,

By:  /s/ Aaron M. Bernay
TESLA, INC.
Aaron Langberg (SBN 284975)
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 828-8959
alangberg@tesla.com

Aaron M. Bernay, *pro hac vice*
Ryan W. Goellner, *pro hac vice*
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
abernay@fbtlaw.com
rgoellner@fbtlaw.com

*Attorneys for Defendant Tesla, Inc.*

0155814.0780232   4892-2121-0835v5