William C. Dresser, 104375
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, California 95113
Tel:  408/279-7529
Fax:  408/298-3306
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Saša Maslic, individually and on behalf of putative class, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, Gogo Rebic, and Mitja Pogorevc, | ) ) ) ) ) ) ) ) ) | Action No.:  5:21-cv-02556-BLF<br><br>[Corrected]<br>Motion for Judgment by Plaintiffs Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic and Mitja Pogorevc on Causes of Action 1 through 7, individual Wage and Hour Claims, 8, Class Claims, and 9, TVPRA Claims |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive, | ) ) ) ) ) ) ) ) ) | Date:    July 10, 2025<br>Time:    1:30 p.m.<br>Courtroom 1, 5th Floor<br><br>Hon. Beth Labson Freeman |
| Defendants. | ) | |

Maslic v ISM Vuzem, d.o.o.; US Dist Ct., N.D. Cal. No. 5:21-cv-02556-BLF
Motion for Judgment for Individual Plaintiffs on Wage and Hour Claims

i

TABLE OF CONTENTS

**TABLE OF CONTENTS** ... **ii**

**TABLE OF AUTHORITIES** ... **iv**

**NOTICE OF MOTION AND MOTION** ... **1**

*I.   SUMMARY OF CLAIMS* ... *2*

*II.   PROCEDURAL STATUS* ... *2*

*III.    APPLICABLE FACTS* ... *4*

*IV.   LEGAL ARGUMENT* ... *5*

  A. Standards for Default Judgments ... 5

  B. Discussion ... 6

    1. Jurisdiction ... 6

    2. Service of Process ... 8

    3. Eitel Factors ... 9

      a. Factor 1 – Possibility of Prejudice ... 9

      b. Factors 2 and 3 – Merits and Sufficiency of Claims ... 9

        i. Claims 1 and 2 – Unpaid Wages under FLSA ... 10

        ii. Claims 3 and 4 – Unpaid Wages under California law ... 13

        iii. Claim 5 – Rest Periods under California Law ... 14

        iv. Claim 6 – Wage Statements under California Law ... 14

        v. Claim 7 – Waiting Time Penalties under California Law ... 15

      d. Factor 5 – Possibility of Dispute ... 19

      e. Factor 6 – Reason for Default ... 19

Maslic v ISM Vuzem, d.o.o.; US Dist Ct., N.D. Cal. No. 5:21-cv-02556-BLF
Motion for Judgment for Individual Plaintiffs on Wage and Hour Claims

ii

f. Factor 7 – Policy Favoring Decision on the Merits                    20

g. Conclusion                                                          20

4. Relief Requested                                                    20

a. No Duplication of Wage Claims under FLSA and State Law              21

b. Travel Time                                                         21

c. Liquidated Damages                                                  23

d. Interest                                                            24

*V.  CONCLUSION*                                                       *25*

Maslic v ISM Vuzem, d.o.o.; US Dist Ct., N.D. Cal. No. 5:21-cv-02556-BLF
Motion for Judgment for Individual Plaintiffs on Wage and Hour Claims
iii

TABLE OF AUTHORITIES

**Cases**

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ................................................ 6

Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996)............ 8

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715 (1945) .............................................. 24

Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ................... 9

Durland v. Straub, No. 3:20-CV-00031-IM, 2022 WL 2704169 (D. Or. July 12, 2022)....... 12, 22

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ............................................. 6

Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) .................................... 9

Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir.1986) ..................................................... 24

In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ........................................................ 6

Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ............................................ 8

Johnson v. Garlic Farm Truck Ctr. LLC, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021) ..... 6

Lambert v. Ackerley, 180 F.3d 997, 1011-12 (9th Cir. 1999)..................................... 10, 11

Lasheen v. Embassy of The Arab Republic of Egypt, 625 F. App'x 338, 341 (9th Cir. 2015).... 20

Love v. Griffin, No. 18-CV-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018),
    report and recommendation adopted, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal.
    Sept. 17, 2018)................................................................................. 18, 19

Martinez v. Combs, 49 Cal. 4th 35, 67 (2010) ........................................................ 13

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) ........................................... 3

Morillion v. Royal Packing Co., 22 Cal. 4th 575, 587 (2000)...................................... 22, 23

Naranjo v. Spectrum Sec. Servs., Inc., 13 Cal. 5th 93, 105 (2022) ................................... 14

Orozco v. Borenstein, No. CV-11-2305-PHX-FJM, 2012 WL 3762408, at *4 (D. Ariz. Aug. 29,
    2012 ............................................................................................. 24

Ridola v. Chao, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018)............................... 9, 19, 20

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) .......................... 7

Seviour-Iloff v. LaPaille, 80 Cal. App. 5th 427, 448 (2022), as modified on denial of reh'g (July
    21, 2022)......................................................................................... 24

Smith v. Nov. Bar N Grill LLC, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) ......................... 10, 11

Solis v. Cardiografix, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012)..... 8

TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987)................................ 6

Vietnam Reform Party v. Viet Tan - Vietnam Reform Party, 416 F. Supp. 3d 948, 962 (N.D. Cal.
    2019)............................................................................................. 10

