David S. Henshaw (SBN 271226)
E-mail:  dhenshaw@bwslaw.com
Joanne Madden (SBN 209095)
E-mail:  jmadden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel:  949-863-3363    Fax:  949-863-3350

Attorneys for Defendants
ISM VUZEM, D.O.O..
ROBERT VUZEM
IVAN VUZEM
HRID-MONT, D.O.O.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SASU MASLIC, individually and on behalf of putative class, et al. , <br><br> Plaintiffs, <br><br> v. <br><br> ISM VUZEM D.O.O., et al., <br><br> Defendants. | Case No. 5:21-cv-02556-BLF <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS** <br><br> Date:        October 16, 2025 <br> Time:        9:00 a.m. <br> Courtroom: 1, 5th Floor <br> Judge:        Honorable Beth Labson Freeman <br><br> Action Filed: April 8, 2021 <br> Trial Date:    None |

## I.    INTRODUCTION

Defendants ISM VUZEM, D.O.O., ROBERT VUZEM, IVAN VUZEM, and HRID-MONT, D.O.O. (collectively, "Defendants") hereby respectfully oppose Plaintiffs' request for attorney fees and costs. Plaintiffs seek $575,077.50 in fees and $65,597.83 in costs (for a total of $640,675.33) against Defendants and another defendant, Eisenmann Corporation.

Such amounts are not warranted in this case where judgment against Defendants was granted only by default rather than after litigation of the case. Obviously then, despite Plaintiffs' considerable fee request, in this case, as to Defendants, there has not been a single deposition, the parties have never propounded (or responded to) discovery, Defendants have filed no motions,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4902-6396-1689 v1                                         1
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

Defendants have opposed no motions, there have been no appeals, no trial preparation, and no trial. Plaintiffs' fee request is grossly inflated, excessive, unreasonable, and demonstrates a failure to exercise billing judgment.

Accordingly, Defendants request a significant reduction as more fully explained below.

## II.    ISSUES TO BE DECIDED

Plaintiffs ask this Court to grant them <u>$640,675.33</u> in attorney fees and costs. Defendants oppose this request as unreasonable and excessive. The Court should reduce this amount significantly to reflect the reasonable fees and costs associated with <u>this</u> case, where Defendants defaulted and did not participate in any litigation activities. This is especially true because this case is one of three related cases that concern substantially the same parties and events and necessarily required a duplication of labor and expense by Plaintiffs' counsel.

## III.    RELEVANT FACTS

Plaintiff Sasa Maslic and fifteen other plaintiffs filed a Complaint on August 27, 2020, in the Superior Court for the County of Alameda against ISM Vuzem d.o.o., Robert Vuzem, Ivan Vuzem, HRID-MONT d.o.o., (i.e., the four defined "Defendants" presenting this Opposition), ISM Vuzem USA, Inc., and Vuzem USA, Inc. and other entities including Tesla and Eisenmann Corporation. Dkt. No. 1 at ¶ 12; Dkt 195-5, ¶17. A First Amended Complaint was filed on October 29, 2020. Dkt No. 1-1, First Amended Complaint ("FAC"); Dkt 195-5, ¶20. Defendants Tesla and Eisenmann removed the case to this Court on federal question jurisdiction grounds on April 8, 2021. Dkt. No. 1. The tenth cause of action was later remanded to state court. Dkt. 45. ISM Vuzem USA, Inc. and Vuzem USA, Inc have been dismissed. Dkt 94.

On April 14, 2021, the Court entered an order finding the following case to be related to the instant case: *U.S. ex rel. Lesnik, et al. v. Eisenmann SE, et al.*, No. 5:16-CV-01120-LHK (N.D. Cal.) (the "Lesnik Action"). Dkt. No. 9.  It found that "[t]he two cases concern substantially the same parties and events, and it is likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." *Id.*

Then, on November 9, 2021, in the Lesnick Action, the Court entered an order finding that *Novoselac, et al. v. ISM Vuzem d.o.o., et al.,* No. 5:21-CV-08654-BLF (N.D. Cal.) (the "Novoselac

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4902-6396-1689 v1                                        2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

Action" was also a related case. Dkt. 599 in Lesnik Action. Basically, this action, the Lesnik Action, and the Novoselac Action represent three different avenues pursued by Plaintiffs to extract damages from Defendants for allegedly unlawful labor practices.

