United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAŠA MASLIC, individually and on behalf of a certified class; IVAN DRZAIC; ROBERT HERNAUS; LEOPOLD HUBEK; LEON HUDOLETNJAK; ELVIS KOSCAK; TOMICA PANIC; STJEPAN PAPES; ŽELJKO PULJKO; DARKO ŠINCEK; DAVID ŠTANTE; NEDELJKO ŽIVANIC; GOGO REBIC; and MITJA POGOREVC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ISM VUZEM D.O.O.; ISM VUZEM USA, INC.; VUZEM USA, INC.; HRID-MONT D.O.O.; IVAN VUZEM; ROBERT VUZEM; EISENMANN CORPORATION; and TESLA, INC.,<br><br>　　　　　Defendants. | Case No. 21-cv-02556-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>[Re: ECF 211] |

Plaintiffs have filed a motion for attorneys' fees and costs following the Court's entry of default judgment against Defendants ISM Vuzem, d.o.o., Ivan Vuzem, Robert Vuzem, and HRID-Mont, d.o.o. ("Vuzem Defendants"), and Defendant Eisenmann Corporation, for violations of federal and state laws governing labor and human trafficking. *See* Pls.' Mot. for Attorneys' Fees, ECF 211. Plaintiffs obtained default judgment in a total amount exceeding $13,000,000, comprising more than $8,000,000 against the Vuzem Defendants for wage and hour violations, and an additional $5,000,000 against the Vuzem Defendants and Eisenmann for human trafficking. Plaintiffs seek attorneys' fees in the amount of $575,077.50 and costs in the amount $65,597.83. *See id*.

Plaintiffs' costs are detailed in a separately filed Bill of Costs, which properly is directed to the Clerk. *See* Bill of Costs, ECF 212; Civ. L.R. 54-4(b) (providing that Clerk shall consider bill of costs and tax costs). The Clerk has acted on Plaintiffs' Bill of Costs, taxing costs in the amount of $9,790.16. *See* Taxed Costs, ECF 218. Accordingly, the Court addresses only the motion for attorneys' fees in this order.

The Vuzem Defendants have filed opposition to Plaintiffs' fees motion without first seeking to set aside the entry of default and default judgment against them. *See* Vuzem Defs.' Opp., ECF 214. Plaintiffs have filed a reply in which they ask the Court to disregard the opposition, and alternatively address the substantive arguments raised therein. *See* Pls.' Reply, ECF 215. Upon completion of the briefing, the Court vacated the hearing on Plaintiffs' motion, which had been set for October 16, 2025. *See* Order Submitting Motion, ECF 216.

For the reasons discussed below, Plaintiffs' motion for attorneys' fees is GRANTED IN PART. Plaintiffs are awarded total attorneys' fees in the amount of $438,275, comprising $388,325 in attorneys' fees against the Vuzem Defendants and Eisenmann jointly and severally, an additional $26,250 in attorneys' fees against the Vuzem Defendants only, jointly and severally, and an additional $23,700 in attorneys' fees against Eisenmann only.

**I.     BACKGROUND**

This suit was brought on behalf of fourteen individual Plaintiffs and a class of workers who were transported to the United States from their home countries of Bosnia and Herzegovina, the Republic of Slovenia, and Croatia to provide cheap labor for American companies. The corrected first amended complaint ("FAC") alleged that: the Vuzem Defendants employed Plaintiffs and contracted their labor to American companies such as Defendant Tesla, Inc. ("Tesla"). *See* FAC ¶¶ 16-17, ECF 63. A substantial amount of Plaintiffs' labor was performed at Tesla's facility in Fremont, California, and was overseen by Tesla's general contractor, Defendant Eisenmann Corporation ("Eisenmann"). *See id.* Plaintiffs worked more than eight hours per day Monday through Saturday, often worked on Sunday, were paid a flat monthly rate, did not receive minimum or overtime wages, and were not given rest breaks or wage statements. *See id.* ¶¶ 26, 38, 52-57, 61, 65, 70, 81-83.