**Statutes**

18 U.S.C. § 1595.................................................................................... 2

28 U.S.C. § 1331.................................................................................... 6

28 U.S.C. § 1367(a) ................................................................................ 7

29 U.S.C. § 206................................................................................. 2, 10

29 U.S.C. § 207................................................................................. 2, 10

29 U.S.C. § 216................................................................................. 2, 23

29 U.S.C. § 260.................................................................................... 2

Maslic v ISM Vuzem, d.o.o.; US Dist Ct., N.D. Cal. No. 5:21-cv-02556-BLF
Motion for Judgment for Individual Plaintiffs on Wage and Hour Claims

iv

California Civil Code Section 3287 ........................................................................................ 24
California Labor Code Section 1174 ................................................................................... 2, 15
California Labor Code Section 1182.12 ................................................................................. 13
California Labor Code Section 1194 ................................................................................... 2, 13
California Labor Code Section 1194.2 ........................................................................ 2, 13, 23
California Labor Code Section 203 ..................................................................................... 2, 15
California Labor Code Section 218.5 ....................................................................................... 2
California Labor Code Section 218.6 ..................................................................................... 24
California Labor Code Section 226 ..................................................................................... 2, 15
California Labor Code Section 226.7 ................................................................................... 2, 14
California Labor Code Section 510 ......................................................................................... 13
California Labor Code Section 512 ......................................................................................... 14

**Rules**

Federal Rules of Civil Procedure Rule 54 ............................................................................... 1
Federal Rules of Civil Procedure Rule 55 ..................................................................... 1, 5, 6
Federal Rules of Civil Procedure, Rule 23 ............................................................................... 2
Federal Rules of Civil Procedure, Rule 4 ............................................................................... 9

**Regulations**

29 C.F.R. § 785.38 ................................................................................................................. 21

Maslic v ISM Vuzem, d.o.o.; US Dist Ct., N.D. Cal. No. 5:21-cv-02556-BLF
Motion for Judgment for Individual Plaintiffs on Wage and Hour Claims

v

NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic and Mitja Pogorevc ("Plaintiffs") move this Court under Federal Rules of Civil Procedure Rule 55(b)(2) and the Court's inherent authority for an order for entry of Judgment on each of Causes of Action One through Seven of the First Amended Complaint ("FAC") in favor of Plaintiffs jointly and severally against Defendants ISM Vuzem d.o.o., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem ("Vuzems").

Class Representative Maslic further moves for Judgment for the Class on Cause of Action Eight against Defendants Vuzems.

Plaintiff Maslic further moves for Judgment on Cause of Action Nine against Defendants Vuzem and Eisenmann Corporation.

Plaintiffs request that this Court direct entry of a final judgment under Federal Rules of Civil Procedure Rule 54(b).

Defendants failed to appear in this case. The Clerk entered default against Defendants. This Court has personal and subject matter jurisdiction over defendants. Plaintiffs are entitled to judgment against Defendants on causes of action one through nine of action of the FAC. Proper exercise of this Court's discretion is to issue a default judgment. Plaintiffs' motion is based on this notice of motion, the following memorandum, the accompanying Declarations and Request for Judicial Notice, the Court's file, and on argument that Plaintiffs may present to the Court.

Dated: May 12, 2025

__/s/_____
William C. Dresser
Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES

I.      SUMMARY OF CLAIMS

Plaintiffs Maslic, Drzaic, Hernaus, Hubek, Hudoldetnjak, Koscak, Panic, Papes, Puljko, Šincek, Štante, Živanic and Pogorevc seek recovery under the FAC's First and Second Causes of Action based on defendants Vuzems' obligations failure to pay minimum wages of $7.25 per hour (29 U.S.C. § 206) and overtime wages at one and one-half times the regular rate of pay ($10.875) (29 U.S.C. § 207), as well as liquidated damages and attorney's fees pursuant to later motion. (29 U.S.C. §§ 216, 260).  ECF 1-1; 63 (Corrected First Amended Complaint, hereinafter "FAC").

Plaintiffs seek under the FAC's Third and Fourth Causes of Action damages based on Vuzems' failure to pay minimum wages and overtime wages for work in California (Labor Code § 203), liquidated damages (Labor Code § 1194.2(a)), Fifth Cause of Action recovery for failure to provide required rest breaks.  (Labor Code § 226.7), Sixth Cause of Action statutory damages for failure to provide wage statements. (Labor Code § 226, 1174), and Seventh Cause of Action waiting time penalties based on unpaid wages.  (Labor Code § 203).  Plaintiffs also seek recovery of attorney's fees and costs (See Labor Code § 218.5, 1194) by later motion.

Class Representative Maslic for the Class seeks under the Eight Cause of Action damages and recoveries for Class Members for violation of California wage and labor law claims which are stated for the individual Plaintiffs in the Third through Seventh Causes of Action.  FRCP, Rule 23.

Plaintiff Maslic seeks damages under the Ninth Cause of Action under the TVPRA. (18 U.S.C. § 1595).

II.     PROCEDURAL STATUS

The Complaint in the within action was filed on August 27, 2020 in Alameda County

Superior Court action HG20072866. Dresser Decl., Ex. 530. A First Amended Complaint corrected spelling and allegations regarding Stjepan Papes and added Mitja Pogorevc as a named Plaintiff was filed on October 29, 2020. Id., Ex. 531.

Two prior actions alleging class claims tolled the statute of limitations. These are the Complaint and amended complaints in Alameda County Superior Court action no. HG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al.", RJN W and X (Joint Stipulation, "statute of limitations as a matter of law, has been tolled during the pendency of this lawsuit."), and the Second Amended Complaint Northern District of California action no. 5:16-cv-01120-BLF entitled "US ex rel Gregor Lesnik, Stjepan Papes v. Eisenmann SE, et al." RJN 9.