On March 29, 2022, Plaintiffs requested entry of default against Defendants. Dkt 195-5, ¶ 36, Dkt 64-67. On March 20, 2022, the clerk entered default against Defendants. Dkt 195-5, ¶ 37, Dkt 68. On May 12, 2025, Plaintiffs filed a Motion for Entry of Default Judgment on the FAC. Dkt 195. On July 31, 2025, the Court entered default judgment against Defendants. Dkt. 208.

Now, Plaintiffs ask this Court to award fees and costs as follows:

- $409,200.00 in attorney fees to Plaintiffs' counsel, William C. Dresser, Esq.

- $66,427.50 in attorney fees to Hunter Pyle Law

- $99,450.00 in paralegal fees

- $65,597.83 in costs

For a total of $640,675.33. Dkt. No. 211, 212.

## IV.    LEGAL STANDARD

In general, California courts determine reasonable attorney fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222 (9th Cir. 2013). The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of money spent. See *Hensley v. Eckerhart*, 461 U.S. 424, 433-434, 437 (1983); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

In making this determination, "[t]he district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. The assessment of reasonableness is made by reference to standards established in dealings between paying clients and the private bar, *id*. at 434, and the burden is on the party seeking fees to demonstrate, with sufficient evidence, that the hours worked and rates claimed are reasonable, *id*. at 433-34; *accord Schwarz*, 73 F.3d at 906 (burden of showing that hours and fees are reasonable falls squarely upon the plaintiffs).

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4902-6396-1689 v1                                                    3
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley* at 434; *accord Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000) (citation omitted). The Supreme Court in *Hensley* noted in particular:

> In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. **Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.**

*Id*. (citation omitted and emphasis added); *accord Albion Pacific Property*, 329 F. Supp. 2d at 1168; *see also Perdue*, 130 S.Ct. at 1672 (the lodestar method "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case.")

## V.     ARGUMENT

### A.     Plaintiffs' Requested Number of Hours Billed is Excessive and Unreasonable and Should Be Reduced

Plaintiffs' demand for $575,077.50 in fees is excessive and unreasonable. Courts reduce fee awards based on a variety of factors, including specifically for: (i) inadequate documentation; (ii) overstaffing and duplication of effort by plaintiff's counsel; and (iii) hours that were unproductive or otherwise unreasonable. *See Hensley*, 461 U.S. at 433-34; *Sorenson*, 239 F.3d at 1146-47; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Reductions based on these factors should be made here.

#### 1.     Plaintiffs' Request Should Be Reduced for Duplication of Efforts and Time Spent on Unrelated Claims and Issues Against the Other Defendants

The Supreme Court stated in *Hensley* that the prevailing party "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437; *see id*. at n.12 (counsel's records must provide a proper basis for determining how much time was spent on particular claims); *see also Schwarz*, 73 F.3d at 906 ("[A]n attorney should maintain billing time records in a manner that will enable a reviewing court to identify distinct

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4902-6396-1689 v1                                                4

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

1  claims."); *Chalmers*, 796 F.2d at 1210 ("[i]n determining reasonable hours, counsel bears the burden

2  of submitting detailed time records justifying the hours claimed to have been expended."). "Where

3  the documentation of hours is inadequate, the district court may reduce the award accordingly."

4  *Hensley* at 433; *accord Trustees of Directors Guild of America-Producer Pension Benefits Plans v.*

5  *Tise*, 234 F.3d 415, 433 (9th Cir. 2000). And both the Supreme Court and Ninth Circuit have

6  emphasized that they will not "view with sympathy" claims that a district court abused its discretion

7  in awarding unreasonably low attorneys' fees where the record does not provide a proper basis for

8  determining time spent on specific claims. *Hensley*, 461 U.S. at 437 n.12.

### a.    Fees Related to Defendants

10  Here, in this case, the vast amount of litigation activity was directed to, and opposed by, the

11  <u>other</u> defendants in this action. Again, here, judgment was entered against Defendants by default.