2

The FAC asserted claims for: (1) minimum wages under the Fair Labor Standards Act ("FLSA"); (2) overtime wages under the FLSA; (3) minimum wages under California law; (4) overtime wages under California law; (5) failure to provide meal breaks and rest periods under California law; (6) failure to provide accurate wage statements under California law; (7) failure to pay waiting time penalties under California law; (8) a class claim for violation of California wage and hour laws; and (9) trafficking and coerced labor under the federal Trafficking Victims Protection Reauthorization Act ("TVPRA") and the California Trafficking Victims Protection Act ("CTVPA"). A tenth claim under California Labor Code § 3706 was remanded to state court early in the case. *See* Order, ECF 42.

The Court granted class certification with respect to Claim 8, a class claim brought by Plaintiff Saša Maslic as the class representative for violations of the California Labor Code. *See* Order, ECF 90. Several defendants, including Tesla, were dismissed from the suit, leaving only the Vuzem Defendants and Eisenmann to defend against Plaintiffs' individual claims and the class claim. *See* Order, ECF 94; Notice, ECF 183. The Vuzem Defendants and Eisenmann defaulted. *See* Clerk's Notices, ECF 68, 125. Thirteen of the fourteen Plaintiffs moved for default judgment on behalf of themselves, and Plaintiff Saša Maslic moved for default judgment on behalf of the certified class. *See* Pls.' Mot. for Default Judgment, ECF 197. The claims of the fourteenth individual Plaintiff, Gogo Rebic, were dismissed for failure to prosecute. *See* Order, ECF 210.

The Court granted the motion for default judgment. *See* Order Granting Mot. for Default Judgment, ECF 207. On Claims 1-7, for violations of the FLSA and California wage and hour laws, the Court entered default judgment for individual Plaintiffs Saša Maslic, Ivan Drzaic, Robert Hernaus, Leopold Hubek, Leon Hudoletnjak, Elvis Koscak, Tomica Panic, Stjepan Papes, Željko Puljko, Darko Šincek, David Štante, Nedeljko Živanic, and Mitja Pogorevc, against the Vuzem Defendants jointly and severally in amounts ranging from approximately $40,000 to $195,000 per individual Plaintiff. *See* Default Judgment, ECF 208. On Claim 8, the Court entered default judgment for Plaintiff Saša Maslic on behalf of the class, against the Vuzem Defendants jointly and severally in the amount of $7,013,991.86. *See id.* On Claim 9, for human trafficking, the Court entered judgment for Plaintiff Saša Maslic individually on his claim under the federal

TVPRA, against the Vuzem Defendants and Eisenmann jointly and severally in the amount of $2,500,000, and against the Vuzem Defendants and Eisenmann separately in the amount of $500,000 each. *See id.*

The Court granted Plaintiffs leave to file a subsequent motion for attorneys' fees. *See* Order Granting Mot. for Default Judgment at 25. Plaintiffs now seek attorneys' fees under fee-shifting provisions of the FLSA, the California Labor Code, and the TVPRA.

## II. LEGAL STANDARD

Under federal law, "[d]istrict courts must calculate awards for attorneys' fees using the lodestar method, and the amount of that fee must be determined on the facts of each case[.]" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks and citations omitted). The lodestar method likewise is used to determine reasonable attorneys' fees under California law. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1134 (2001). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho*, 523 F.3d at 978 (internal quotation marks and citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (internal quotation marks and citation omitted).

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979 (internal quotation marks and citation omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.*

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The court also should exclude from the lodestar calculation any hours that were not reasonably expended. *See id.* at 434.

"When the district court makes its award, it must explain how it came up with the

4

amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "The explanation need not be elaborate, but it must be comprehensible." *Id*. In *Hensley*, the Supreme Court described the district court's task as follows: "A request for attorney's fees should not result in a second major litigation[,]" but the district court should "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

## III. DISCUSSION

Plaintiffs seek attorneys' fees in the amount of $575,077.50 against the Vuzem Defendants and Eisenmann, jointly and severally, based on the Court's entry of default judgment on Plaintiffs' claims under the FLSA, the California Labor Code, and the TVPRA. All of those statutes contain fee-shifting provisions entitling a prevailing plaintiff to an award of reasonable attorneys' fees. *See* 29 U.S.C.A. § 216(a) (FLSA); Cal. Lab. Code §§ 218.5, 1194(a) (California Labor Code); 18 U.S.C. § 1595(a) (TVPRA).