Claims were also tolled based on Defendants Vuzem acknowledging their obligations in writing to their [former] employees. FAC ¶ 23; Drzaic Decl ¶ 44; Hernaus Decl ¶ 45; Maslic Decl ¶ 169; Panic Decl ¶ 49; Papes Decl ¶ 92, 143; Pogorevc Decl ¶ 29; Sincek Decl ¶ 44; Stante Decl ¶ 50.

A three-year statute of limitation applies to FLSA claims based on employers who "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." (McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).). FAC, para 31; 29 U.S.C. § 255.

The within action was removed to this Court on April 8, 2021. ECF No. 1. The Court on October 26, 2021 remanded to state court Plaintiff Maslic's Tenth Cause of Action under California Labor Code § 3706. ECF No. 42.

The Court dismissed against defendants Eisenmann Corporation and Tesla, Inc. all causes of action other than the Ninth Cause of action by Plaintiff Maslic. ECF No. 45.

The clerk on March 30, 2022 entered the default on the First Amended Complaint on

defendants HRID-Mont, d.o.o., ISM Vuzem d.o.o., Robert Vuzem and Ivan Vuzem.  ECF No. 68.  Default was entered on April 9, 2024 against Eisenmann Corporation.  ECF No. 125.

III.    APPLICABLE FACTS

Plaintiffs are former non-supervisory employees who worked in the United States at several facilities between 2014 and 2016, including at a Tesla site in Fremont, California in 2015 and 2016.  Id., ¶¶ 17, 26, 46.   They assert federal and state wage and hour claims against four Slovenian individuals and entities who employed them and contracted their labor to American companies: Defendants ISM Vuzem d.o.o., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem ("the Vuzem Defendants"). See id. They also assert claims against Defendants Tesla, Inc. ("Tesla") and its general contractor, Eisenmann Corporation ("Eisenmann"), based on labor Plaintiffs allegedly performed at Tesla's facility in Fremont, California. See id.

Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principal place of business in Slovenia. FAC, ¶ 2.  Defendants Robert Vuzem and Ivan Vuzem are residents of Slovenia.  They were officers and directors of, exercised control over, and participated in the actions of ISM Vuzem, d.o.o. Id., ¶¶ 3, 4, 8, 15, 33.  Defendant HRID-MONT d.o.o. is a Slovenian corporation with its principal place of business in Slovenia. It is the entity that the other defendants transferred employees, contracts and assets to.  Id., ¶ 7, 8, 9; see also id., ¶ 16.

Plaintiffs were transported to the United States from their home countries of Bosnia and Herzogovenia, the Republic of Slovenia, and Croatia to provide cheap labor to American companies. See generally Compl., ECF 1-1.

The Vuzem Defendants contracted with Tesla and its general contractor, Eisenmann, for Plaintiffs' labor services on a construction project at Tesla's facility in Fremont, California. FAC ¶¶ 16, 48. Plaintiffs worked at the Tesla facility at various times between the middle of 2014 and

June 2016. See id. ¶ 17. Plaintiffs allege that while in California they lived in assigned housing units, were picked up by a van at 6:30 a.m. every Monday through Saturday for transport to the Tesla facility, and were returned to their housing units after 6:00 p.m. on Monday to Friday, after 4:00 p.m. on Saturday, see id. ¶ 53, and every other Sunday. See id. Plaintiffs claim that they were paid a flat rate per month, in violation of federal and state laws requiring payment of minimum wages and overtime wages. See id. ¶¶ 26, 38, 54-57, 61. Plaintiffs also claim that they were not given rest periods, wage statements, or waiting time penalties required under California state law. See id. ¶¶ 65, 70, 81-82.

It is based on these allegations that Plaintiffs filed the complaint in this action asserting against the Vuzem Defendants, Eisenmann, and Tesla: (1) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime wages in violation of the FLSA; (3) failure to pay minimum wages in violation of California law; (4) failure to pay overtime wages in violation of California law; (5) failure to provide rest periods in violation of California law; (6) failure to provide accurate wage statements in violation of California law; and (7) failure to pay waiting time penalties in violation of California law.

Plaintiff Maslic on behalf of a Class asserts the California law wages and employment claims on behalf of a Rule 23 Class.

Plaintiff Maslic also asserts a cause of action for damages due to coerced labor.

IV.    LEGAL ARGUMENT
A. Standards for Default Judgments

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, a court may, in its discretion, enter

default judgment. Fed. R. Civ. P. 55(b)(2); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In considering these factors, all factual allegations in the plaintiff's First Amended Complaint are taken as true, except those related to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff. *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

### B. Discussion

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This motion discusses in turn jurisdiction, service of process, the Eitel factors, and the requested relief.

### 1. Jurisdiction

The Court has federal question jurisdiction over Claims 1 and 2 for violations of the FLSA, because those claims are brought under a federal statute. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States."). The Court has supplemental jurisdiction over Claims 3-7, asserted under state law, as those claims arise out of the same wage and hour violations that form the basis of the FLSA claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

The Court has specific personal jurisdiction over the Vuzem Defendants based on factual allegations which, when accepted as true, establish that: the Vuzem Defendants purposefully directed their activities to California and availed themselves of the privilege of conducting business in California; the claims of the First Amended Complaint arise out of those forum-related activities; and exercise of jurisdiction over the Vuzem Defendants is reasonable. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth requirements for specific personal jurisdiction). The First Amended Complaint alleges among other things that ISM Vuzem d.o.o. entered into contracts with Eisenmann and Tesla in California for Plaintiffs' labor services at Tesla's facility in Fremont, California. See FAC ¶ 16. The FAC also alleges that Robert and Ivan Vuzem own and control the operations of ISM Vuzem d.o.o. See id. ¶¶ 8-9. Robert and Ivan Vuzem traveled to the worksite at the Tesla facility in Fremont, California and corresponded with Plaintiffs regarding their wages. See id. ¶¶ 15, 23.