12  Therefore, the only attorney fees and costs attributable to Defendants are as follows:

13        i.    Service of Summons

14        ii.    Motion for Entry of Default – Dkt. 64-67. [3/29-22-3/30/22]

15        iii.    Motion to Certify Class – Dkt. 86, 98. [1/26/2023]

16        iv.    Motion to Certify Class – Dkt. 98. [8/7/2023]

17        v.    Class Notice Documents – Dkt. 184-186.

      vi.    Default Judgment Related – Dkt. 189-199. [11/15/2024-7/2/2025]

18  Then, the attorney time spent on the foregoing tasks (which are specific to the results

19  obtained against Defendants) should be further reduced because the work needed to accomplish said

20  tasks is largely duplicative of the work already prepared for the Lesnik Action and the Novoselac

21  Action. As the Court recognized, these three cases "concern substantially the same parties and

22  events, and it is likely that there will be an unduly burdensome duplication of labor and expense or

23  conflicting results if the cases are conducted before different judges." Dkt. No. 9. It follows that

24  Plaintiffs' attorneys also duplicated labor and expense in prosecuting the related cases.

25  Thus, Plaintiffs' requested fees should be reduced by at least one-third (1/3) to the extent

26  that the pleadings, motions, declarations, and other paperwork filed in this case amount to a simple

27  duplication and/or minimal revision of the work already generated in the Lesnik Action and the

28  Novoselac Action. For example, the Motion for Default Judgment in this case is largely the same as

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4902-6396-1689 v1

5

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

the motion filed in the Lesnik Action. *See* Lesnik Dkt. 502. Yet Plaintiffs are seeking 210 hours in attorney time and 660 hours in paralegal time for preparation of the motion. Dkt. 211-1 at Ex. 104.

As a matter of fact, fees should be even further reduced because in this case, default judgment was entered against Defendants so they did not oppose any motions filed by Plaintiffs.

### b.    Fees Incurred for Work on Known Stale Claims Dismissed in Other Actions

Plaintiffs' request for attorney fees should also be reduced to the extent it seeks compensation for attorney time spent on claims that were dismissed in the other actions. For example, with respect to the California Labor Code claims, other defendants successfully challenged these claims as time-barred. *See* Dkt. 45 (the Tesla and Eisenmann defendants prevailed because claims barred by statute of limitations, *id.* at 7:9-9:12). Not only should Plaintiffs be precluded from an attorney fee award for losing these motions/claims, Defendants should certainly not be required to compensate Plaintiffs for such fees. In other words, Defendants should not be penalized for Plaintiffs needing to prepare an opposition for stale claims. Plaintiffs knew their claims were stale because they lost motions in the Lesnick and Papes actions. See Dkt. 12 (Tesla's Motion to Dismiss at 5:10-7:1.)

### c.    Fees Incurred on Work Unrelated to Defendants

Plaintiffs also seek to recoup fees from Defendants for work that had nothing to do with them. For example, Defendants did not file, and did not oppose, any of the following:

i.      Notice of Removal – Filed by Eisenmann Corporation and Tesla. Dkt. 1.

ii.     Motion for Remand – Filed by Plaintiff Maslic (Dkt. 17, 21); and opposed by Eisenmann and Tesla. Dkt. 22.

iii.    Motion to Dismiss – Filed by Eisenmann Corporation & Tesla. Dkt 22.

iv.     Motion Summary Judgment – Filed by Tesla. Dkt. 127 [4/18/2024]

v.      Motions in Limine, Pretrial Documents – Filed by Tesla and Plaintiffs. Dkt. 156 – 181.

In addition, Plaintiffs ask to recover fees for discovery disputes that did <u>not</u> involve Defendants, including the following:

vi.     Motion for Protective Order – Filed by Tesla. Dkt. 121. [3/29/24]

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6396-1689 v1

6

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

vii.    Discovery Dispute before Magistrate van Keulen between Tesla and Plaintiffs. Dkt. 118-126, 128-134, 136. [3/25/24-4/17/2024]

The concurrently filed Declaration of William C. Dresser is also replete with time entries for attorney work related to "workers compensation," including, for example: "workers comp insurance," "workers comp disclosures," "workers compensation forms and agreements," filing "workers comp documents," "completed Workers Comp forms," "research tolling for workers compensation claims," and "workers comp pleadings." Dkt. 211-1. Other time entries relate to attorney work conducted for and with the Division of Workers' Compensation (the "DWC.") This civil action has nothing to do with "workers compensation" so Plaintiffs' request for any fees related to these "workers compensation" activities should be rejected.