The Vuzem Defendants have filed opposition to the motion, arguing that Plaintiffs' request for attorneys' fees is based on an excessive number of hours, representing duplicative work and/or work unrelated to the Vuzem Defendants. The Vuzem Defendants also challenge the adequacy of Plaintiffs' documentation regarding their attorneys' fees. The Vuzem Defendants contend that any lodestar amount should be adjusted downward because the issues in this case were not complex, judgment was obtained by default, and many of Plaintiffs' claims were barred by the statute of limitations. Finally, the Vuzem Defendants argue that Plaintiffs have made an inflated "fees-on-fees" request, that is, request for attorneys' fees incurred in filing the present motion for attorneys' fees.

In reply, Plaintiffs ask the Court to disregard the Vuzem Defendants' opposition on procedural grounds, arguing that defaulting defendants are not entitled to participate in litigation unless and until the default has been set aside. Plaintiffs also respond to the substance of the opposition, arguing that the Vuzem Defendants grossly understate the work done by Plaintiffs' counsel to litigate this case, which includes a class action claim against foreign defendants.

### A. Plaintiffs' Procedural Objection to Vuzem Defendants' Opposition

Plaintiffs assert that the Vuzem Defendants' opposition to the attorneys' fees motion

1  should not be considered in light of the facts that the Clerk entered default against them more than
2  three years ago, *see* Clerk's Notice, ECF 68, the Court entered default judgment against them
3  almost three months ago, *see* Default Judgment, ECF 208, and they have not moved to set aside
4  either the Clerk's entry of default or the Court's entry of default judgment.

5        The parties have not cited, and this Court has not discovered, controlling authority
6  addressing a defaulting defendant's right (if any) to litigate motions after entry of default or
7  default judgment. However, numerous district courts in this circuit have held that "[t]he Clerk of
8  Court's entry of default cuts off a defendant's right to appear in an action." *Verliant Energy, Inc.*
9  *v. Barry*, No. 14-CV-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015) (internal
10 quotation marks and citation omitted); *see also Welter v. Hurt*, No. 2:23-CV-02627-SPG-MAR,
11 2024 WL 5372399, at *1 n.1 (C.D. Cal. Dec. 16, 2024) ("[E]ntry of default by the Clerk of Court
12 cuts off a defendant's right to appear in an action."); *Transamerica Life Ins. Co. v. Shubin*, No.
13 1:11-CV-01958-LJO, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012) ("The Clerk of Court's
14 entry of default cuts off a defendant's right to appear in an action.").

15       "A defendant's remedy if a defendant wants to set aside default . . . is for the defendant to
16 file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil
17 Procedure." *Oliver v. All-Pro Bail Bonds, Inc.*, No. 17-CV-1294-AJB-NLS, 2017 WL 11421541,
18 at *1 (S.D. Cal. Aug. 16, 2017). Where default judgment has been entered, the defendant may
19 seek relief under Federal Rule of Civil Procedure 60. *See* Fed. R. Civ. P. 55(c) (providing that a
20 court "may set aside a final default judgment under Rule 60(b)").

21       Plaintiffs point out that the Vuzem Defendants clearly understood the necessity of filing a
22 motion to set aside the default, as their counsel contacted the court by email on July 30, 2025, to
23 request a hearing date for such a motion. *See* Dresser Reply Decl. ¶¶ 3-6 & Ex. A (email), ECF
24 215-1. The undersigned's Courtroom Deputy Clerk responded by email the next day, on July 31,
25 2025, advising the Vuzem Defendants' counsel that October 16, 2025 had been reserved for a
26 hearing on the Vuzem Defendants' motion to set aside the default. *See id.* Ex. C (email). The
27 Courtroom Deputy Clerk also advised the Vuzem Defendants' counsel that the motion to set aside
28 default had to be filed within 14 days, or the reservation would expire. *See id.* No motion was

6

filed within that 14-day window.  In fact, the Vuzem Defendants' counsel did not enter an appearance on behalf of the Vuzem Defendants until almost a month later, on August 28, 2025. *See* Notice of Appearance, ECF 213.  The Vuzem Defendants never filed the required motion to set aside the default, and instead filed an opposition to Plaintiffs' motion for attorneys' fees.