In addition, the First Amended Complaint alleges that "between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., . . . and HRID-MONT d.o.o. there is such a unity of interest and ownership between the entities and their equitable owners that the separate personalities of the entities and the owners do not in reality exist." See FAC ¶ 9. Personal jurisdiction over a corporation may be established by showing that the corporation is the alter

ego of other entities or individuals as to whom personal jurisdiction exists. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (applying California law). The test is whether (1) there is such unity of interest and ownership that the separate personalities of the corporations no longer exist and (2) failure to disregard the corporations' separate identities would result in fraud or injustice. See *id.* Under this test, ISM Vuzem d.o.o.'s California contacts may be attributed to HRID-MONT d.o.o.

The Vuzem Defendants' contacts with California are sufficient to satisfy the requirements for specific personal jurisdiction under the Schwarzenegger test discussed above. See Schwarzenegger, 374 F.3d at 802.

Eisenmann Corporation was a contracting party in California, providing services in California, and being paid for those services. FAC ¶¶ 16, 17, 18. The Court has personal jurisdiction over Eisenmann Corporation.

### 2. Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982); Solis v. Cardiografix, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). The proofs of service filed by Plaintiffs with respect to the Vuzem Defendants show that the Vuzem defendants were served both by the Central Authority for service in Slovenia, and by post by DVA Fokus, d.o.o. ECF 14-16, 53 – 60; see also ECF 64 to 68 (Decl in support of entry of default). Service was compliant with Federal Rules of Civil Procedure 4, which permits service on individuals and companies in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R.

1    Civ. P. 4(f)(1), (h)(2). The proofs of service represent that the Vuzem Defendants were served

2    pursuant to the Hague Convention. See POS, ECF 27-30, 53-60; RJN Ex. A through D. The

3    Vuzem Defendants were properly served with notice of this action.

4        Eisenmann appeared, then had its counsel withdraw, then failed to respond to an Order to

5    Show Cause.  ECF 103, 109, 124.  Eisenmann was served and appeared in this action.

6        3. Eitel Factors

7        The Ninth Circuit directs a trial court to consider whether default judgment should be

8    granted under factors set forth in Eitel.  These factors support that default judgment against the

9    Vuzem Defendants is warranted.

10        a. Factor 1 – Possibility of Prejudice

11        Under the first Eitel factor, Moving Parties would be prejudiced without a default

12    judgment against the Vuzem Defendants. Unless default judgment is entered, Moving Parties

13    will have no other means of recourse on their claims. See Ridola v. Chao, 2018 WL 2287668, at

14    *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would

15    have no other means of recourse against Defendants for the damages caused by their conduct").

16    The first factor therefore weighs in favor of granting default judgment.

17        b. Factors 2 and 3 – Merits and Sufficiency of Claims

18        The second and third Eitel factors address the merits and sufficiency of Moving Parties'

19    claims. Courts often analyze these two factors together. See Dr. JKL Ltd. v. HPC IT Educ. Ctr.,

20    749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an Eitel analysis, the merits of plaintiff's

21    substantive claims and the sufficiency of the complaint are often analyzed together."). "[T]he

22    general rule is that well-pled allegations in the complaint regarding liability are deemed true."

23    Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

These factors are satisfied as to all nine claims in the First Amended Complaint for which this motion is brought. "Of all the Eitel factors, courts often consider the second and third factors to be the most important." Vietnam Reform Party v. Viet Tan - Vietnam Reform Party, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks and citation omitted). Thus, Moving Parties' satisfaction of the second and third Eitel factors weighs strongly in favor of default judgment.

### i. Claims 1 and 2 – Unpaid Wages under FLSA

Claim 1 alleges failure to pay minimum wages under the FLSA, 29 U.S.C. § 206(a), which provides for a minimum wage of $7.25 per hour for the time period in question. Claim 2 alleges failure to pay overtime wages under the FLSA, 29 U.S.C. § 207(a), which provides for overtime wages of not less than time and a half for hours worked in excess of 40 hours in a workweek. "To establish a minimum-wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." Smith v. Nov. Bar N Grill LLC, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

With respect to the first element, that the plaintiff was an employee of the defendant, the Ninth Circuit has held that "the definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." Lambert v. Ackerley, 180 F.3d 997, 1011-12 (9th Cir. 1999) (internal quotation marks and citation omitted). For example, "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." Id. at 1012 (internal quotation marks and citation omitted). Thus,

in Lambert, the Ninth Circuit held that the chief executive officer and the chief operating officer of the defendant corporations' corporate parent were "employers" who could be held liable under FLSA. See id. Here, the First Amended Complaint alleges that each of the Vuzem Defendants was an employer of Moving Parties within the meaning of the FLSA. See FAC ¶¶ 9, 29, 33. Moving Parties allegedly were employed by ISM Vuzem, d.o.o., see id. ¶¶ 31-32, Robert and Ivan Vuzem allegedly exercised control over the employment relationship, see id. ¶ 33, and all Vuzem Defendants, including HRID-Mont d.o.o., allegedly were alter egos of each other, See id. ¶ 9. The First Amended Complaint's allegations, taken as true, are sufficient to establish the first element of the FLSA claims.