### 2.    Parts of Plaintiffs' Documentation of Their Fee Request Are Improper

Plaintiffs have also requested 100 attorney hours for "research and gathering of wage information and supporting documents related to wages claims." Dresser Decl., ¶ 22. No time records have been provided for these 100 hours. As such, Plaintiffs have failed to meet their burden of establishing these 100 hours. *Hensley*, 461 U.S. at 433-434. Neither the Court nor Defendants have the opportunity to evaluate the reasonableness of these 100 hours so Plaintiffs' request for them should be wholesale rejected. The Ninth Circuit has held that a district court may abuse its discretion by relying on summaries of billing records in declarations that are not sufficient to distinguish time spent on different claims. *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230-31 (9th Cir. 1997).

In addition, some of the billing records submitted by Plaintiffs contain "block billed" entries that impermissibly intermix the time spent on multiple activities. Time records that are "submitted in a form not reasonably capable of evaluation do not satisfy the 'burden of submitting detailed time records justifying the hours claimed.'" *Gates v. Stewart*, 987 F.2d 1450, 1452-53 (9th Cir. 1993). In particular, the practice of serial or block billing is disfavored by courts reviewing fee applications "because it makes it much more difficult to determine how much time was spent on particular activities." *Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (concluding that block billing "may increase time by 10% to 30%).

### 3.    Plaintiffs' Request Should Be Reduced for Excessive Overstaffing, Conferencing, and Administrative Tasks

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6396-1689 v1                                   7

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

The number of hours for which Plaintiffs' counsel seeks compensation should also be reduced to account for overstaffing and duplicative work by multiple counsel and multiple paralegals on the same task. *Tahara v. Matson Terminals*, 511 F.3d 950, 955 (9th Cir. 2007) (in calculating number of hours reasonably expended, a district court is to exclude hours that are redundant). "A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent." *Settlegoode*, 2005 WL 1899376, *7. The exercise of "billing judgment" is especially necessary to eliminate redundant hours for overstaffing.

> When attorneys hold a telephone or personal conference, good "billing judgment" mandates that only one attorney should bill that conference to the client, not both attorneys. The same good "billing judgment" requires attorneys not to bill for more than two attorneys to review pleadings or to attend oral argument or trial.

*Id*.

Plaintiffs seek to recoup 1,326 hours of paralegal time, or $99,450.00. It seems readily apparent that $100,000 of paralegal time (or approximately 1,333 hours) is excessive for a case that resulted in a default judgment and where Defendants did not participate in the litigation. It does not reflect billing judgment and is unreasonable.

In addition, the Declaration of William C. Dresser is littered with billing entries charging attorney time for "discuss[ing] with staff" or "direct[ing] staff." Courts have specifically cut back hours for excessive conferencing. *See Welch*, 480 F.3d at 949 (absent persuasive justification reducing time for intra- office conference by experienced attorneys); *Keith*, 644 F. Supp. at 1324 (reduction for excessive non-serial conference time). A reduction for excessive conferencing would likewise be warranted here.

Finally, numerous entries are improper because they bill at a high fee rate for administrative or clerical tasks. To cite just a few examples, counsel for Plaintiffs billed $400 per hour for tasks such as preparing proofs of service; preparing or revising captions; preparing to e-file; e-filing; saving emails; calendaring; preparing to do lists; downloading, saving, and printing various documents; preparing initial "shells" of documents; and "organizing file." To account for instances of improper billing, Defendants ask this Court to exercise its discretion to reduce the award by at least 10 percent. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6396-1689 v1

8

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

district court can impose a small reduction, no greater than 10 percent—a 'haircut'--based on its exercise of discretion and without a more specific explanation.").

**B.    The Court Should Reduce the Requested Expenses and Costs**

The Court should deduct the following expenses and costs from the amount requested because the results obtained in this case – a default judgment against Defendants – did not reasonably require any of the following costs or expenses:

i.      Deposition transcript/video recording: $10,792.48

ii.     Trial exhibits: $480.49

iii.    Expert witness fees and expenses: $15,940.00

iv.     Interpreters: $13,384.83

v.      "Simpluris invoice and payment": $20,104.60

Thus, at least $60,702.40 should be deducted from Plaintiffs' requested costs. In fact, even more should reasonably be deducted because it would be inequitable for Defendants to bear the entire burden of the costs attributable to filing fees, docket fees, stamps, USPS, and print jobs.