Under these circumstances, the Court finds that the Vuzem Defendants are not entitled to file opposition to Plaintiffs' motion for attorneys' fees.  They are in default and have not sought to set aside the Clerk's entry of default or the Court's entry of default judgment against them.  The Vuzem Defendants have not cited any authorities that would support consideration of their opposition on this record.  Accordingly, the Vuzem Defendants' opposition to Plaintiffs' motion for attorneys' fees will not been considered by the Court.

### B. Merits of Plaintiffs' Motion for Attorneys' Fees

Treating Plaintiffs' motion for attorneys' fees as unopposed does not relieve the Court of its obligation to assure that the claimed attorneys' fees are reasonable.  District courts have an independent duty "to ensure that claims for attorneys' fees are reasonable," and "do[] not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case[.]"  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (internal quotation marks and citations omitted).

Plaintiffs seek an award of $575,077.50 against the Vuzem Defendants and Defendant Eisenmann, jointly and severally.  The Court first discusses the statutory provisions authorizing attorneys' fees in this case.  Next, the Court considers the reasonableness of Plaintiffs' request for fees.

#### 1. Fee-Shifting Provisions of the FLSA, California Law, and TVPRA

Plaintiffs obtained default judgment against the Vuzem Defendants on Claims 1-9 of the FAC, and obtained default judgment against Eisenmann on Claim 9 of the FAC.

Claims 1-2 were brought under the FLSA, for unpaid minimum wages and unpaid overtime wages, respectively.  The FLSA provides for an award of attorneys' fees to the prevailing plaintiff in actions for unpaid minimum or overtime wages.  *See* 29 U.S.C.A. § 216(a) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiffs therefore are entitled to recover reasonable attorneys' fees incurred litigating Claims 1-2 against the Vuzem Defendants.

Claims 3-8 were brought under the California Labor Code. California law provides for an award of attorneys' fees to a prevailing plaintiff in an action for unpaid minimum or overtime wages, as asserted in Claims 3 and 4 of the FAC. *See* Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."). California law also provides for an award of attorneys' fees in an action for failure to provide accurate wage statements, as asserted in Claim 6 of the FAC. *See* Cal. Lab. Code § 226(e)(1). And, California law provides for an award of attorneys' fees in an action for the non-payment of wages, which encompasses Claim 7 for failure to pay waiting time penalties. *See* Cal. Lab. Code § 218.5(a); *Pavillard v. Ignite Int'l, Ltd.*, No. 22-55633, 2023 WL 7981823, at *1 (9th Cir. Nov. 17, 2023) (affirming award of attorneys' fees under § 218.5 for party who prevailed on claim for waiting time penalties). Claim 8 asserted class claims under those same provisions of the California Labor Code. Plaintiffs therefore are entitled to recover reasonable attorneys' fees incurred litigating Claims 3, 4, 6, 7, and 8 against the Vuzem Defendants.[1]

Claim 9 was brought under the TVPRA, which provides that a prevailing plaintiff may recover reasonable attorneys' fees. *See* 18 U.S.C. § 1595(a). Plaintiffs therefore are entitled to recover reasonable attorneys' fees incurred litigating Claim 9 against the Vuzem Defendants and Eisenmann.

### 2. Reasonable Attorneys' Fees in this Case

Having determined that Plaintiffs are entitled to recover reasonable attorneys' fees on their claims under the FLSA, the California Labor Code, and the TVPRA, the Court turns to the

---

[1] Plaintiffs do not seek attorneys' fees in connection with the Court's entry of default judgment against the Vuzem Defendants on Claim 5, for failure to provide meal and rest breaks, or Claim 8, to the extent the class claim is based on failure to provide meal and rest breaks. *See* Pls.' Mot. for Attorneys' Fees at 4.