With respect to the second element, that the plaintiff was covered under the FLSA, an individual is covered under the FLSA if the individual "works for an enterprise engaged in commerce." Smith, 441 F. Supp. 3d at 841. The First Amended Complaint alleges that the Vuzem Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA. See FAC ¶ 29. This allegation is sufficient to satisfy the second element of the FLSA claims.

With respect to the third element, that the defendant failed to pay the plaintiff minimum or overtime wages, the First Amended Complaint alleges that: "Plaintiffs and each of them routinely worked in excess of forty (40) hours in a workweek without receiving either minimum wages or overtime compensation for services and labor provided in the United States," FAC ¶ 26; "Defendant ISM Vuzem, d.o.o. willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its Full Time Employees, including Plaintiffs, minimum wages," id. ¶ 31; and "Defendant ISM Vuzem, d.o.o. suffered and permitted Plaintiffs to routinely work more than forty (40) hours a workweek while paying them less than minimum wages and without

overtime compensation," id. ¶ 38.  These allegations combined with evidence in the record including the Plaintiffs' declarations is sufficient to satisfy the second and third Eitel factors.

In order to establish a failure to pay minimum wages in violation of the FLSA, the employee must show that in a given work week, the total amount paid divided by the hours worked falls below the minimum wage set by the statute. See Durland v. Straub, No. 3:20-CV-00031-IM, 2022 WL 2704169, *5 (D. Or. July 12, 2022). In order to establish a failure to pay overtime wages, the employee must show that in a given work week, the employee worked more than forty hours and was not paid time and a half for all hours in excess of forty. See id. at *6.

Those necessary specifics are supplied by the Declarations of the Moving Parties, as translated by and attached to the declaration of Radmilo Bozinovic, and of counsel William C. Dresser and documents attached thereto. See Dresser Decl. Counsel provides wage spreadsheets for each of the Moving Parties, broken down by workweek, showing: hours worked up to 40 hours per week; hours worked in excess of 40 hours per week; wages paid; regular wages that should have been paid for the first 40 hours per week using the FLSA minimum base pay rate of $7.25 per hour; and overtime wages that should have been paid for hours worked in excess of 40 hours per week. See id. ¶ 66 and 68, and Tables A.1 through A-13, and B-1 through B-13. The meaning of those spreadsheets is explained by counsel's declaration, and counsel also provides a table of the total amount of unpaid wages sought by each of the Moving Parties under the FLSA. See id. ¶¶ 61 to 74, see also Id, ¶¶ 110 to 179 (explained as to Class) and Table G.

The allegations of the First Amended Complaint, combined with the declaration of counsel and the evidence attached thereto and with the Moving parties' declarations establish the merits and sufficiency of Moving Parties' claims for minimum wages and overtime wages under the FLSA.

### ii. Claims 3 and 4 – Unpaid Wages under California law

Claim 3 alleges failure to pay minimum wages under California Labor Code § 1182.12, which provides in relevant part that "on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour." Cal. Lab. Code § 1182.12(a). Claim 4 alleges failure to pay overtime wages under California Labor Code § 510, which provides for overtime wages of not less than time and a half for hours worked in excess of 40 hours in a workweek. Cal. Lab. Code § 510(a). Under California Labor Code § 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194(a).

The definition of employer for purposes of the California Labor Code is slightly different from the definition of employer under the FLSA. See Martinez v. Combs, 49 Cal. 4th 35, 67 (2010). Under California law, an employer is one who "employs or exercises control over the wages, hours, or working conditions of any person." Id. The same alleged facts that satisfy the definition of employer for purposes of the FLSA also satisfy the definition of employer under California law – Moving Parties allegedly were hired and directly employed by ISM Vuzem, d.o.o., see FAC ¶¶ 31-32, Robert and Ivan Vuzem allegedly exercised control over the employment relationship, see id. ¶ 33, and all Vuzem Defendants, including HRID-Mont d.o.o., allegedly were alter egos of each other, See id. ¶ 9. Moreover, the Plaintiffs declaration and the declaration of Moving Parties' counsel and attached evidence show that Moving Parties were not paid the minimum wages and overtime wages required under California law when they worked

at the Tesla facility in Fremont, California. See Dresser Decl. ¶¶ 61 to 74, and Tables C-1 through C-13 and G.

The allegations of the First Amended Complaint, combined with the declaration of the Moving parties and their counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claims for minimum wages and overtime wages under California law.

### iii. Claim 5 – Rest Periods under California Law

Claim 5 is for failure to provide rest periods in violation of California Labor Code §§ 226.7 and 512 and applicable wages orders. "[E]mployers who unlawfully denied their employees a meal or rest period on any given day must pay the employees an additional hour of pay at their regular rate." *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 105 (2022) (internal quotation marks and citations omitted). The First Amended Complaint alleges that Plaintiffs were not provided all the rest periods to which they were entitled while working at the Tesla facility. See FAC ¶ 65. The declaration of Moving Parties' counsel and attached evidence show that Moving Parties were not given required rest periods when they worked at the Tesla facility in Fremont, California, and a calculation of the rest period compensation due to each Moving Party is provided. See Plaintiffs Decl; Dresser Decl. ¶ 64 to 67, and Tables C-1 through C-13, D, and G.

The allegations of the First Amended Complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claim for denial of rest periods under California law.