**C.    Defendants Are Entitled to a Downward Adjustment of the Lodestar Amount**

Courts may consider the *Johnson-Kerr* factors to determine whether an adjustment of the lodestar is necessary. *See, e.g., Doran v. Corte Madera Inn Best Western*, 360 F.Supp.2d 1057, 1063 (N.D.Cal. 2005). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

(*Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67, 70.)

These factors weigh in favor of a reduction of the lodestar amount. This case does not involve a novel question of law. The legal issues were not complex. Judgment against Defendants was granted by default. Defendants did not participate in any litigation activities. Further, such a simple

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6396-1689 v1

9

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

case – where judgment is obtained by default – would not be viewed as "undesirable" by other attorneys.

As for any "time limitations," this factor also weighs in favor of the Defendants because many, if not all, of Plaintiffs' claims were barred by the statute of limitations. In fact, the Court has already ruled several of Plaintiffs' claims are time-barred. *Maslic* Dkt. No. 45 at 7–9, "[T]he latest possible date that Plaintiff could have brought any claims for minimum wages, overtime wages, or adequate rest periods was June 2019. Similarly, because Plaintiffs' employment ended by June 2016, the latest possible date that Plaintiff could have brought a claim for waiting time penalties was June 2017." Dkt. No. 45 at 9–12. This delay in filing the Complaint, left unexplained by Plaintiffs, suggest that there was no great urgency to this case.

In light of all of these considerations, a reduction of the lodestar is necessary to reach a reasonable fee.

### D.    Plaintiffs Are Not Entitled to Excessive "Fees on Fees"

The Court should substantially reduce Plaintiffs' requested "fees on fees" in pursuing this fee award. "An inflated request for a 'fees-on-fees' award may be reduced to an amount deemed reasonable by the awarding court." *Rosenfeld v. U.S. Dep't of Just.*, 904 F. Supp. 2d 988, 1008 (N.D. Cal. 2012); *Schneider v. Cnty. of San Diego*, 32 F. App'x 877, 880 (9th Cir. 2002) (unpublished) (district court "did not err in finding that [] counsel failed to minimize the hours spent in preparing the fee petition, delegate tasks that could have been performed by associates at a lower rate, and present all documents relevant to the fee petition with the initial motion").

Here, Plaintiffs request 40 hours or $16,000 (so far) for preparing the motion for attorney fees and costs. Dresser Decl., ¶ 138. That is plainly unreasonable. See *Medina v. City of Menlo Park*, 2009 U.S. Dist. LEXIS 151404, at *39-40 (N.D. Cal. 2009) (reducing 91-hour fee on fee request to 20 hours); *Cruz v. Starbucks Corp.*, 2013 U.S. Dist. LEXIS 79231, *25-26 (reducing fee motion by 50% where total time billed on fee motion was 30.8 hours); *Hernandez v. Grullense*, 2014 U.S. Dist. LEXIS 61020, *43-44 (N.D. Cal. Apr. 30, 2014) (applying a reduction of over 60% to time spent preparing a fee motion). Accordingly, Defendants request that Plaintiffs' request for fees on fees be reduced by 50% or 20 hours.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6396-1689 v1

10

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF

1    In the alternative, the Ninth Circuit has approved "applying the same percentage of merits

2    fees ultimately recovered to determine the proper amount of the fees-on-fees award," "without

3    providing an additional explanation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 909

4    (9th Cir. 1995). The Northern District has also followed this automatic, proportional reduction

5    approach. See *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 2018 U.S. Dist. LEXIS 248736, *15 (N.D.

6    Cal. July 24, 2018). If the Court awards Plaintiffs fees less than what they request, it should also

7    reduce their fees on fees by a commensurate percentage.

8    **VI.    CONCLUSION**

9    For the foregoing reasons, Defendants respectfully request that the Court partially deny

10   Plaintiffs' motion and reduce the award to an amount that the Court deems reasonable. Defendants

11   submit that $66,000 – the amount awarded to Plaintiffs in the Novoselac Action – is far more

12   reasonable than the $640,675.33 requested for obtaining a default judgment.

13   Dated:  August 28, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

14

15                                             By:  /s/ David S. Henshaw

16                                                  David S. Henshaw
                                                    Joanne Madden
17                                                  Attorneys for Defendants
                                                    ISM Vuzem d.o.o., et al.

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6396-1689 v1

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES
Case No. 5:21-cv-02556-BLF