8

calculation of a reasonable attorneys' fees award in this case. As discussed above, the Court begins with the lodestar, which is calculated by multiplying the number of hours Plaintiffs reasonably expended on the litigation by a reasonable hourly rate. *See Camacho*, 523 F.3d at 978. The Court then determines whether any adjustment to the lodestar is warranted.

### a. Hours Expended on the Litigation

Plaintiffs seek fees for 1,023 hours expended by their counsel, William C. Dresser; 1,326 hours expended by two paralegals in Mr. Dresser's office, Andrea Anderson and Debra Lumley; and 202 hours expended by another law firm, Hunter Pyle Law. Plaintiffs submit a summary chart of hours spent by these legal services providers, broken down by major tasks, with supporting evidence. *See* Dresser Decl. & Exs. 101 (Dresser billing records), 102 (check showing payment to Hunter Pyle Law), 103 (Hunter Pyle Law billing records), 104 (summary chart), ECF 211-1.

As discussed below, the Court finds that the hours expended by Hunter Pyle Law were for a different lawsuit, and that Plaintiffs may not recover fees for those hours in this action. The Court finds that the hours expended by Mr. Dresser and his firm's paralegals were reasonably expended in this action, but that not all hours were spent pursuing claims against the Vuzem Defendants and/or Eisenmann. The Court first discusses the hours expended by Hunter Pyle Law, and then the hours expended by Mr. Dresser's firm.

### i. Hunter Pyle Law

Plaintiffs request fees for 202 hours of time that the law firm Hunter Pyle Law spent "in preparing questionnaires, communications with putative class members including with an interpreter, and preparing a motion for class judgment in the *US ex rel Lesnik* action." Dresser Decl. ¶ 29 (italics added) & Ex. 104 (summary chart). The *Lesnik* action was another case litigated in this district against the Vuzem Defendants, Eisenmann, Tesla, and others based on the alleged transportation of European laborers to the United States to perform work for American companies for less than minimum wage and without overtime pay. *See Lesnik, et al. v. Eisenmann SE, et al.*, No. 16-cv-01120-BLF. Hunter Pyle Law performed work in that action between February 2020 and April 2020. *See* Dresser Decl. Ex. 103 (Hunter Pyle Law billing records). Mr. Dresser paid Hunter Pyle Law for their services in the *Lesnik* action by check dated May 12, 2020.

9

*See id.* Ex. 102 (check showing payment to Hunter Pyle Law).

The Court is at a loss to understand why Plaintiffs in the present action are seeking recovery of attorneys' fees in *this* action for work performed by Hunter Pyle Law in the *Lesnik* action. Any motion for attorneys' fees incurred in the *Lesnik* action had to be "filed no later than 14 days after the entry of judgment" in the *Lesnik* action, unless the deadline to file such motion was extended by the court. Fed. R. Civ. P. 54(d)(2)(B)(i). Plaintiffs requested attorneys' fees in *Lesnik*, which request was granted in part by the Court, and an award of attorneys' fees in the amount of $254,550 was incorporated into the final judgment issued on July 17, 2023 in the *Lesnik* action. Mr. Dresser states that the fees paid to Hunter Pyle Law in the *Lesnik* action were not sought in a fee motion filed in the *Lesnik* action. *See* Dresser Decl. ¶ 28. The *Lesnik* plaintiffs' failure to seek attorneys' fees paid to Hunter Pyle Law waived any claim to those attorneys' fees, which may not be recovered in a later action as the Maslic plaintiffs attempt to do here. *See Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1122 (9th Cir. 2004) ("By failing to file an appropriate motion within the relevant time limit . . . the Port waived any claim to attorneys' fees arising out of the original litigation, and therefore cannot recover them in this new action.").

Mr. Dresser asserts that the work done by Hunter Pyle Law in the *Lesnik* action was "used directly in the motion for class certification and the motion for judgment in this action." Dresser Decl. ¶ 29. The fact that Mr. Dresser was able to utilize Hunter Pyle Law's work product from the *Lesnik* action to aid him in litigating the present action does not provide a basis for recovery of Hunter Pyle Law's fees in the present action. Under the authorities discussed above, those fees had to be sought (if at all) in the *Lesnik* action in which they were incurred.