### iv. Claim 6 – Wage Statements under California Law

Claim 6 is for failure to provide accurate wage statements in violation of California Labor

Code §§ 226 and 1174. California Labor Code § 226 requires employers to provide employees with accurate itemized statements in writing showing, among other things, their gross and net wages earned, total hours worked, all deductions, the dates included in the pay period, and the identifying information of the employee and employer, and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). These statements must be provided on a semimonthly basis or at the time of each wage payment. See id. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e).

The First Amended Complaint alleges that the Vuzem Defendants did not provide Plaintiffs with any wage statements. See FAC ¶ 70.  Exhibit 127 is an e-mail by Robert Vuzem directing supervisors to not tell the employees their hours.  The declaration of Moving Parties' counsel and attached evidence provide a calculation of the recovery due to each Moving Party for the failure to provide wage statements. See Plaintiffs Declarations; Dresser Decl.; and Tables E and G. The allegations of the First Amended Complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claim for failure to provide wage statements under California law.

### v. Claim 7 – Waiting Time Penalties under California Law

Claim 7 is for failure to pay waiting time penalties in violation of California Labor Code § 203, which provides that when an employer fails to pay all compensation due at the

termination of employment, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). The First Amended Complaint alleges that the Vuzem Defendants failed to pay wages due, including minimum wages and overtime wages, to Plaintiffs following termination of their employment. See FAC ¶¶ 81-82. The declaration of Moving Parties' counsel and attached evidence provide a calculation of the recovery due to each Moving Party for 30 days of waiting time penalties. See Dresser Decl. and Tables F and G. The allegations of the First Amended Complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claim for waiting time penalties under California law.

vi. Class wages and labor claims under California law

Claim 8, the putative class claim, is brought by Maslic on behalf of himself and class members who worked at the Tesla facility in Fremont, California between May 2014 and June 2016. See CFAC ¶¶ 86-107. Vuzem was the employer that hired the class members and was paid for their work at the Tesla facility. See id. ¶¶ 16, 89. The other Vuzem Defendants allegedly are liable under an alter ego theory. See id. ¶¶ 8-9.

This Court has found that the common questions identified by Maslic with respect to Rule 23(a)(2) predominate over individual questions such that those common questions also satisfy Rule 23(b)(3). ECF 90.

Class Counsel through a Class Administrator has sent Notice approved by this Court to all known Class members to all known addresses and e-mail address. Dresser Decl ¶¶ 84 to 109. The calculation of recoverable damages on behalf of the Class are stated in detail in the supporting declaration of Class Counsel. Dresser Decl., ¶¶ 110 to 181; see also Id., ¶¶ 64 to 66,

72 to 109; Table H; and Plaintiffs' Declarations.

The allegations of the First Amended Complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of the Eighth Cause of Action for Class claims.

vii.  TVPRA Claim 1585, 1589

Claim 9, the Trafficking Victims Protection Reauthorization Act claim, is brought by Plaintiff Maslic against the Vuzems and against Eisenmann Corporation.

This Court has already found that the FAC states a TVPRA Claim.  ECF 45, at 9 – 14.

The supporting declaration of Sasa Maslic, and evidence from declarations of other of the Plaintiffs and of Counsel with attached Exhibits, demonstrate that Plaintiff Maslic was coerced to perform labor and services for Defendants by means of:

serious financial harm and threats of serious harm; and/or

the abuse and threatened abuse of law or legal process to Plaintiffs and similar persons that they were aware of being subject to such abuse; and

a scheme, plan, pattern, and uniform policy intended to cause Plaintiff to believe that if he did not perform such labor, that he would suffer serious harm.

Further, the supporting declaration of Sasa Maslic, and evidence from declarations of other of the Plaintiffs and of Counsel with attached Exhibits, demonstrate that Eisenmann knew or should have known that the venture it participated in, and obtained contracts and profits from, likely engaged in coerced labor practices in violation of the TVPRA.  Eisenmann was aware of the long hours and harsh and dangerous conditions that the Vuzem workers labored under.  FAC ¶¶ 129, 130.  Eisenmann knew that the Vuzems controlled the workers' housing and movement. Eisenmann itself assisted in obtaining improper visas.  Eisenmann knew of many injured Vuzem

workers, that the Vuzems did not have workers comp coverage and did not pay medical bills, and that the Vuzems flew injured workers out of the country as soon as they were injured, typically without providing medical care.  See Ex. 518, 519, 521, 522, 523, 524, 529, 536, 537, 546, 547, 548, 549, 554, 555, 556, 571.

The allegations of the First Amended Complaint, combined with the Plaintiffs Declarations and especially the Declaration of Maslic, and the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of the Ninth Cause of Action for violation of the TVPRA against the Vuzems and Eisenmann.

c. Factor 4 – Sum of Money at Stake

Under the fourth Eitel factor, the Court must consider the amount of money at stake in relation to the seriousness of the Vuzem Defendants' conduct. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions." Love v. Griffin, No. 18-CV-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018), report and recommendation adopted, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018).

The individual named Plaintiffs request judgment on their individual claims including wages, premium pay, damages, interest and penalties, of:  $106,488.16 for Ivan Drzaic; $44,176.51 for Robert Hernaus; $195,527.34 for Leopold Hubek; $98,394.66 for Leon Hudoldetnjak; $90,303.68 for Elvis Koscak; $152,164.84 for Saša Maslic; $39,919.81 for Tomica Panic; $86,046.06 for Stjepan Papes; $68,928.55 for Mitja Pogorevc; $91,391.88 for Željko Puljko; $137,721.58 for Darko Šincek; $96,556.00 for David Štante; and $77,804.08 for Nedeljko Živanic.