Accordingly, the Court will not grant fees for any hours expended by Hunter Pyle Law.

### ii.     Mr. Dresser's Firm

Plaintiffs' summary chart of major tasks and supporting billing records show that their counsel, Mr. Dresser, has spent 1,023 hours on this case and that Andrea Anderson and Debra Lumley, paralegals at Mr. Dresser's firm, have spent 1,326 hours on this case. *See* Dresser Decl. Exs. 101 (Dresser billing records), 104 (summary chart). Paralegal fees are recoverable under fee-

10

1  shifting statutes under both federal law and California law. *See Missouri v. Jenkins by Agyei*, 491
2  U.S. 274, 287 (1989) (approving compensation of paralegals and law clerks at market rates);
3  *Fleming v. Covidien, Inc.*, No. CV 10-01487-RGK-OP, 2013 WL 12246624, at *5 (C.D. Cal. Nov.
4  7, 2013) ("It has become commonplace for California courts to award paralegals' fees when
5  awarding attorneys' fees under fee-shifting statutes.").

Plaintiffs' summary chart reflects that the hours expended by Mr. Dresser's firm were devoted to the following tasks:

| Task | Mr. Dresser | Paralegals |
|---|---|---|
| Compl. & Pre-Compl. Investigation | 135 | 22 |
| Service | 25 | 190 |
| Discovery, including discovery motions | 220 | 50 |
| Settlement Efforts | 32 | 4 |
| Client Communication | 55 | 25 |
| Motion to Remand | 32 | 12 |
| Motion to Dismiss | 25 | 8 |
| Motion for Summary Judgment | 160 | 85 |
| Class motions | 60 | 30 |
| Motion for Default Judgment | 210 | 660 |
| Other motion practice | 20 | 20 |
| Motion for Fees, including Bill of Costs | 49 | 220 |
| Total Hours | 1,023 | 1,326 |

The Court is satisfied that the time spent on this case by Mr. Dresser's firm is adequately documented. For the most part, the attorney and paralegal hours reflected in the summary chart are supported by contemporaneous billing records. *See* Dresser Decl. Ex. 101 (Dresser billing records), 104 (summary chart). The summary chart includes 140 hours not documented in the contemporaneous billing records, comprising 100 hours that Mr. Dresser spent on pre-complaint

11

investigation and the complaint, and 40 hours that he spent on the present fees motion. *See* Dresser Decl. ¶¶ 22-26, 138. Mr. Dresser's failure to submit billing records is not fatal to Plaintiffs' request for fees for those 140 hours. While the Ninth Circuit has expressed a preference for contemporaneous billing records it has "never held that they are absolutely necessary." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). Fee requests can be based on reconstructed records. *See id.* Alternatively, the court may accept a summary chart submitted by counsel, "simply listing his hours and identifying the general subject matter of his time expenditures." *Id.* (internal quotation marks, citation, and brackets omitted). The Court finds that the summary chart, which is largely supported by contemporaneous billing records, is sufficient to document Mr. Dresser's hours in this case as well as the hours spent by his firm's paralegals. *See id.* (concluding that "a summary of the time spent on a broad category of tasks" was sufficient to support a fee award).

The Court likewise is satisfied that the hours expended by Mr. Dresser's firm on the identified tasks were reasonably incurred in pursuing claims against the Vuzem Defendants and/or Eisenmann, with the exception of the hours spent litigating Tesla's motion for summary judgment. Tesla's motion for summary judgment was filed after the Vuzem Defendants and Eisenmann defaulted, and the Court's order on the motion was limited to Plaintiff Maslic's individual claim against Tesla for human trafficking. *See* Order, ECF 155. The Court finds that the fees Plaintiffs incurred in litigating Tesla's motion may not be recovered from the Vuzem Defendants or Eisenmann.