The requested Class judgment is $7,977,689.53, subject to reduction upon payment of the

claims of the individual Plaintiffs.

Plaintiff Sasa Maslic requests Judgment jointly and severally against each of ISM Vuzem, d.o.o., HRID-Mont, d.o.o., Ivan Vuzem, Robert Vuzem and Eisenmann Corporation under his TVPRA claim of $2,000,000 in economic compensatory damages and $500,000 in non-economic compensatory damages.

Those amounts are not too large or unreasonable in light of the Vuzem Defendants' years long blatant violations of the FLSA and California wage and hour laws for 13 individual Plaintiffs and approximately 177 Class Members, and the lifetime permanent and serious harm sustained by Sasa Maslic due to the Vuzem defendants and Eisenman coerced labor conduct and threats and benefit. The fourth Eitel factor favors default judgment.

### d. Factor 5 – Possibility of Dispute

Under the fifth Eitel factor, the Court considers whether there is a possibility of a dispute over any material fact. See Love, 2018 WL 4471073, at *5; Ridola, 2018 WL 2287668, at *13. Because the Vuzem Defendants have not appeared, and because the Eisenmann Corporation chose to not retain counsel, they are not entitled to dispute the facts established by Moving Parties. This factor favors default judgment.

### e. Factor 6 – Reason for Default

Under the sixth Eitel Factor, the Court considers whether the default was due to excusable neglect. There is no indication on this record that the Vuzem Defendants' failure to respond to this action was due to excusable neglect. Rather, the Vuzem defendants' counsel admitted in writing that the Vuzems were notified that they should "urgently seek a lawyer in the United States." Dresser Decl. Ex. 006.  Nor can Eisenmann be considered to be in default due to excusable neglect, rather it ignored the OSC to strike the Answer absent representation by

counsel.  This factor favors default judgment.

### f. Factor 7 – Policy Favoring Decision on the Merits

The seventh Eitel factor, which is the strong policy favoring decisions on the merits, weighs against default judgment. In cases where the other Eitel factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment. See Ridola, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").

### g. Conclusion

All of the Eitel factors except the seventh factor weigh in favor of default judgment. The second and third factors, which are the most important, strongly favor default judgment. Accordingly, Moving Parties' motion for default judgment against the Vuzem Defendants should be granted as to Claims 1 through 7 of the First Amended Complaint.

### 4. Relief Requested

 "Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages." Lasheen v. Embassy of The Arab Republic of Egypt, 625 F. App'x 338, 341 (9th Cir. 2015). "The district court may determine the amount of damages without an evidentiary hearing where the amount claimed is a liquidated sum or capable of mathematical calculation." Id. (internal quotation marks and citation omitted).  Plaintiffs' declarations with attached spreadsheets identify: dates, hours, and breaks for each day and each week of work; the tasks performed; and the pay received.  Tables attached to the Declaration of William Dresser are the spreadsheets and calculations for all damages claims).  Counsel's declaration explains how the

damages amounts were calculated and makes clear that only damages, liquidated damages and prejudgment interest allowed under the FLSA and the California Labor Code are included in the damages amounts.  Counsel's declaration, as summarized in Exhibit H, explains how duplicate recovery is not sought under the Class and individual claims.

Moving Parties seek damages, interest, and penalties the following amounts: $141,461.15 for Saša Maslic; $101,096.80 for Ivan Drzaic; $41,353.15 for Robert Hernaus; $197,697.466 for Leopold Hubek; $97,067.64 for Leon Hudoldetnjak; $87,994.58 for Elvis Koscak; $38,225.50 for Tomica Panic; $24,731.32 for Stjepan Papes; $89,073.78 for Željko Puljko; $147,566.88 for Darko Šincek; $91,871.07 for David Štante; $73,469.40 for Nedeljko Živanic; and $63,934.14 for Mitja Pogorevc.  See Dresser Decl, para 87 and Table G.

The details of the calculations are as follows

### a. No Duplication of Wage Claims under FLSA and State Law

Claims 1 and 2 request unpaid minimum and overtime wages under the FLSA, while Claims 3 and 4 request unpaid minimum and overtime wages under California state law. Moving parties excluded their California (Tesla) wages from the calculation of damages under the FLSA to avoid a double recovery. See Dresser Decl. ¶ 27 and Table G.

### b. Travel Time

The wages claimed by Moving Parties under both the FLSA and California law include time they spent traveling by van between their assigned housing sites and their work sites. Under federal law, "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 785.38. "Where an employee is required to report at a meeting place to receive instructions or to

perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." Id. Moving Parties submit declarations stating that once in the United States, they were transported between assigned housing to construction sites by vans that were driven by their supervisors; the supervisors gave Moving Parties work assignments and instructions in the vans; Moving Parties carried tools in the vans; and travel in the vans was required as part of the job. Drzaic Decl, ¶¶ 16 to 27; Hernaus Decl, ¶¶ 18 to 27; Hubek Decl, ¶¶ 14 to 25; Hudoldetnjak; Decl, ¶¶ 18 to 25; Koscak Decl, ¶¶ 31-40; Saša Maslic Decl, ¶¶ 127-136; Panic Decl, ¶¶ 16-25; Papes Decl, ¶¶ 28-37; Pogorevc Decl. ¶¶ 16-25; Puljko Decl, ¶¶ 16-24; Šincek Decl, ¶¶ 34-43; Štante Decl, ¶¶ 13-20; Živanic Decl, ¶¶ 16-25. Other district courts in the Ninth Circuit have granted default judgment on FLSA wage claims for travel time under § 785.38 based on similar facts. See, e.g., Durland v. Straub, No. 3:20-CV-00031-IM, 2022 WL 2704169, at *4 & n.6 (D. Or. July 12, 2022) (granting default judgment where workers were required to gather at the shop to get instructions and supplies and then ride together to the work site). Moving Parties' evidence is sufficient to establish that their van travel time must be counted as hours worked for their FLSA claims.