With respect to the remaining claimed hours, Mr. Dresser explains in his declaration why it was necessary for his firm to spend so much time litigating this case, pointing out among other things that there were unique issues arising from the fact that Plaintiffs and the Vuzem Defendants were foreign nationals, which complicated communication with Plaintiffs and service of process on the Vuzem Defendants. *See id.* ¶¶ 44-66, 84-89. There was substantial motion practice, and significant amount of discovery was taken. *See id.* ¶¶ 67-83, 90-98 103-06.

The Court observes that at first blush, the 220 hours of attorney time and 660 hours of paralegal time spent on the motion for default judgment appear to be excessive. However, that

motion required proof of damages for the individual Plaintiffs and the class in a complicated case involving wage theft and human trafficking. The record shows that Plaintiffs submitted thousands of pages of documents to support default judgment on those claims. Accordingly, although the hours claimed in connection with the motion for default judgment are high, the Court is satisfied that the time expended was reasonable for the tasks performed. And the Court notes with approval that Mr. Dresser assigned the bulk of those tasks to paralegals who billed at a modest hourly rate.

Based on the foregoing, the Court will award attorneys' fees to Plaintiffs for 863 hours of attorney time (1,023 claimed hours – 160 hours billed on Tesla's summary judgment motion) and 1,241 hours of paralegal time (1,326 claimed hours – 85 hours billed on Tesla's summary judgment motion).

### b. Rates

The next step in the lodestar calculation is to determine whether the requested hourly rates, $400 for Mr. Dresser and $75 for his firm's paralegals, are reasonable. Specifically, the Court must determine whether the requested rates are comparable to the rates charged by attorneys and paralegals of similar skill and experience in the relevant community, which in this case is the Northern District of California. *Camacho*, 523 F.3d at 979.

A plaintiff may establish the market rates in the relevant community either by submitting a declaration of counsel, or by citing rate determinations in other cases. *See Moralez v. Monterey Plaza Hotel Ltd. P'ship*, No. 22-CV-07540-SK, 2025 WL 2469334, at *2 (N.D. Cal. Aug. 27, 2025). Plaintiffs rely on the declaration of their counsel, Mr. Dresser, who states that he has more than 30 years of experience and that San Francisco attorneys with comparable experience typically earned more than $1,100 per hour between June 2024 and May 2025. *See* Dresser Decl. ¶¶ 108, 120. Mr. Dresser points out that his hourly rate of $400, which he has charged since 2018, is less than half that amount. *See id.* ¶¶ 107, 122. Mr. Dresser also states that Ms. Anderson and Ms. Lumley are experienced paralegals, and that his office has billed paralegal work at $75 per hour for the last ten years. *See id.* ¶¶ 123-128. This Court recently found that Mr. Dresser's hourly rate of $400, and his paralegals' hourly rate of $75, are reasonable and fall within the market rates for experienced Bay Area attorneys and paralegals handling labor cases. *See Lesnik v. Eisenmann SE*,

No. 16-CV-01120-BLF, 2023 WL 4477211, at *3 (N.D. Cal. July 11, 2023) ("[T]he Court will award attorneys' fees based on the requested hourly rate of $400."); *Novoselac v. Vuzem*, No. 21-CV-08654-BLF, 2023 WL 3899011, at *11 (N.D. Cal. June 7, 2023) ("[T]he Court will award fees based on the requested rates of $400 for counsel and $75 for paralegals.").

Accordingly, the Court will award attorneys' fees based on the requested rates of $400 for Mr. Dresser and $75 for his firm's paralegals.

### c.  Lodestar in this Case

Based on the foregoing the Court determines that the lodestar in this case is $438,275, comprising fees in the amount of $345,200 (863 hours of attorney time x $400) and paralegal fees in the amount of $93,075 (1,241 hours of paralegal time x $75). "[T]he lodestar figure is presumptively a reasonable fee award[.]" *Camacho*, 523 F.3d at 978 (internal quotation marks and citation omitted). The Court may adjust the lodestar up or down in appropriate circumstances, to account for factors that are not subsumed within the lodestar calculation. *See id.* Plaintiffs have not requested an adjustment to the lodestar, and have not provided a factual basis for any such adjustment. Accordingly the Court finds that it is reasonable to award attorneys' fees in the lodestar amount of $438,275.