Under California law, whether travel time is compensable depends on "[t]he level of the employer's control over its employees." Morillion v. Royal Packing Co., 22 Cal. 4th 575, 587 (2000). In Morillion, the California Supreme Court found that the time agricultural employees were required to spend traveling on their employer's buses was compensable because they were subject to control of their employer. See id. at 578. The Morillion court held that, "When an employer requires its employees to meet at designated places to take its buses to work and prohibits them from taking their own transportation, these employees are subject to the control of

an employer, and their time spent traveling on the buses is compensable as hours worked." Id. at 587 (internal quotation marks and citation omitted). As discussed above, Moving Parties have submitted declarations stating that they were required to take company vans between their assigned housing units and their work sites, that their supervisors gave them instructions during that travel, and that travel on the company vans was required. This evidence is sufficient to establish that the van travel time is compensable under California law.

### c. Liquidated Damages

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b). For Claims 1 and 2 brought under the FLSA, Moving Parties properly seek liquidated damages equal to the total recoverable unpaid minimum and overtime wages. See Dresser Decl. ¶ 27 and Table G.

Under California law, "[i]n any action . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Cal. Lab. Code § 1194.2(a). However, "[n]othing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation." Id.

Moving Parties properly seek liquidated damages on Claim 3 for unpaid minimum wages under state law.  Moving parties do not seek liquidated damages on Claim 4 for overtime wages under state law, which are unavailable. Liquidated damages under state law are based solely on unpaid minimum wages under Claim 3.

Moving Parties do not seek liquidated damages with respect to Claims 5 (break time premium pay), 6 (wage statement penalties), or 7 (waiting time penalties) brought under California law. As to Claim 5, Moving Parties seek premium pay and prejudgment interest; Moving Parties are entitled to prejudgment interest on Claim 5 as discussed below. As to Claim 6, they seek only wage statement penalties, and as to Claim 7, they seek waiting time penalties. Moving Parties have proved their entitlement to the requested premium pay and penalties.

### d. Interest

Moving Parties do not seek prejudgment interest under FLSA claims. See Orozco v. Borenstein, No. CV-11-2305-PHX-FJM, 2012 WL 3762408, at *4 (D. Ariz. Aug. 29, 2012 ("a plaintiff cannot recover both prejudgment interest and liquidated damages under the FLSA."); see also Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir.1986) (recognizing that "in the absence of a liquidated damage award, pre-judgment interest is necessary to fully compensate employees for the losses they have suffered"); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715 (1945).

"[U]nder California law plaintiffs may recover liquidated damages and prejudgment interest." Seviour-Iloff v. LaPaille, 80 Cal. App. 5th 427, 448 (2022), as modified on denial of reh'g (July 21, 2022). Moving Parties' request for prejudgment interest on Claims 3, 4, and 5 is proper. Prejudgment interest on Claims 3 and 4 is requested at the statutory rate of 10% set forth in California Labor Code § 218.6, and on Claim 5 at the statutory rate of 7% set forth in California Civil Code § 3287. These rates are reflected in Moving Parties' calculations of prejudgment interest on their state law claims.

Moving Parties do not request prejudgment interest as to Claims 6 and 7 for wage statement penalties and waiting time penalties, respectively.

These same permissible calculations are also set forth for the Class.

V.  CONCLUSION

Plaintiffs should be granted default judgment on their individual claims including wages, premium pay, damages, interest and penalties, of:  $106,488.16 for Ivan Drzaic; $44,176.51 for Robert Hernaus; $195,527.34 for Leopold Hubek; $98,394.66 for Leon Hudoldetnjak; $90,303.68 for Elvis Koscak; $152,164.84 for Saša Maslic; $39,919.81 for Tomica Panic; $86,046.06 for Stjepan Papes; $68,928.55 for Mitja Pogorevc; $91,391.88 for Željko Puljko; $137,721.58 for Darko Šincek; $96,556.00 for David Štante; and $77,804.08 for Nedeljko Živanic.

The Class should be awarded judgment on Claim 8 of the FAC for the California based recoveries of $7,977,689.53.

Plaintiff Sasa Maslic requests Judgment jointly and severally against each of ISM Vuzem, d.o.o., HRID-Mont, d.o.o., Ivan Vuzem, Robert Vuzem and Eisenmann Corporation under his TVPRA claim of $2,000,000 in economic compensatory damages and $500,000 in non-economic compensatory damages, and an award of exemplary damages separately as to each defendant of $500,000.00 against ISM Vuzem, d.o.o, of $500,000.00 against HRID-Mont, d.o.o., of $500,000.00 Ivan Vuzem, of $500,000.00 against Robert Vuzem, and of $500,000.00 against Eisenmann Corporation.

Plaintiffs also request an award of attorney's fees upon a subsequently filed motion.

Dated: May 13, 2025

___/s/_____
William C. Dresser
Attorneys for Plaintiffs Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoldetnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic and Mitja Pogorevc

2025_05_13_MtnJudgment