### 3.  Apportionment of Attorneys' Fees Award

Plaintiffs requests that attorneys' fees be awarded against the Vuzem Defendants and Eisenmann jointly and severally. While the Court agrees that joint and several liability is appropriate as to the bulk of the attorneys' fees award, it is clear from the record that some fees cannot be attributed to Plaintiffs' pursuit of claims against the Vuzem Defendants, while other fees cannot be attributed to Plaintiffs' pursuit of claims against Eisenmann. Consequently, the Court considers whether apportionment of some fees is appropriate.

"In deciding whether apportionment is mandated, the court focuses on the time expended by the plaintiff in pursuing each defendant, rather than on relative liability." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1075 (9th Cir. 2005). Apportionment is required "when the *time expended* by the plaintiff in pursuing each defendant was grossly unequal." *Corder v. Gates*, 947 F.2d 374, 383 (9th Cir. 1991). "Apportionment is mandated in these situations in order to ensure that a

defendant is not liable for a fee award greater than the actual fees incurred against that defendant." *Jones v. Espy*, 10 F.3d 690, 691 (9th Cir. 1993).

Having considered the record as a whole, the Court finds that the attorney hours and paralegal hours expended on most of the major tasks in the case were spent pursuing claims against both Eisenmann and the Vuzem Defendants. The major tasks relating to those defendants, collectively, include: Compl. and Pre-Compl. Investigation; Service; Discovery, including discovery motions; Client Communication; Motion to Remand; Motion for Default Judgment; Other motion practice; and Motion for Fees including Bill of Costs. The time spent on those tasks includes 746 hours of attorney time and 1,199 hours of paralegal time, for which the Court will award fees in the amounts of $298,400 (746 hours x $400) and $89,925 (1,199 x $75), respectively. The Court awards those fees to Plaintiffs and against Eisenmann and the Vuzem Defendants, jointly and severally, in the amount of $388,325 ($298,400 for attorney time + $89,925 for paralegal time).

The Court finds that hours expended on the Class motions were spent pursuing the litigation against the Vuzem Defendants but not Eisenmann. The class claim was asserted only against the Vuzem Defendants at the time the motions in question were brought. The time spent on the Class motions includes 60 hours of attorney time and 30 hours of paralegal time, for which the Court will award fees in the amounts of $24,000 (60 hours x $400) and $2,250 (30 hours x $75), respectively. The Court awards those fees to Plaintiffs and against the Vuzem Defendants only, jointly and severally, in the amount of $26,250 ($24,000 for attorney time + $2,250 for paralegal time).

The Court finds that hours expended on Settlement Efforts and the Motion to Dismiss were spent pursuing claims against Eisenmann but not the Vuzem Defendants. The Vuzem Defendants never responded to the complaint and were not involved in settlement or the motion to dismiss. The time spent on those tasks includes 57 hours of attorney time and 12 hours of paralegal time, for which the Court will award fees in the amounts of $22,800 (57 hours x $400) and $900 (12 hours x $75), respectively. The Court awards those fees to Plaintiffs and against Eisenmann only in the amount of $23,700 ($22,800 for attorney time + $900 for paralegal time).

## IV. ORDER

(1) Plaintiffs' motion for attorneys' fees is GRANTED IN PART. Plaintiffs are awarded total attorneys' fees in the amount of $438,275, as follows:

    (a) The Court awards attorneys fees' in the amount of $388,325 against Defendants ISM Vuzem, d.o.o., Ivan Vuzem, Robert Vuzem, and HRID-Mont, d.o.o., and Eisenmann Corporation, jointly and severally;

    (b) The Court awards additional attorneys' fees in the amount of $26,250 against Defendants ISM Vuzem, d.o.o., Ivan Vuzem, Robert Vuzem, and HRID-Mont, d.o.o. only, jointly and severally; and

    (c) The Court awards additional attorneys' fees in the amount of $23,700 against Eisenman Corporation only.

(2) Plaintiffs SHALL file a proposed amended default judgment, incorporating this award of attorneys' fees, as soon as is practicable.

(3) This order terminates ECF 211.

Dated: November 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge